Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com
50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice* forthcoming)
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice* forthcoming)
jyates@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice* forthcoming)
kcameron@pattersonsheridan.com
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846
*Attorneys for Defendant*
*Qualcomm Incorporated*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>　　　　　*Pro Se* Plaintiff,<br><br>vs.<br><br>QUALCOMM INC.,<br><br>　　　　　Defendant. | Case No.: 4:22-cv-03283-KAW<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>[Filed concurrently:  Memorandum of Points and Authorities in Support; Proposed Order; Proof of Service]<br><br>Date:　　　　October 6, 2022<br>Time:　　　　1:30pm<br>Courtroom:　TBD<br>Judge:　　　Honorable Kandis A. Westmore |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF THE ISSUES ..........................................................................1

III. FACTUAL BACKGROUND: PLAINTIFF'S HISTORY OF FRIVOLOUS
     LITIGATION ........................................................................................................2

IV.  LEGAL STANDARD ...........................................................................................6

V.   ARGUMENT .........................................................................................................8

     A.  THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION ..........8

         1.  Federal Courts Do Not Have Subject Matter Jurisdiction
             Over Frivolous Claims.............................................................................8

         2.  Issue Preclusion Bars Plaintiff From Litigating Subject
             Matter Jurisdiction ...............................................................................15

         3.  Plaintiff Lacks Standing to Bring Antitrust Claims ...........................15

     B.  THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF
         MAY BE GRANTED ...................................................................................16

         1.  Plaintiff Failed to State a Claim of Direct Infringement....................16

         2.  The Complaint Fails to Plead Enough Facts to Support the
             Claim of Indirect Infringement ...........................................................19

         3.  Plaintiff Fails to State a Claim for Antitrust Violation .....................21

         4.  The Non-Patent Claims Should be Dismissed Because They Are
             Wholly Dependent Upon Defective Patent Infringement Claims....................21

         5.  Plaintiff's Claims are Time Barred .......................................................22

VI.  CONCLUSION ....................................................................................................22

# TABLE OF AUTHORITIES

Page

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)..........................................................................7, 14

*Arnold v. United States*, No. 19-cv-4223, 2020 U.S. Dist. LEXIS 25392
    (N.D. Cal. Feb 13, 2020).............................................................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................7, 8, 17, 21

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................7, 8, 21

*Bell v. Hood*, 327 U.S. 678 (1946)...........................................................................................7

*Bender v. LG Elecs. U.S.A.*, Inc., 2010 U.S. Dist. LEXIS 33075
    (N.D. Cal. March 11, 2010) ....................................................................................................16

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) ..............................................6

*Bird v. United States*, 51 Fed. Cl. 536 (C. Cl. 2002) ...........................................................18

*Bowser, Inc. v. United States*. 420 F.2d 1057 (C. Cl. 1970).....................................................18

*Creagri, Inc. v. Pinnaclife Inc.*, 2013 U.S. Dist. LEXIS 427
    (N.D. Cal. January 1, 2013) ..................................................................................................20

*Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987)...........................................................15

*First Data Corp. v. Inselberg*, 870 F.3d 1367 (Fed. Cir. 2017)..............................................7

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) ...............................................20

*FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019) ..........................................13

*FTC v. Qualcomm Inc.*, 969 F.3d 974, 982 (9th Cir. 2020)...........................................13-14, 21

*Golden v. Apple Inc.*, et al., No 6:19-cv-02557-DCC, 2020 U.S. Dist. LEXIS 12940 (D.S.C.
    2020) ....................................................................................................................................... 3-4

*Golden v. Apple Inc.*, 819 Fed. Appx. 930 (Fed. Cir. 2020),
    *cert. denied* 141 S. Ct. 1067............................................................................................ 4, 10, 17-19

*Golden v. Apple Inc. et al.*, No.: 6:20-cv-02270-JD-KFM, 2021 U.S. Dist.
    LEXIS 178626, at *7 (D.S.C Sept. 20, 2021) *aff'd Golden v. Apple, Inc. et al.*,
    No. 21-2160, 2022 U.S. App. LEXIS 8656 (4th Cir. Mar. 31, 2022) ..................... 4-5, 12

*Golden v. Apple Inc. et al.*, 6:20-cv-04353-JD-KFM, 2021 U.S. Dist. LEXIS
    211540 (D.S.C. Nov. 2, 2021) *appeal docketed* Fed. Cir. No. 22-1229 ......................5, 11

*Golden v. Apple Inc.*, Case 5:22-cv-04152-VKD (July 15, 2022) ...............................6

*Golden v. Google, LLC*, No. 6:21-cv-00244-JD-KFM, 2021 U.S. Dist. LEXIS
    210872 (D.S.C. Nov. 2, 2021) .........................................................6

*Golden v. Intel Corp.*, No. 5:22-cv-03828-NC (June 8, 2022) ...............................6

*Golden v. United States*, 156 Fed. Cl. 623 (C. Cl. 2021) *appeal pending*
Fed. Cir. No. 2022-1196  ...............................................................2, 18, 22

*Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020)...............................2

*Golden v. United States*, 137 Fed. Cl. 155 (C. Cl. 2018)...............................3

*Hagans v. Lavine*, 415 U.S. 528 (1974)........................................7

*Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, 2018 U.S. Dist. LEXIS 122967
    (N.D. Cal. July 23, 2018) .............................................................20

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...............................16

*Kamilche Co. v. United States*, 53 F.3d 1059 (9th Cir. 1995) ...............................15

*Mast v. Long*, 84 F. Appx. 786 (9th Cir. 2003)........................................15

*Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337 (2018)...............................16, 20

*Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990) ...............................8

*Rivera v. Patel*, No. 16-cv-304, 2016 U.S. Dist. LEXIS 150682
    (N.D. Cal. Oct. 31, 2016).............................................................6

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762
    (N.D. Cal. Oct. 28, 2020)............................................................19

*Sentius Int'l, LLC v. Apple Inc.*, 2020 U.S. Dist. LEXIS 192203, at *5
    (N.D. Cal. Oct. 15, 2020)............................................................19

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)........................7, 15

*The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22 (1913)...............................7

iii

*Uniloc U.S.A., Inc. v. Logitech, Inc.*, No. 18-CV-01304, 2018 U.S. Dist. 197194
    (N.D. Cal. Nov. 17, 2018)...................................................................................20

*U.S. Dep't of Homeland Sec. v. Golden*, No. IPR2014-00714 ....................................................2

**Statutes**

Fed. R. Civ. P. 12(b)(1)...............................................................................................1, 22

Fed. R. Civ. P. 12(b)(6)........................................................................................... *passim*

15 U.S.C. §15(b) ....................................................................................................22

35 U.S.C. §286........................................................................................................22

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Defendant Qualcomm Incorporated ("Qualcomm") hereby moves pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Plaintiff's Original Complaint for Antitrust Law Violations and Patent Infringement.  Dkt. 1.

## I.    INTRODUCTION

Plaintiff is a serial filer of frivolous complaints relating to his patent portfolio.  Plaintiff now brings patent infringement, antitrust, and unjust enrichment claims, which were already dismissed as frivolous in the District of South Carolina against Qualcomm.  Plaintiff has filed, and will likely continue to file, additional frivolous suits before this Court now that he has worn out his welcome in South Carolina.

The egregiousness of Plaintiff's litigation behavior is further evidenced by Plaintiff's delay in filing its certificate of service and returning the executed summons.  On July 19, 2022, Plaintiff filed a certificate of service and executed summons indicating Qualcomm was served on June 28, 2022—21 days earlier (Dkt. 5), which, if true, would render Plaintiff's answer due the very same day Plaintiff filed the executed summons—July 19, 2022.  But, the June 28, 2022 date of service upon a "Jane Doe" is not correct.  As set forth in the declaration of Elizabeth Ann Crowe submitted herewith. Qualcomm was not served until July 7, 2022—nine days after the date alleged in Plaintiff's certificate of service—rendering Qualcomm's response due July 28, 2022.

Qualcomm respectfully requests that the Court put a stop to Plaintiff's behavior, specifically by dismissing Plaintiff's Complaint in its entirety **with prejudice** and sanctioning Plaintiff for his baseless, vexatious litigation.

## II.    STATEMENT OF THE ISSUES

1.    Whether the court has subject matter jurisdiction over Plaintiff's claims pursuant to Rule 12(b)(1) due to the frivolity of the Complaint and his lack of standing to bring antitrust claims?

2.    Whether Plaintiff is collaterally estopped from arguing subject matter jurisdiction

based on the frivolity of his claims?

3.    Whether Plaintiff fails to state a claim for direct infringement, divided infringement, indirect infringement pursuant, or antitrust violation pursuant to Rule 12(b)(6)?

## III.    FACTUAL BACKGROUND:  PLAINTIFF'S HISTORY OF FRIVOLOUS LITIGATION

Plaintiff has a long history of filing frivolous complaints that never pass the pleading stage. This case is no different.

In 2013, Plaintiff sued the United States Government, alleging "the United States, through the Department of Homeland Security, has caused cell phone manufacturers to produce devices that infringe on one or more of his patents." *Golden v. United States*, 156 Fed. Cl. 623, 625 (C. Cl. 2021) *appeal pending* Fed. Cir. No. 2022-1196 (Case 1).  One of these entities was Qualcomm. The case was dismissed *with prejudice* after **six** amended complaints, and Plaintiff never came up with "a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government."  *Id.* at 632. ("Enough time and resources have been expended by the court and the Department of Justice dealing with these allegations. Because plaintiff has failed to conform his preliminary infringement contentions with Patent Rule 4 and has failed to follow a court order in that regard, the case must be dismissed.").

Before Case 1 was decided, Plaintiff filed a second complaint with the Court of Federal Claims "seeking 'reasonable and entire compensation for the unlicensed use and manufacture' of his 'inventions described in and covered by' various patents." *Golden v. United States*, 955 F.3d 981, 983 (Fed. Cir. 2020) (Case 2).  His complaint was dismissed by the Federal Court of Claims, and the decision was affirmed by the Federal Circuit. *Id.* at 983.

After years of litigation, including the institution of an *inter partes* review of the U.S. Pat. No. Re 43,990 by the DHS,[1] Plaintiff sent the following in an email to the Department of Justice on August 24, 2017 in the midst of his litigation of Case 1:

> As you know my strategy was to continue submitting claims of "takings" and "infringement" for as long as the Government

---

[1] *See U.S. Dep't of Homeland Sec. v. Golden*, No. IPR2014-00714 (P.T.A.B. filed April 30, 2014) (resulting in the cancellation of claims 11, 74, and 81 of U.S. Patent No. RE43,990).

continued to prolong this case.  (*Larry Golden v. The United States*: Case # 13-307 C).  With that said, of course you know the claims ha[ve] moved from twelve (12) claims of "takings" and "infringement" that began in the year 2013, to seventy-two (72) claims of "takings" and "infringement" as of this year 2017.

The Judge has ordered a final complaint and a final claim chart that was due on August 15. 2017.  **Because of the Judge order I can no longer continue my strategy of introducing new "takings" and "infringement" claims or new patents and patent claims.**

**Therefore, I have changed my strategy.  My new strategy is to file a complaint(s) in Federal District Court against Apple, Samsung, LG, Panasonic, and Motorola for Patent infringement on March 1, 2018**.  The strategy here is to force Apple, Samsung, and LG to decide between one or two choices: (1) In an effort to avoid any responsibility for infringement or liability of paying hundreds of billions of dollars in damages, the companies cho[o]se to throw the Government under the bus by presenting evidence that they were under contract to develop and manufacture devices that infringes my communication/monitoring device.  If they cho[o]se this option it makes them a witness for me in my current case (*Larry Golden v. The United States*; Case # 13-307 C).  (2) Deny the allegations of infringement.  In this case I will present evidence to support the fact that the companies were under contract with the Government to develop and manufacture devices that infringe[] my communication/monitoring device, but that the companies decided to continue to develop and manufacture my communication/monitoring device beyond the specifications agreed upon with the Government, even after I notified the companies in 2010 to stop their manufacturing.  If they chos[o]e this option it opens the companies up to willful infringement and the possibility of a temporary injunction to stop the manufacturing and development of my communication/monitoring device.  If you were Apple, Samsung, and LG which option would you cho[o]se.

*Golden v. United States*, 137 Fed. Cl. 155, 167-168 (C. Cl. 2018) (Memorandum Opinion And Order Granting-in-Part and Denying-in-Part the Government's Motion for Partial Dismissal of Case 1) (alterations in original).

Plaintiff made good on his word, and has filed several additional suits relating to the infringement of his patents.  On September 11, 2019, Plaintiff filed his third case (Case 3) in this saga: a patent infringement lawsuit against Qualcomm and fifteen other companies (including those referenced in the email to the DOJ) in the District of South Carolina. *Golden v. Apple Inc.*,

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

et al., No 6:19-cv-02557-DCC, 2020 U.S. Dist. LEXIS 12940, *1 (D.S.C. 2020).  The court's local practice is to have a magistrate judge screen all cases filed by a *pro se* plaintiff before the clerk of court is permitted to issue the summons.[2]  Unamused, the Magistrate recommended that the complaint is subject to dismissal because the "claims appear patently frivolous."  Report and Recommendation, *Golden v. Apple Inc.*, *et al*., No. 6:19-cv-2557, ECF No. 12, at 3 (D.S.C. Oct. 1, 2019).  The Magistrate recommended that the complaint be dismissed for failure to state a claim for relief and also warned Golden of possible Rule 11 sanctions—citing his email to the DOJ.  *Id.* at 4-6.  The Plaintiff amended his complaint, but failed to cure the defects.  *See* Exhibit 1[3] (Case 3 amended complaint).  The Magistrate recommended that the amended complaint be dismissed as being duplicative with Case 1.  Report and Recommendation, *Golden v. Apple Inc.*, *et al*., No. 6:19-cv-2557, ECF No. 27, 2020 U.S. Dist. LEXIS 26613, at *8-9 (D.S.C. January 9, 2020).  The District Court dismissed Plaintiff's case without prejudice as duplicative in view of his pending case in the Court of Federal Claims.  *Golden v. Apple Inc.*, 819 Fed. Appx. 930, 930 (Fed. Cir. 2020), *cert. denied* 141 S. Ct. 1067.  Plaintiff appealed to the Federal Circuit, which affirmed the decision to dismiss without prejudice on the basis of **frivolousness**—rather than duplicity.  *Id.* at 931 ("[W]e agree with the magistrate judge's conclusion that 'the plaintiff's vague and conclusory allegations fail to state a claim for relief.'").

Six months after the District of South Carolina dismissed his first case, Golden filed his fourth suit (Case 4) against similar defendants, including Qualcomm, alleging various violations of state and federal antitrust law.  *Golden v. Apple Inc. et al.*, No.: 6:20-cv-02270-JD-KFM, 2021 U.S. Dist. LEXIS 178626, at *7 (D.S.C Sept. 20, 2021) *aff'd Golden v. Apple, Inc. et al.*, No. 21-2160, 2022 U.S. App. LEXIS 8656 (4th Cir. Mar. 31, 2022).  *See* Exhibit 2 (Case 4 complaint).  The Magistrate recommended dismissal as frivolous, noting that:

On June 16, 2020, the plaintiff filed the instant action, seeking

---

[2] *Information on Representing Yourself in a Civil Action*, U.S. DIST. CT. DIST. S.C. at 11 (Aug. 17, 2021), http://www.scd.uscourts.gov/DOCS/PROSE.pdf; *see also* Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

[3] Three of Plaintiff's prior complaints for his frivolous claims are attached as Exhibits 1-3 of the Declaration of Joseph John Stevens in Support of Defendant's Motion to Dismiss.

> damages against many of the same defendants as named in [Case 3]. Having unsuccessfully sought patent infringement damages against these defendants in [Case 3], the instant matter seeks relief for patent infringement and failure to pay royalties, although **the plaintiff has attempted to circumvent the court's prior ruling by asserting that the defendants' actions have violated the Sherman Act, the Clayton Act, and various South Carolina Laws** .... Nevertheless, ... the instant matter is subject to summary dismissal because the claims appear patently frivolous.

Report and Recommendation, *Golden v. Apple, et. al.*, No. 6:20-cv-2270, ECF No. 16, 2020 U.S. Dist. LEXIS 258437 at *10, 11-14, 16 (D.S.C. Sep. 11, 2020) (emphasis added). The court adopted Magistrate's recommendation and dismissed the case without prejudice. *Golden*, 2021 U.S. Dist. LEXIS 178626 at *7.

Approximately six months after filing Case 4, Golden filed yet another lawsuit (Case 5) in the District of South Carolina. *Golden v. Apple Inc. et al.*, 6:20-cv-04353-JD-KFM, 2021 U.S. Dist. LEXIS 211540, *5 (D.S.C. Nov. 2, 2021) *appeal docketed* Fed. Cir. No. 22-1229. *See* Exhibit 3 (Case 5 complaint). According to the Magistrate, "this action represents the plaintiff's attempt to re-litigate the claims from [Case 3] because although [that case] was dismissed as frivolous it was dismissed without prejudice." Report and Recommendation, *Golden v. Apple, Inc., et al.*, No. 6:20-cv-4353, ECF No. 20, 2021 U.S. Dist. LEXIS 212549, at *14-15 (D.S.C. Feb. 5, 2021). He again recommended dismissal of the case as frivolous. *Id.* at *10-14. ("In light of the vague conclusory allegations in the complaint in this action, and the plaintiff's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous."). The Magistrate recommended that the court dismiss the action *with* prejudice, and that the court sanction Golden $400 for continuing to file frivolous lawsuits before it. *Id.* at*14-15. The District Court agreed with the Magistrate that the complaint should be dismissed as frivolous; however, it declined to dismiss the case with prejudice or impose sanctions. *Golden*, 2021 U.S. Dist. LEXIS 211540, at *8. Plaintiff was warned that if he "attempts to file another frivolous action in this Court, the Court will consider the imposition of sanctions as warranted." *Id.* at 3, n. 2.

Within a month of filing Case 5, Golden filed another lawsuit (Case 6) in the District of

South Carolina naming Google as the sole defendant. *Golden v. Google, LLC*, No. 6:21-cv-00244-JD-KFM, 2021 U.S. Dist. LEXIS 210872 (D.S.C. Nov. 2, 2021), *appeal dismissed*. Plaintiff alleged that Google jointly infringed his patents with both Apple and Qualcomm. Report and Recommendation, *Golden v. Google,* No. 6:21-cv-00244-JD-KFM, ECF No. 14, 2021 U.S. Dist. LEXIS 211502, at *1-2 (D.S.C. April 9, 2021). The Magistrate again recommended dismissal: "[A]lthough the plaintiff has made allegations against a new alleged infringer, Google, his allegations are still frivolous and thus subject to summary dismissal." *Id.* at *12-16. He also noted that "to the extent the plaintiff alleges joint infringement by Google and Apple and/or Qualcomm, such allegations may not be used in this action to circumvent prior rulings by this court that infringement allegations against Apple/Qualcomm are frivolous." *Id.* at *12. He recommended dismissal *with* prejudice and that the court sanction Golden $400. *Id.* at *16-17. The court adopted the Magistrate's recommendation and "dismissed the case with prejudice because it is frivolous" and without service of process, but declined to impose sanctions. *Golden*, 2021 U.S. Dist. LEXIS 210872 at *7-8.

Plaintiff then proceeded to file this suit. Plaintiff continues to advance his frivolous claims of patent infringement, antitrust violations, and unjust enrichment that were rejected as frivolous in South Carolina. All of his claims hinge on his unfounded belief that Qualcomm infringes his patents as part of a conspiracy against him. Plaintiff has also filed suit against Intel[4] and Apple[5] individually in this district for antitrust, patent infringement, and unjust enrichment claims. Qualcomm expects more frivolous suits to follow.

## IV.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto." *Rivera v. Patel*, No. 16-cv-304, 2016 U.S. Dist. LEXIS 150682, at *8 (N.D. Cal. Oct. 31, 2016) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). When a claim is "so

---

[4] *Golden v. Intel Corp.*, No. 5:22-cv-03828-NC (June 8, 2022).

[5] *Golden v. Apple Inc.*, Case 5:22-cv-04152-VKD (July 15, 2022).

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," dismissal on the basis of lack of federal subject-matter jurisdiction is proper.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *First Data Corp. v. Inselberg*, 870 F.3d 1367, 1373 (Fed. Cir. 2017) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)) ("No doubt if it should appear that the plaintiff was not really relying upon the patent law for his alleged rights, or if the claim of right were frivolous, the case might be dismissed."); *Arnold v. United States*, No. 19-cv-4223, 2020 U.S. Dist. LEXIS 25392, at *4-5 (N.D. Cal. Feb 13, 2020) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) ("[F]ederal courts lack subject matter jurisdiction over claims that are 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' or 'obviously without merit.'").

To survive a motion to dismiss, Plaintiff must allege facts sufficient to state a claim that is facially plausible.  The Federal Rules require a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint must be dismissed when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, then the pleader has "not nudged [its] claims… across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Accordingly, a claim has facial plausibility when the pleader "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678-79 (emphasis added).

Although a court must assume that the facts alleged by a plaintiff are true in determining whether a complaint has alleged sufficient facts to state a plausible claim for relief, the Court should not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Iqbal*, 556 U.S. at 678.  Thus, a complaint is insufficient if it only offers "labels and conclusions," or a "formulaic recitation of the elements of a cause of action."  *Id*.  If a complaint's

well-pled allegations do not show "more than a sheer possibility that a defendant has acted unlawfully," or does not identify a violation of any law at all, the complaint must be dismissed. *Id.* Moreover, it is insufficient for a complaint to "plead facts that are merely consistent with a defendant's liability[.]" *Twombly*, 550 U.S. at 557. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court may grant a motion to dismiss and dismiss a claim with prejudice where amendment would be futile. *Reddy v. Litton Indus.,* 912 F.2d 291, 296 (9th Cir. 1990).

## V.   ARGUMENT

In this lawsuit, Plaintiff alleges the infringement of unspecified patents that rises to the level of antitrust violation and unjust enrichment. Plaintiff has yet to make it past the pleading stage in his multiple litigations against the government and others that he believes are engaging in a conspiracy to infringe his patents without paying him a royalty. Plaintiff has time and again demonstrated his inability to plead his claims in a non-frivolous way to state a claim for which relief can be granted. This case is no different.

### A.    The Court Does Not Have Subject Matter Jurisdiction

Plaintiff continues to advance claims that have been dismissed as frivolous. This Court does not have subject matter jurisdiction over these frivolous claims. Further, Plaintiff is collaterally estopped from contesting subject matter jurisdiction because of the frivolity of his recycled claims. Nor does Plaintiff have standing to assert his antitrust claims.

#### 1.  Federal Courts Do Not Have Subject Matter Jurisdiction Over Frivolous Claims

The Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction because the claims are patently frivolous. The Complaint includes rambling and incoherent paragraphs, consists of vague and conclusory allegations of infringement and conspiracy, and formulaic recitations of the elements of various causes of action. Plaintiff has attached the following patents to his Complaint: U.S. Pat. No. 7,385,497 ("the '497 Patent"), U.S. Pat. No. 8,106,752 ("the '752 Patent), U.S. Pat. No. 9,096,189 ("the '189 Patent"), U.S. Pat. No. 9,589,439 ("the '439 Patent"), U.S. Pat. No. 10,163,287 ("the '287 Patent"), U.S. Pat. No. 10,984,619 ("the '619 Patent"), and

U.S. Pat. No. RE 43,891[6] ("the '891 Patent"). The backbone of his claims, that Qualcomm is infringing his patents, is wholly unsupported. Not only does the Complaint not identify what patent Qualcomm is allegedly infringing, it fails to even put Qualcomm on notice of any patent infringement as explained in Section V.B. The below chart shows the claims of Plaintiff's patents that are referenced in the Complaint. No patent claims are specifically asserted.

| Patent Referenced in Complaint | Claim Referenced in Complaint |
|---|---|
| '497 Patent | 1 |
| '189 Patent | 1-9 |
| '439 Patent | 13-23 |
| '287 Patent | 4-6 |
| '619 Patent | 1, 11  (1-20) |
| '891 Patent | 44, 47, 48, 49, 50, 51, 53 |
| '752 Patent | 10 |

Plaintiff continues to make deficient pleadings despite his three previous complaints against Qualcomm, and others, for claims of patent infringement, antitrust, and unjust enrichment being dismissed with prejudice as frivolous in South Carolina. As will be shown below, Plaintiff is recycling his frivolous claims in the Northern District of California expecting a different result.

In Case 3 and Case 4, Plaintiff alleged that Qualcomm and others infringed the '287 Patent, the '439 Patent, the '189 Patent, the '497 Patent, and the '891 Patent. The below chart is included to show the previous allegations of patent infringement made by Plaintiff against Qualcomm in Case 3 and 5.

---

[6] Plaintiff only references the '891 Patent in the Complaint with respect to General Motors—not Qualcomm. *See* Dkt. 1, ¶¶ 170,

| Prior Case | Asserted Patents and Claims |
|---|---|
| Case 3 | Plaintiff asserted that Qualcomm jointly, directly, and/or indirectly infringed the following patents by "selling certain processing devices as Central Processing Units (i.e. Qualcomms' Snapdragon 5 Series, 6 Series, 7 Series, & 8 Series) … included without limitation to Plaintiff's CMDC devices[.]"  *See* Ex. 1, ¶¶166.<br><br>'287 Patent:  At least claims 4 and 5.  Ex. 1 at ¶¶166-168.<br>'439 Patent:  At least claim 22.  *Id.* at ¶¶216-218.<br>'189 Patent:  At least claims 1-5, 7, 8.  *Id.* at ¶¶266-268.<br>'497 Patent:  At least claims 1-6.  *Id.* at ¶¶382-384. |
|  | "Plaintiff alleges that at least one of the Defendants named in this complaint" infringes at least claims 11, 23, 44, 47-51, 53 of the '891 Patent. *Id.* at ¶356.  Qualcomm and General Motors were both named defendant. |
| Case 5: | Plaintiff again asserted that Qualcomm jointly, directly, indirectly and/or under the doctrine of equivalents for each of the following Patents.  Plaintiff asserted that the following Qualcomm products infringed the below patents:  Snapdragon 5 Series, 6 Series, 7 Series, & 8 Series, Snapdragon 888 Mobile Platform, Snapdragon 865 + 5G Mobile Platform.<br><br>'287 Patent:  At least claims 4-5.  Ex. 3, at ¶31.<br>'439 Patent:  At least claims 13-15, 22-23.  *Id.* at ¶48.<br>'189 Patent:  At least claims 1-3.  *Id.* at ¶65.<br>'497 Patent:  At least claims 1-6.  *Id*. at ¶108. |

In Case 3, Plaintiff alleged that Qualcomm, and others, had infringed his patents.  The District Court adopted the Magistrate's recommendation to dismiss the complaint without prejudice as frivolous and duplicative of his parallel proceedings against the United States Government. *Golden*, 819 Fed. Appx. at 930.  The Federal Circuit affirmed the dismissal "not on the basis of duplicity, **but on the ground of frivolousness**."  *Id.* at 931 ("The complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant.").

      In Case 5, Plaintiff made an additional attempt to sue Qualcomm, and others, for infringing the '287 Patent, the '439 Patent, the '189 Patent, the '497 Patent, and the '891 Patent.  According to Plaintiff, this Complaint was filed to correct his previous deficiencies.  *Golden*, 2021 U.S. Dist.

LEXIS 211540, *5.  The District Court determined that Plaintiff had "not cured the frivolousness of his allegations" and continues to run afoul of the same issues that doomed his previous complaints. *Id.* at *5-7.  The District Court adopted[7] the Magistrate's recommendation to dismiss, but without prejudice. *Id.* at 7-8 ("this Court agrees … that Plaintiff's amended complaint should be dismissed because it is frivolous").

In the instant case, Plaintiff relies on the same threadbare and conclusory allegations of infringement that got his previous cases dismissed as frivolous.  Like in Cases 3 and 5, Plaintiff is relying on Qualcomm's Snapdragon.  More specifically, the Snapdragon Chipset and Snapdragon Ride Share Platform.  As explained in Section V.B, Plaintiff falls well short of the standard to plead a claim of patent infringement.  Plaintiff again makes the same mistakes that resulted in dismissal of his complaints in South Carolina because the Complaint once again offers vague generalities, block quotes of statutes and cases without pointing to any nonfrivolous allegation of infringement by a Qualcomm product.  In fact, Plaintiff makes no attempt to map any claim of any patent to a Qualcomm product.

In Case 4, Plaintiff dressed up vague assertions of infringement of the '287 Patent, the '439 Patent, the '752 Patent, the '189 Patent, the '497 Patent, and the '891 Patent by Qualcomm and others in antitrust and unjust enrichment claims.  Plaintiff did not assert any claim of any of these patents specifically like in the instant Complaint.  The Magistrate saw through this ploy, noting that Plaintiff "unsuccessfully sought damages against many of the defendants in the court for patent infringement in [Case 3], here, appears to seek relief for the same infringing actions by dressing the case as asserting violations of the Sherman Act, the Clayton Act, and various South Carolina Laws …. Upon review, however, the claims appear patently frivolous."  Report and Recommendation, *Golden*, 2020 U.S. Dist. LEXIS 258437, at *10.

The Magistrate also noted that "plaintiff's patent infringement claims are subject to dismissal because the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the CMDC device, and the alleged infringed-upon patents[.]" *Id.* at *13.

---

[7] The Report was modified to lift a 35-page limit restriction for an amended complaint. *Id.* at 7, n. 4.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

Plaintiff's antitrust claims were predicated on his prior frivolous patent infringement claims. *Id.* at *13-14 ("antitrust allegations, in essence, are that he has been prevented from accessing the market for CMDC devices because the defendants have refused to pay him licensing royalties."). The Magistrate made clear that Plaintiff cannot "circumvent the court's prior ruling by labeling substantially similar allegations as seeking damages under the Sherman/Clayton Acts instead of for patent infringement" and that the Complaint did not point to any no frivolous allegation of any claim. *Id.* As a result, the Magistrate recommended that the complaint be dismissed with prejudice. *Id.* at *16-17. The District Court adopted the Magistrate's report that found the claims to be frivolous, and dismissed the Complaint without prejudice. *Golden*, 2021 U.S. Dist. LEXIS 178626, at *7 (disagreeing with Magistrate's change to change cause of action from antitrust to patent infringement).

Nevertheless, Plaintiff attempts to make the same and similar frivolous allegations of infringement, antitrust, and unjust enrichment made in Case 4—with Qualcomm now as the main character of the conspiracy against him. For example, Plaintiff continues to allege that Qualcomm, Apple, Samsung, and LG are conspiring together to violate antitrust laws. *Compare* Dkt. 1, ¶¶23-43, 119 *with* Ex. 2, ¶¶ 46-56, 71-74. Below are additional examples of the Plaintiff recycling his frivolous claims:

- The conspirators are allegedly conspiring to avoid prosecution by hiding behind the government. *Compare* Dkt. 1, at ¶¶ 25, 28 *with* Ex. 2, ¶¶ 48.

- The conspiracy has prevented Plaintiff from receiving royalties. *Compare* Dkt. 1, at ¶ 30 *with* Ex. 2, ¶¶ 54-55.

- The conspiracy took place within the United States and "substantially affected the flow of interstate commerce and had a direct, substantial, and reasonably foreseeable effect upon commerce in the United States." *Compare* Dkt. 1, at ¶ 34 *with* Ex. 2, ¶ 52.

- "It is the belief of the Plaintiff, that [Qualcomm, Apple, Samsung, and LG] are in violation of Section 1 of the Sherman Act, which prohibits every contract, combination or conspiracy that restrains interstate trade; because the restraints are unreasonably restrictive of competition in a relevant market for the Central Processing units (CPUs) and the

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

Communicating, Monitoring, Detecting, and Controlling (CMDC) devices." *Compare* Dkt. 1, at ¶ 35 *with* Ex. 2, ¶ 53.

- "It is the belief of the Plaintiff, that [Qualcomm, Apple, Samsung, and LG] act together in ways that limit competition by hindering Plaintiff's patented products from entering the market, while exercising an unreasonable horizontal restraint of trade." *Compare* Dkt. 1, at ¶ 36 *with* Ex. 2, ¶ 54 (using same language but for substituting "patented products" for "businesses").

- Qualcomm, Apple, LG and Samsung's "agreements are considered unreasonable because their interaction is to such a degree that they were no longer acting independently, and the collaboration gave them the ability to wield market power." *Compare* Dkt. 1, at ¶ 37 *with* Ex. 2, ¶ 55 (using same language but for typo correction).

- "It is the belief of the Plaintiff, that [Qualcomm, Apple, Samsung, and LG] have engaged in a contract, combination, trust or conspiracy, the effect of which was to develop, manufacture, and commercialize Plaintiffs … Communicating, Monitoring, Detecting, and Controlling (CMDC) devices without paying royalty compensation." *Compare* Dkt. 1, at ¶ 38 *with* Ex. 2, ¶ 55.

- "It is the belief of the Plaintiff, that [Qualcomm, Apple, Samsung, and LG], through their officers, directors and employees, effectuated the aforesaid contract, combination, thrust or conspiracy between themselves and their co-conspirators." *Compare* Dkt. 1, at ¶ 39 *with* Ex. 2, ¶ 56.

- Plaintiff repeats old data about market share. *Compare* Dkt. 1, at ¶¶ 42-43 *with* Ex. 2, ¶ 51.

- Plaintiff again asserts that Qualcomm has been unjustly enriched by not paying Plaintiff a royalty. *Compare* Dkt. 1, at ¶¶ 70, *with* Ex. 2, ¶ 51.

Plaintiff's antitrust and unjust enrichment claims are based on Qualcomm's business practices and *FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019). *See* Dkt. 1, ¶¶59-64, 71-79. Plaintiff relied on this judgment <u>despite</u> the fact that it was reversed and the injunction was vacated. *FTC v. Qualcomm Inc.*, 969 F.3d 974, 982, 1005 (9th Cir. 2020) ("We now hold that

the district court went beyond the scope of the Sherman Act, and we reverse.").  The 9th Circuit made clear that hypercompetitive behavior does not violate antitrust law.  *Id.* at 105.  As explained by the 9th Circuit:

> *First*, Qualcomm's practice of licensing its SEPs exclusively at the [original equipment manufactures ("OEM")] level does not amount to anticompetitive conduct in violation of § 2 [of the Sherman Act], as Qualcomm is under no antitrust duty to license rival chip suppliers.  To the extent Qualcomm has breached any of its [fair, reasonable, and nondiscriminatory] commitments, a conclusion we need not and do not reach, the remedy for such a breach lies in contract and patent law.  *Second*, Qualcomm's patent-licensing royalties and "no license, no chips" policy do not impose an anticompetitive surcharge on rivals' modem chip sales. Instead, these aspects of Qualcomm's business model are "chip-supplier neutral" and do not undermine competition in the relevant antitrust markets.  *Third*, Qualcomm's 2011 and 2013 agreements with Apple have not had the actual or practical effect of substantially foreclosing competition in the [code division multiple access] modem chip market.

*Id.*  (emphasis in original) The facts alleged by Plaintiff cannot plausibly establish a claim for antitrust violation based on the reversal by the 9th Circuit.  Plaintiff's reliance on a now-reversed decision to establish his antitrust claims illustrates the frivolousness of his claims.

While the '619 Patent was not asserted against Qualcomm in Cases 3, 4, and 5, Plaintiff makes no attempt to separately plead the '619 Patent in a non-frivolous way.  In other words, his allegations of infringement against the '619 Patent are inextricably linked to his frivolous allegations of infringement of his other patents.  Adding a new patent does not cure their frivolity. The cure for frivolity would instead be complying with the appropriate pleading standard that Plaintiff cannot seem to meet despite numerous attempts.  As a result, the Court also fails to have subject matter jurisdiction over these frivolous claims relating to the '619 Patent.

Plaintiff has yet to file a complaint that was not dismissed as frivolous despite **six** lawsuits. Plaintiff's claims against Qualcomm are just as frivolous in California as they are in South Carolina.  This Court should find that it does not have subject matter jurisdiction over these patently frivolous claims.  And, if the Court finds it lacks subject matter jurisdiction on the ground of frivolousness, then the Court should also dismiss Plaintiff's complaint in its entirety, including any supplemental state law claims.  *See Arbaugh*, 546 U.S. at 514.

### 2. Issue Preclusion Bars Plaintiff From Litigating Subject Matter Jurisdiction

The frivolity of Plaintiff's claims against Qualcomm is decided. Plaintiff is barred from litigating subject matter jurisdiction of his claims on the issue of frivolity. The Ninth Circuit has held that "a district court's decision that it lacks subject matter jurisdiction over a plaintiff's claim precludes the plaintiff from relitigating the issue of jurisdiction in a later action." *Mast v. Long*, 84 F. Appx. 786 (9th Cir. 2003). Unlike claim preclusion, "it matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded [issue] preclusive effect was essential to the dismissal." *Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987). "The party asserting [issue preclusion] must first show that the estopped issue is identical to an issue litigated in a previous action." *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995).

Here, the core issue is whether or not Plaintiff's claims are frivolous. Plaintiff is once again asserting the same frivolous claims of infringement of the '497 Patent, the '189 Patent, the '439 Patent, the '287 Patent, the '752 Patent, and the '891 Patent dressed up as unfounded antitrust and unjust enrichment claims. Plaintiff continues to make deficient pleadings in this Court despite his many attempts in the Court of Federal Claims and the District of South Carolina. The Court does not have subject matter jurisdiction over frivolous claims. *See e.g.*, *Steel Co.*, 523 U.S. at 89. The issue of frivolity of the claims against Qualcomm is decided, and Plaintiff should be estopped from asserting otherwise. *See Mast*, 84 at 786.

Plaintiff should also be estopped from litigating the issue of frivolity of the '619 Patent if Plaintiff is actually asserting the '619 Patent against Qualcomm. Plaintiff makes no attempt to separately plead the '619 Patent. For this reason, Plaintiff should be estopped from asserting that the underlying allegations supporting his claim of infringement of the '619 Patent are not frivolous and thus the court has subject matter jurisdiction.

### 3. Plaintiff Lacks Standing to Bring Antitrust Claims

Plaintiff must have standing to pursue his antitrust claims under the Sherman and Clayton Acts. For a dispute to fall within the subject-matter jurisdiction of a federal court, the plaintiff

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

must allege, at a minimum: (1) the plaintiff has suffered a concrete injury, (2) that injury is fairly traceable to actions of the defendant, and (3) it must be likely—not merely speculative—that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  To establish constitutional standing at the pleading stage, the plaintiff must set forth at least "general factual allegations of injury resulting from the defendant's conduct." *Id.* at 561.  Plaintiff fails to meet this standard.

Plaintiff alleges that Qualcomm has "coerced cellular telephone makers (OEMs) to purchase only Qualcomm-manufactured chipsets."  Dkt. 1, ¶ 60.  Plaintiff also references several prior and ongoing antitrust investigations involving Qualcomm.  *Id.* at ¶¶ 59, 61-65, 76-78.  And Plaintiff "believes Qualcomm's 5% royalty rate on the price of each phone sold is a species of unfair competition." *Id.* at ¶ 75.  In each of these allegations, Plaintiff fails to allege how he has suffered any concrete injury as the result of Qualcomm's alleged anticompetitive practices.  The only injury Plaintiff claims as a result of Qualcomm's alleged anticompetitive practices is the infringement of his patents.  *Id.* at ¶ 94.  Plaintiff has failed to establish constitutional standing to bring the antitrust claims because a favorable decision on Plaintiff's antitrust claims would not redress his alleged injury—patent infringement.

### B.  The Complaint Fails to State A Claim Upon Which Relief May be Granted

Plaintiff's patent infringement claims should be dismissed under Rule 12(b)(6) because Plaintiff has failed to state a claim for direct or indirect infringement.  Plaintiff's antitrust and unjust enrichment claims should also be dismissed because they are predicated on his deficient patent infringement claims.

### 1.  Plaintiff Failed to State a Claim of Direct Infringement

A complaint must, at a minimum, "place the potential infringer ... on notice of what activity ... is being accused of infringement." *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (2018).  Where a patent infringement claim fails to provide "enough specificity to give the defendant notice of what products or aspects of products allegedly infringe" upon the plaintiff's rights, the claim must be dismissed." *Bender v. LG Elecs. U.S.A.*, Inc., 2010 U.S. Dist. LEXIS

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

33075, *15 (N.D. Cal. March 11, 2010). "Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Id*. at 19-20. Nor is "pointing to broad categories of products" sufficient to establish a plausible claim of infringement. *Id*. at 10. Plaintiff falls remarkably short of this standard.

At no point does the Complaint explain which of Plaintiff's patents, or the claims thereof, are actually being asserted against Qualcomm. While the Complaint reproduces claims of several patents, the Complaint does not specify which claims are allegedly being infringed. The Complaint fails to provide a brief description of what the asserted patents claim. The Complaint vaguely asserts that Qualcomm is infringing the Plaintiff's patented central processing units ("CPUs") and communicating, monitoring, detecting, and controlling ("CMDC") devices. The Plaintiff makes no attempt to explain how any product made, used, or sold by Qualcomm infringes any claim of the Plaintiff's patents. While the Complaint mentions Snapdragon chipsets and the Snapdragon Ride Platform, the Complaint fails to provide any explanation as to how any of the products in these categories infringe. Instead, Plaintiff simply concludes, without more, that Qualcomm is infringing unidentified patents. *See Iqbal* at 678 (pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Nor can Plaintiff rely on the two claim charts on the face of the Complaint to "provid[e] 'enough factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" Dkt. 1, at 33. These two claim charts[8] map General Motors'—**not Qualcomm's**—Advanced Driver Assistance System to claims of the '891 Patent. He also cites Exhibit K, a chart of Samsung's—**not Qualcomm's**—alleged infringement. Consequently, these charts cannot put Qualcomm on notice of how an identified product made, used, or sold **by Qualcomm** infringes any claim. And, Plaintiff has a habit of providing claim charts that "present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims

---

[8] These Charts are recycled from the Complaint in Case 4. *See* Ex. 2, at ¶30.

to generally describe cryptically identified structures." *Golden,* 819 Fed. Appx. at 931.

One of Plaintiff's theories is that Qualcomm waived its right to argue patent infringement and patent invalidity against select patents[9] the Plaintiff asserted against the United States based on a fundamental misunderstanding of *Bowser, Inc. v. United States.*  420 F.2d 1057, 1060 (C. Cl. 1970). Dkt. 1, ¶¶41, 88.  Plaintiff relies on a quote from *Bowser* that the Court of Federal Claims confirmed "must be read in the context of the narrow holding in that case: 'If the third party indemnitor fails to appear in response to the summons or notice, it may not, in later litigation for the enforcement of the indemnity against it, assert that this court incorrectly decided that plaintiff's patent is valid and was infringed by the apparatus furnished by the third party.'" *Bird v. United States*, 51 Fed. Cl. 536, 543 (C. Cl. 2002) (superseded by statute) (quoting *Bowser*, 420 F.2d at 1060).

Plaintiff's theory fails because his litigation with the United States is not an action by the government for the enforcement of indemnity against Qualcomm.  As a result, *Bowser* is inapplicable.  Nor does the Complaint demonstrate that Qualcomm manufactured infringing devices under contract with the United States Government, or agreed to indemnify the United States Government.  Plaintiff also fails to inform the Court that the Court of Federal Claims has not ruled in his favor, or that his suit against the government never made it past the pleading stage despite eight years of litigation and six amended complaints.  *Golden*, 156 Fed. Cl. at 625-26.  In fact, his complaint was dismissed *with* prejudice, and he never came up with a "a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government" despite the court allowing six amended complaints.  *Id*. at 632.  Plaintiff is appealing this decision.  Even if *Bowser* was not limited to government indemnitors, Plaintiff cannot establish issue preclusion since his complaint was dismissed for his failure to state a claim or comply with a court order.  No decision was made regarding validity, invalidity, or infringement of his patents.

---

[9] "By default, Qualcomm is barred from entering a defense in this Court for non-infringement or that any of the following patent claims are invalid: Claim 1 of the '497 patent; claim 10 of the '752 patent; claims 1-9 of the '189 patent; claims 13-23 of the '439 patent; and, claims 4-6 of the '287 patent."  Dkt. 1 at ¶41.

As a result, Qualcomm is not on notice as to (1) which patents or claims are being asserted, and (2) is not on notice as to what products allegedly infringe.  Nor can Plaintiff rely on Qualcomm's lack of response to a Rule 14(b) Notice to establish any waiver of patent infringement or patent validity defenses to avoid giving the requisite notice and complying with the pleading standard.

The Complaint mentions divided infringement twice in the request for relief.  Divided infringement is a species of direct infringement.  *Sentius Int'l, LLC v. Apple Inc.*, 2020 U.S. Dist. LEXIS 192203, at *5, n.2 (N.D. Cal. Oct. 15, 2020).  Stating a claim for divided infringement requires alleging facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party."  *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762, 766 (N.D. Cal. Oct. 28, 2020) (citations omitted).  Despite Plaintiff's vague allegations of Qualcomm conspiring with its competitors, Plaintiff has not alleged that Qualcomm controls or directs others or that Qualcomm and other entities have formed a joint enterprise to infringe the patents beyond conclusory allegations.  Consequently, Plaintiff has failed to state a claim for divided infringement.

The Complaint is consistent with Plaintiff's previous frivolous complaints that have been dismissed in South Carolina.  *See Golden,* 819 Fed. Appx. at 931 ("complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant").  This Court should similarly dismiss Plaintiff's grossly inadequate infringement allegations under Fed. R. Civ. P. 12(b)(6).

### 2. The Complaint Fails to Plead Enough Facts to Support The Claim of Indirect Infringement

Plaintiff asserts that Qualcomm is liable for contributory infringement and induced infringement.  Plaintiff's indirect infringement claims appear to be directed to an unidentified smartphone for "Snapdragon Insiders" made by Qualcomm and Asus and GM's driving system

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

that is "integrated with the 'Snapdragon Ride Platform' of Qualcomm." Dkt. 1, ¶¶89, 99.  The Complaint's main focus is on contributory infringement, with all mentions of induced infringement being found in the request for relief.

Contributory and induced infringement requires direct infringement by another.  *Creagri, Inc. v. Pinnaclife Inc.*, 2013 U.S. Dist. LEXIS 427, at *8 (N.D. Cal. January 1, 2013).  In order to establish contributory infringement, the Federal Circuit has held that a patent owner must show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention."  *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).  To survive a motion to dismiss on induced infringement, the "complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"  *Nalco*, 883 F.3d at 1355.

With respect to contributory infringement, Plaintiff fails to establish that the Snapdragon chipsets or Snapdragon Ride Platform do not have substantial noninfringing uses, *i.e.*, that they are not staple articles or commodities of commerce.  As a result, Plaintiff has failed to state a claim of contributory infringement.  *See Uniloc U.S.A., Inc. v. Logitech, Inc.*, No. 18-CV-01304, 2018 U.S. Dist. 197194, at *9 (N.D. Cal. Nov. 17, 2018) (granting defendants motion to dismiss contributory infringement claims where the plaintiff did not "provide factual underpinnings for its allegations that there are no substantial noninfringing uses of the accused devices.").

With respect to induced infringement, Plaintiff has alleged no facts that Qualcomm specifically intended another party to infringe any patent or that the other party's acts constituted infringement.  As a result, Plaintiff has failed to state a claim for induced infringement.  *See Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, 2018 U.S. Dist. LEXIS 122967, *13 (N.D. Cal. July 23, 2018) (dismissing claim of induced infringement "because the general allegations regarding Defendants' customer-related activities are not sufficiently related to infringement of the claimed methods").

In any case, Plaintiff has failed to establish a claim of direct infringement, which is fatal to his indirect infringement claims.  The Court should dismiss these deficient indirect infringement

claims under Rule 12(b)(6).

### 3.   Plaintiff Fails to State a Claim for Antitrust Violation

Plaintiff's antitrust claims are based on his frivolous patent infringement claims and a now overturned Northern District of California judgment.  Plaintiff cannot plausibly state a claim for anti-trust violations when the 9th Circuit has held otherwise.  *See FTC,* 969 F.3d at 1005 ("Qualcomm's patent-licensing royalties and 'no license, no chips' policy do not impose an anticompetitive surcharge on rivals' modem chip sales.").  Plaintiff's assertions, in addition to being frivolous, simply fail to establish a plausible claim of antitrust violations.  *Iqbal*, 556 U.S. at, 697; *Twombly*, 550 U.S. at 570.

### 4.   The Non-Patent Claims Should be Dismissed Because They are Wholly Dependent Upon Defective Patent Infringement Claims

Plaintiff's antitrust and unjust enrichment claims should be dismissed because they are derivative of and seek the same relief as his defective patent infringement claims.  Plaintiff's antitrust allegations are, in essence, that he being prevent from accessing the market because Qualcomm is not paying him royalties.  *See* Dkt. 1, ¶¶ 35, 38, 83, 94-95, 110.  This injury is similar to the harm he alleged in Case 4.  Report and Recommendation, 2020 U.S. Dist. LEXIS 258437 at *13-14 (Alleged harm is "that he has been prevented from accessing the market for CMDC devices because the defendants have refused to pay him licensing royalties.").  Similarly, Plaintiff's unjust enrichment claim alleges that Qualcomm has been unjustly enriched by infringing his patents.  *Id.* at ¶ 70, D, H, I.  In other words, Plaintiff's antitrust and unjust enrichment claims are predicated on his deficient patent infringement claims.  Plaintiff is again attempting disguise his patent infringement claims as antitrust and unjust enrichment claims to avoid having the patent infringement claims dismissed.  Plaintiff's previous attempts at this ploy was ineffectual in South Carolina.  Report and Recommendation, 2020 U.S. Dist. LEXIS 258437 at *11-12, *14 (Mr. Golden cannot "circumvent the dismissal of his patent infringement claims" by "dressing the case as asserting violations of the Sherman Act, the Clayton Act.")  This Court should similarly not be fooled.

### 5.   Plaintiff's Claims are Time Barred

Plaintiff alleges that the conspiracy began in 2007.  Dkt. 1, ¶¶28-29, 31, 102-105.  Plaintiff brought Case 1 against the Government for this conspiracy in 2013, alleging infringement by the government.  *See Golden*, 156 Fed. Cl., at 625-26 ("He alleges generally that the United States, through the Department of Homeland Security, has caused cell phone manufacturers to produce devices that infringe on one or more of his patents.").  There, Plaintiff mentioned Qualcomm was a third party.  *Id.* at 628.  Plaintiff has made the frivolous claim that Qualcomm is collaterally estopped from asserting invalidity and non-infringement based on a notice issued in this case.  Plaintiff never got past the pleading stage.  Plaintiff was aware of this alleged conspiracy to infringe his patents in at least 2013 when he filed suit.  The statute of limitations for the Sherman Act is four years.  *See* 15 U.S.C. §15(b).  The year is now 2022.  As a result, plaintiff's Sherman Act claims are time barred.

Based on Plaintiff's assertion that Qualcomm was in a conspiracy to infringe his patents in 2007, Plaintiff's patent infringement claims are barred to the extent they are more than six years prior to the filing of the Complaint.  *See* 35 U.S.C. §286.

## VI.   CONCLUSION

Pleading standards are in place for a reason—to prevent frivolous litigation and the unwarranted burdens it imposes on the courts and parties.  This case is a prime example of impermissible frivolity.  Plaintiff has made repeated frivolous claims against Qualcomm and others in South Carolina and is now bringing his frivolous claims to the Northern District of California.  For the foregoing reasons, Qualcomm respectfully requests the Court dismiss the Complaint without amendment under Fed. R. Civ. P. 12(b)(1) and (6), and exercise its inherent power to enter appropriate sanctions to deter Plaintiff from continuing to attempt to engage in baseless, vexatious litigation against Qualcomm and others.

DATED: July 22, 2022

Respectfully submitted,

PATTERSON + SHERIDAN, LLP

By: /s/ Joseph John Stevens
   Joseph John Stevens (CA Bar No. 242495)
   jstevens@pattersonsheridan.com

   50 W. San Fernando Street, Suite 250
   San Jose, CA 95113
   Tel: 650-384-4418
   Fax: 650-330-2314

   B. Todd Patterson (*pro hac vice*
   forthcoming*)*
   tpatterson@pattersonsheridan.com
   John A. Yates (*pro hac vice* forthcoming)
   jyates@pattersonsheridan.com
   Kyrie K. Cameron (*pro hac vice*
   forthcoming)
   kcameron@pattersonsheridan.com

   24 Greenway Plaza, Suite 1600
   Houston, Texas 77030
   713-623-4844 | 713-623-4846

   *Attorneys for Defendant*
   *Qualcomm Incorporated*

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW