Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com
50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice* pending)
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846
*Attorneys for Defendant*
*Qualcomm Incorporated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>    *Pro Se* Plaintiff,<br><br>vs.<br><br>QUALCOMM INC.,<br><br>    Defendant. | Case No.: 4:22-cv-03283- HSG<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Filed concurrently: Proposed Order; Proof of Service]<br><br>Date:         Unnoticed by Plaintiff<br>Time:        2:00pm<br>Courtroom:  2 |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
Case No.: 4:22-CV-03283-HSG

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION ....................................................................................................1

II.   LEGAL STANDARD ...............................................................................................2

III.   ARGUMENT .............................................................................................................2

    A.  Plaintiff's Motion Should be Denied Because Qualcomm Responded Early ................2

    B.  Default Judgment is Inappropriate under *Eitel* ............................................................2

IV.   CONCLUSION .......................................................................................................11

# TABLE OF AUTHORITIES

**Page**

*AllChem Performance Prods. v. Aqualine Warehouse LLC*, No. CV-12-1520-PHX-DGC,
  2013 U.S. Dist. LEXIS 118812, at *7-8 (D. Ariz. Aug. 21, 2013)............................................9

*Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075, *19-20
  (N.D. Cal. March 11, 2010) ......................................................................................................5

*Bird v. United States*, 51 Fed. Cl. 536 (C. Cl. 2002) ........................................................................5

*Bowser, Inc. v. United States.* 420 F.2d 1057 (C. Cl. 1970)............................................................5

*Collins v. Neven*, 812 Fed. Appx. 595 (9th Cir. 2020) ....................................................................3

*Cooksey v. Ocean*, No. 2:17-cv-00839-SVW-AGR, 2017 U.S. Dist. LEXIS 234875, *4
  (C.D. Cal. May 26, 2017) ................................................................................................3, 9, 10

*Creagri, Inc. v. Pinnaclife Inc.*, 2013 U.S. Dist. LEXIS 427, at *8
  (N.D. Cal. January 1, 2013) .....................................................................................................6

*Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978).....................................................................9, 10

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) ............................................................2, 3, 4, 9, 11

*Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)......................................................................................2

*FTC v. Qualcomm Inc.*, 969 F.3d 974............................................................................................7, 9

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) ..........................................................6

*Golden v. Apple Inc.*, 819 Fed. Appx. 930 (Fed. Cir. 2020),
  *cert. denied* 141 S. Ct. 1067 (2021) .........................................................................................7

*Golden v. Apple, et. al.*, No. 6:20-cv-2270, ECF No. 16, 2020 U.S. Dist. LEXIS
  258437 at *10-14 (D.S.C. Sep. 11, 2020).................................................................................4

*Golden v. Apple Inc. et al.*, No.: 6:20-cv-02270-JD-KFM, 2021 U.S. Dist. LEXIS
  178626, at *7 (D.S.C Sept. 20, 2021) ....................................................................................4, 7

*Golden v. Apple, Inc. et al.*, No. 21-2160, 2022 U.S. App. LEXIS 8656
  (4th Cir. Mar. 31, 2022)..........................................................................................................4, 8

*Golden v. Apple Inc. et al.*, 6:20-cv-04353-JD-KFM, 2021 U.S. Dist. LEXIS
  211540, *5 (D.S.C. Nov. 2, 2021) .............................................................................................8

*Golden v. United States*, 156 Fed. Cl. 623 (C. Cl. 2021)
  *appeal pending* Fed. Cir. No. 2022-1196 ..................................................................6, 7

*Helwan Cement S.A.E. v. Tahaya Misr Inv. Inc.*, No. 2:17-cv-00543-CAS-AFM,
  2017 U.S. Dist. LEXIS 87641 (C.D. Cal. June 5, 2017..............................................9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................................8

*Mast v. Long*, 84 F. Appx. 786 (9th Cir. 2003)...........................................................8

*Mohanna v. Bank of Am., N.A.*, No. 16-cv-01033-HSG, 2017 U.S. Dist. LEXIS
  36481 (N.D. Cal. Mar. 14, 2017).......................................................3, 4, 8, 9, 10

*Morris v. Fresno Police Dep't*, 1:08-cv-01422 OWW-GSA, 2009 U.S. Dist. LEXIS
  94915 (E.D Cal. Sept. 24, 2009)...................................................................3

*Muhammad v. California*, No. C10-01449-SBA, 2011 U.S. Dist. LEXIS 109979,
  (N.D. Cal. Sept. 27, 2011) ........................................................................3

*Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018)....................................4, 6

*Pearson v. Nationstar Mortg.*, LLC, 5:16-cv-01079-CAS-AJW, 2016 U.S. Dist. LEXIS
  133825 (C.D. Cal. Sept. 26, 2016)..................................................................9

*PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) ...............................3, 8

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762
  (N.D. Cal. Oct. 28, 2020)..........................................................................5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)..........................................8

*Uniloc U.S.A., Inc. v. Logitech, Inc.*, No. 18-CV-01304, 2018 U.S. Dist. 197194,
  at *9 (N.D. Cal. Nov. 17, 2018)....................................................................6

**Rules and Statutes**

Fed. R. Civ. P. 12..........................................................................................1

Fed. R. Civ. P. 12, 55......................................................................................2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
Case No.: 4:22-CV-03283- HSG

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant Qualcomm Incorporated ("Qualcomm") hereby opposes Plaintiff's Motion for Default Judgment. Plaintiff did not notice a hearing date and time. Qualcomm suggests scheduling a hearing, if one is required, at the same time as the hearing for Qualcomm's Motion to Dismiss (Dkt. 6-1).

## I. INTRODUCTION

Elizabeth Ann Crowe accepted service of this suit on behalf of Qualcomm on July 7, 2022. Dkt. 6-4. Qualcomm pointed out the discrepancy in Plaintiff's alleged date of service in it Motion to Dismiss. Dkt. 6-1 at 6.

Qualcomm's counsel was preparing a Motion to Dismiss to be filed within 21 days of July 7, 2021. John A. Yates Declaration. On July 19, 2022, Plaintiff filed a certificate of service and executed summons indicating Qualcomm was served on June 28, 2022—21 days earlier (Dkt. 5), which, if true, would render Plaintiff's answer due the very same day Plaintiff filed the executed summons—July 19, 2022. The executed summons was not entered on the docket until July 20, 2022. Qualcomm filed the Motion to Dismiss three (or two) days later on July 22, 2022. Qualcomm believes the Motion to Dismiss was filed early based on the July 7, 2022 service. Qualcomm served the Motion to Dismiss and accompanying documents on Plaintiff on July 22, 2022 by email and mail. Dkt. 6-3. FedEx delivered Qualcomm's Motion to Dismiss to Plaintiff's address on July 25, 2022 at 9:29am. Ex. 4. Plaintiff mailed his Motion for Default Judgment on July 25, 2022 at 2:37pm demanding an unreasonable sum of **$40 Billion** despite being served with Qualcomm's filed Motion to Dismiss. Dkt. 15-2.

Plaintiff is a serial filer of frivolous complaints alleging a conspiracy against him by the Government and other entities to infringe his patents. *See* Dkt. 6-1, at 7-11. This case is no different. Qualcomm's Motion to Dismiss explains why the Court should dismiss this frivolous suit for lack of subject matter jurisdiction and for failure to state a claim.

Plaintiff's Motion for default judgment is equally frivolous. First, Qualcomm filed its Motion to Dismiss within 21 days of service as required by Fed. R. Civ. P. 12. Second, Plaintiff cannot—and makes no attempt to—establish why a default judgment is justified.

## II.   LEGAL STANDARD

Plaintiff failed to address the standard for granting a default judgment. As a threshold issue, default judgment is inappropriate if the Defendant files a responsive pleading—**as Qualcomm did**—within 21 days of receiving service. Fed. R. Civ. P. 12, 55.

Default judgment "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The 9th Circuit relies on a factor test to determine whether or not to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (affirming denial of a default judgment) (citations omitted). Default judgments are disfavored and lawsuits "should be decided upon their merits whenever reasonably possible." *Id* at 1472 (citation omitted).

## III.   ARGUMENT

Default judgment is not appropriate because (1) Qualcomm was not late, and (2) no *Eitel* Factor supports entering a default judgment.

### A.   Plaintiff's Motion Should Be Denied Because Qualcomm Responded Early

Qualcomm was served July 7, 2022. Dkt. 6-4. Qualcomm filed its Motion to Dismiss within the 21 day window on July 22, 2022. Plaintiff's Motion for Default Judgment should be denied for this reason.

### B.   Default Judgment is Inappropriate under *Eitel*

Default judgment is inappropriate because none of the *Eitel* factors weigh in favor of granting a default judgment even if Qualcomm was served on June 28, 2022 as alleged by Plaintiff.

Plaintiff ignored these factors. Instead, Plaintiff made a poor attempt to rehabilitate his complaint by adding in additional allegations not included in the Complaint.

### 1. *Eitel* Factor 1: Plaintiff Is Not Prejudiced

A plaintiff is prejudiced "when, in the absence of a default judgment, plaintiff would be left with no 'other recourse for recovery.'" *Mohanna v. Bank of Am., N.A.*, No. 16-cv-01033-HSG, 2017 U.S. Dist. LEXIS 36481, at *7 (N.D. Cal. Mar. 14, 2017) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)) (denying a motion for default judgment). In other words, prejudice is present when "when a defendant has failed to appear or defend against a suit, and the plaintiffs could not otherwise seek relief." *Id.*

This is not a case where the defendant is nowhere to be found or has failed to defend against the suit. Qualcomm filed a Motion to Dismiss and is intent on defending this frivolous suit. Plaintiff has not established why Qualcomm's response—even if it was three days late (it was not)—is prejudicial. Courts have denied motions for default judgment despite a late pleading. *See e.g.*, *Eitel*, 782 F.2d at 1742 (denying a motion for default judgment even though the answer was filed late); *Collins v. Neven*, 812 Fed. Appx. 595, 596 (9th Cir. 2020) ("The district court did not abuse its discretion by denying [plaintiff's] motion for default judgment [where the defendant] had already answered the complaint."); *Muhammad v. California*, No. C10-01449-SBA, 2011 U.S. Dist. LEXIS 109979, at 5-6 (N.D. Cal. Sept. 27, 2011) ("Defendant's answer was filed late, but less than two weeks after it was due. There is no evidence that plaintiff was prejudiced by this delay."); *Morris v. Fresno Police Dep't*, 1:08-cv-01422 OWW-GSA, 2009 U.S. Dist. LEXIS 94915, at *9 (E.D Cal. Sept. 24, 2009) (one day late responsive pleading did not prejudice plaintiff).

Plaintiff will not be left without recourse if his Motion for Default Judgment is denied because Plaintiff will have the opportunity to prove the merits of his case (if any). Having to prove the case on the merits is not prejudice. *Cooksey v. Ocean*, No. 2:17-cv-00839-SVW-AGR, 2017 U.S. Dist. LEXIS 234875, *4 (C.D. Cal. May 26, 2017) ("Losing out on the chance for a default judgment is not sufficient to sustain a fording of prejudice.").

To the extent Plaintiff's alleges prejudice, it is in relation to fifteen years of his own failed efforts to assert his patents. Dkt. 15-1 at 3. Plaintiff has spent years fruitlessly trying to sue the Government and others, including Qualcomm, for alleged infringement. Plaintiff failed to inform the Court that all his previous lawsuits about this conspiracy were dismissed and that all lawsuits naming Qualcomm as a defendant were dismissed as frivolous. *See* Dkt. 6-1, at 8-11. Plaintiff cannot possibly establish prejudice by his own decades-long failure to state a claim. This factor weighs against granting the Motion for Default Judgment.

### 2. *Eitel* Factors 2 and 3: The Complaint is Patently Frivolous

"Of all the *Eitel* factors, courts often consider the second and third factors to be 'the most important.'" *Mohanna*, 2017 U.S. Dist. LEXIS 36481, at *8. "These two factors are often analyzed together, and require the Court to consider whether Plaintiff has 'state[d] a claim on which [he] may recover.'" *Id.* (citations omitted) (alterations in original) (finding time barred claims to weigh against granting default judgment).

Plaintiff is again attempting his failed[1] tactic of disguising his patent infringement claims as antitrust and unjust enrichment claims to avoid having the patent infringement claims dismissed. Qualcomm has already established in its Motion to Dismiss (1) why Plaintiff has failed to state a claim, and (2) why the Court does not have subject matter jurisdiction. Below are reasons why— without rearguing the Motion to Dismiss in its entirety—Plaintiff's claims lack merit. The Second and Third *Eitel* factor weigh against granting the motion to dismiss for the reasons articulated below.

#### i. *Plaintiff has failed to Plead a Claim for Direct Infringement*

Plaintiff failed to plead a claim for direct infringement because the Complaint does not include facts sufficient to put Qualcomm on notice of the accused infringement. *See Nalco*

---

[1] "[Mr. Golden] cannot circumvent the court's prior ruling by labeling substantially similar allegations as seeking damages under the Sherman/Clayton Acts instead of for patent infringement." Report and Recommendation, *Golden v. Apple, et. al.*, No. 6:20-cv-2270, ECF No. 16, 2020 U.S. Dist. LEXIS 258437 at *10-14 (D.S.C. Sep. 11, 2020) *adopted as modified Golden v. Apple Inc. et al.*, No.: 6:20-cv-02270-JD-KFM, 2021 U.S. Dist. LEXIS 178626, at *7 (D.S.C Sept. 20, 2021) *aff'd Golden v. Apple, Inc. et al.*, No. 21-2160, 2022 U.S. App. LEXIS 8656 (4th Cir. Mar. 31, 2022).

*Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (A complaint must "place the potential infringer…on notice of what activity…is being accused of infringement."). At no point does the Complaint explain which of Plaintiff's patents, or the claims thereof, are actually being asserted against Qualcomm.

The Complaint vaguely asserts that Qualcomm is infringing the Plaintiff's patented central processing units ("CPUs") and communicating, monitoring, detecting, and controlling ("CMDC") devices. The Plaintiff makes no attempt to explain how any product made, used, or sold by Qualcomm—including the Snapdragon Chipsets or Snapdragon Ride Platform mentioned in the Complaint—infringes any patent.[2] The two "claim charts" included in the Complaint are directed to alleged infringement by General Motors and Samsung—**not how a Qualcomm product allegedly infringes**. Plaintiff fell fall short putting Qualcomm on notice of the accused infringement. *See Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075, *19-20 (N.D. Cal. March 11, 2010). ("Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing."). Nor did Plaintiff establish the requisite control required to state a claim for divided infringement. *See Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762, 766 (N.D. Cal. Oct. 28, 2020).

One of Plaintiff's theories is that Qualcomm waived its right to argue patent infringement and patent invalidity against select patents[3] the Plaintiff asserted against the United States based on a fundamental misunderstanding of *Bowser, Inc. v. United States*. 420 F.2d 1057, 1060 (C. Cl. 1970). Dkt. 1, ¶¶41, 88. *Bowser* is read narrowly and applies to the United States Government

---

[2] Plaintiff, for the first times, provides a specific list of Qualcomm products that allegedly infringe an unidentified patent. *See* Dkt. 15, at 8-11. Plaintiff again does not explain how any of these products infringes any patent beyond the allegation of infringement.

[3] "By default, Qualcomm is barred from entering a defense in this Court for non-infringement or that any of the following patent claims are invalided: Claim 1 of the '497 patent; claim 10 of the '752 patent; claims 1-9 of the '189 patent; claims 13-23 of the '439 patent; and, claims 4-6 of the '287 patent." Dkt. 1 at ¶41.

enforcing indemnity against a third party. *Bird v. United States*, 51 Fed. Cl. 536, 543 (C. Cl. 2002) (superseded by statute). *Bowser* is inapplicable here because Plaintiff's lawsuit against the United States was not an enforcement action for indemnity by the United States against Qualcomm. Additionally, the Complaint fails to demonstrate Qualcomm manufactures any infringing device for the United States. Plaintiff also fails to inform the Court that his case against the Government was dismissed having never proceeded past the pleading stage over the course of eight years. *See Golden v. United States*, 156 Fed. Cl. 623 (C. Cl. 2021) (dismissing Plaintiff's case with prejudice) *appeal pending* Fed. Cir. No. 2022-1196.

Plaintiff has failed to point to any non-frivolous allegation of infringement by a Qualcomm product. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Plaintiff simply failed to state a claim for direct infringement of any patent by Qualcomm. *See* Dkt. 6-1, at 21-24.

    ii.    <u>*Plaintiff has failed to Plead a Claim for Indirect Infringement*</u>

Plaintiff has failed to state a claim for indirect infringement. *See* Dkt. 6-1, at 24-26. Contributory and induced infringement requires direct infringement by another. *Creagri, Inc. v. Pinnaclife Inc.*, 2013 U.S. Dist. LEXIS 427, at *8 (N.D. Cal. January 1, 2013). Plaintiff has failed to establish a claim for direct infringement which dooms his claims of indirect infringement.

To establish contributory infringement, Plaintiff must show "that the component has no substantial noninfringing uses…." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). The Complaint makes no attempt to establish that the Snapdragon chipsets or Snapdragon Ride Platform do not have substantial noninfringing uses, *i.e.*, that they are not staple articles or commodities of commerce. As a result, Plaintiff has failed to state a claim of contributory infringement for this additional reason. *See Uniloc U.S.A., Inc. v. Logitech, Inc.*, No. 18-CV-01304, 2018 U.S. Dist. 197194, at *9 (N.D. Cal. Nov. 17, 2018) (granting defendants motion to dismiss contributory infringement claims where the plaintiff did not "provide factual underpinnings for its allegations that there are no substantial noninfringing uses of the accused devices").

To state a claim for induced infringement, the "complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Nalco*, 883 F.3d at 1355. Plaintiff failed to allege any facts that show Qualcomm specifically intended another party to infringe or that the other party's acts constituted infringement.

    iii.    <u>Plaintiff Failed To State A Claim for Antitrust Violation</u>

Plaintiff's antitrust claims are based on his frivolous patent infringement claims and an **overturned** Northern District of California judgment. *See* Dkt. 1, ¶¶59-64, 71-79; Dkt. 15, at 4-7. Plaintiff cannot plausibly state a claim for anti-trust violations based on Qualcomm's business practices when the 9th Circuit has held otherwise. *See FTC v. Qualcomm Inc.*, 969 F.3d 974, 1005 ("Qualcomm's patent-licensing royalties and 'no license, no chips' policy do not impose an anticompetitive surcharge on rivals' modem chip sales."). Plaintiff has simply failed to establish a plausible claim of antitrust violations. *See* Dkt. 6-1, at 26.

    iv.    <u>Plaintiff's Claims Are Time Barred</u>

Plaintiff alleges that the conspiracy relates to activities in 2007. Dkt. 1, ¶¶28-29, 31, 102-105. Plaintiff was aware of the alleged conspiracy against him by the Government, Qualcomm, and others in at least 2013. *See Golden*, 156 Fed. Cl., at 625-26, 28. The statute of limitations for claims under the Sherman Act is four years. *See* 15 U.S.C. §15(b). The year is now 2022—15 years after the alleged conspiracy. As a result, plaintiff's Sherman Act claims are time barred. *See* Dkt. 6-1, at 27. Plaintiff's patent damages are time barred to the extent they extend more than six years. *See* 35 U.S.C. §286.

    v.    <u>The Non-Patent Claims Should be Dismissed Because They are Wholly Dependent Upon Defective Patent Infringement Claims</u>

Plaintiff's antitrust allegations are, in essence, that he is prevented from accessing the market because Qualcomm is not paying him royalties for his patents. *See* Dkt. 1, ¶¶ 35, 38, 83, 94-95, 110; Dkt. 15, at 5. Plaintiff's antitrust and unjust enrichment claims are predicated on patent infringement. Plaintiff's claims of antitrust and unjust enrichment cannot stand when he has failed to state a claim for patent infringement. *See* Dkt. 6-1, at 26.

      vi.      The Court Lacks Subject Matter Jurisdiction Over These Frivolous Claims

Plaintiff's prior lawsuits[4] against Qualcomm have been dismissed as frivolous. Dkt. 6-1, at 8-10. This case is no different. The Complaint includes rambling and incoherent paragraphs, consists of vague and conclusory allegations of infringement and conspiracy, and formulaic recitations of the elements of various causes of action. Plaintiff is recycling claims found frivolous in South Carolina expecting a different result. Dkt. 6-1, at 13-20. Courts do not have subject matter jurisdiction over frivolous claims. *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Plaintiff is precluded from litigating subject matter jurisdiction over his recycled claims on the issue of frivolity. *See Mast v. Long*, 84 F. Appx. 786, 787 (9th Cir. 2003) ("a district court's decision that it lacks subject matter jurisdiction over a plaintiff's claim precludes the plaintiff from relitigating the issue of jurisdiction in a later action."); Dkt. 6-1, at 20.

Finally, Plaintiff lacks standing to bring his antitrust claims. *See* Dkt. 6-1, at 20-21. Plaintiff's alleged antirust injury is infringement of his patents. Dkt. 1, at ¶94. Plaintiff has failed to establish constitutional standing to bring the antitrust claims because a favorable decision on Plaintiff's antitrust claims would not redress his alleged injury—patent infringement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (Standing requires likelihood that "the injury will be redressed by a favorable decision.").

### 3.    *Eitel* Factor 4: Plaintiff Wants $40 Billion!!!

The Court must weigh the "amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "When the money at stake in the litigation is 'substantial or unreasonable,' default judgment is discouraged." *Mohanna*, 2017 U.S. Dist. LEXIS 36481, at *11-12.

---

[4] *Golden v. Apple Inc.*, 819 Fed. Appx. 930, 930-31 (Fed. Cir. 2020) (Affirming dismissal "on the ground of frivolousness."), *cert. denied* 141 S. Ct. 1067 (2021); *Golden v. Apple Inc. et al.*, No.: 6:20-cv-02270-JD-KFM, 2021 U.S. Dist. LEXIS 178626, at *7 (D.S.C Sept. 20, 2021) *aff'd Golden v. Apple, Inc. et al.*, No. 21-2160, 2022 U.S. App. LEXIS 8656 (4th Cir. Mar. 31, 2022); *Golden v. Apple Inc. et al.*, 6:20-cv-04353-JD-KFM, 2021 U.S. Dist. LEXIS 211540, *5 (D.S.C. Nov. 2, 2021) *appeal docketed* Fed. Cir. No. 22-1229.

Plaintiff wants, amongst other things, what appears to be the unreasonable sum of **$40 Billion** within 30 days based on four separate awards of **$10 billion**.[5]  Dkt. 15, at 20-21.  Plaintiff appears to pull the four awards of $10 Billion from thin air rather than making any attempt to show how the damages are tied to Qualcomm's alleged infringement or alleged antitrust violations within any window of eligible recovery.  Plaintiff instead points to Qualcomm's market cap and revenue.

Qualcomm has established that the Complaint is frivolous.  The crux of Plaintiff's antitrust claims rests on Qualcomm's business practices found not to violate antitrust law.  *See FTC*, 969 F.3d at 982, 1005 ("We now hold that the district court went beyond the scope of the Sherman Act, and we reverse").  Plaintiff cannot point to any definitive explanation how any Qualcomm product infringes any patent since the requisite analysis was omitted from his Complaint.  The best Plaintiff can muster is the conclusory allegation that Qualcomm infringes.  Nor is Qualcomm's decision to not buy Plaintiff's patent portfolio despite initial interest in 2011 bad conduct commiserate with **$40 Billion** in damages.

The Fourth *Eitel* Factor clearly weighs against default judgment because the Plaintiff is requesting an unreasonable sum based on a frivolous complaint.  *See e.g.*, *Eitel*, 782 F.2d at 1472 (affirming denial of motion for default judgment where alleged damages were $3 million); *Cooksey*, 2017 U.S. Dist. LEXIS 234875, *4 ("Plaintiff asks for $14 million from the Defendant, a large sum of money that weighs against granting default judgment."); *Helwan Cement S.A.E. v. Tahaya Misr Inv. Inc.*, No. 2:17-cv-00543-CAS-AFM, 2017 U.S. Dist. LEXIS 87641, (C.D. Cal. June 5, 2017) ($3 billion in damages weighed against granting default judgment); *AllChem Performance Prods. v. Aqualine Warehouse LLC*, No. CV-12-1520-PHX-DGC, 2013 U.S. Dist. LEXIS 118812, at *7-8 (D. Ariz. Aug. 21, 2013) ("request for $483,096 in damages weighs against awarding default judgment, particularly where the majority of [the plaintiff's] claims lack merit").

### 4.   *Eitel* Factor 5:  There is a Dispute of Material Fact

The Fifth *Eitel* factor requires the Court to consider the possibilities of a dispute of material

---

[5] The relief requested in the Motion for Default is inconsistent with the relief requested in the Complaint. *Compare* Dkt. 15, at 20-21 *with* Dkt. 1, at 35-36.

fact. "Where a plaintiff fails to adequately plead a legal claim, this factor 'is either neutral or disfavors default [judgment]." *Mohanna*, 2017 U.S. Dist. LEXIS 36481, at *12 (quoting *Fulton v. Bank of Am. N.A.*, No. 2:16-cv-04870-CAS-JCx, 2016 U.S. Dist. LEXIS 169344, at *5 (C.D. Cal. Dec. 6, 2016)) (parenthetical citations omitted). Facts and claims that are not well-pled "are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Pearson v. Nationstar Mortg.*, LLC, 5:16-cv-01079-CAS-AJW, 2016 U.S. Dist. LEXIS 133825, *15 (C.D. Cal. Sept. 26, 2016) (denying motion for default judgment in part because "plaintiff has not adequately alleged his claims, which are barred pursuant to the doctrine of res judicata.").

Qualcomm has demonstrated that Plaintiff failed to file a well-pled complaint that states a claim. Nor does the Court have subject matter jurisdiction over his frivolous claims. Plaintiff's failure to file a well-plead Complaint cannot support a default judgment. *See Danning*, 572 F.2d at 1388.

There is a high likelihood of a dispute of material fact in addition to Plaintiff's failure to file a well-pled Complaint. There is a material dispute of fact regarding the date of service. Qualcomm and the 9th Circuit both dispute the facts central to Plaintiff's antitrust allegations. Qualcomm will dispute factual allegations made by Plaintiff—including infringement and the validity of his patents—in an Answer should its Motion to Dismiss be denied.

This factor weighs against granting a default judgment because: (1) Plaintiff failed to plead a claim, and (2) the high likelihood of a dispute of material fact. *See Mohanna*, 2017 U.S. Dist. LEXIS 36481, at *12 ("Because Plaintiff here has not pled a legally viable claim, this factor weighs against entry of default judgment"); *Cooksey*, 2017 U.S. Dist. LEXIS 234875, at *4 ("There is a large probability that the parties will dispute the material facts, again weighing against default").

### 5. *Eitel* Factor 6: Even if Late, the Delay was Excusable

Qualcomm believes it filed the Motion to Dismiss early. If service did occur on June 28, 2022, Qualcomm's reliance on the July 7, 2022 service is still excusable. Qualcomm was served and recorded service on July 7, 2022. John A. Yates Declaration; Dkt 6-4. Counsel was preparing the now filed Motion to Dismiss based on this date. John A. Yates Declaration. Qualcomm had

no reason to suspect that it had been served prior to July 7, 2022. In any event, the Motion to Dismiss was filed three days after July 19, 2022, and Qualcomm is here to defend against the suit. If the Motion to Dismiss was late, the lateness was due to Qualcomm's reliance on Plaintiff's July 7, 2022 service. This reliance is at least excusable neglect. Therefore, this factor weighs against granting Plaintiff's Motion for Default Judgment.

### 6. *Eitel* Factor 7: Policy Favors Deciding Cases on the Merits

*Eitel* emphasizes that legal disputes "should be decided upon their merits whenever reasonably possible" and that "default judgments are ordinarily disfavored[.]" *Eitel*, 782 F. 2d at 1742 (citation omitted). Qualcomm is defending the lawsuit. Plaintiff's claims can against Qualcomm can be decided on the merits (or lack thereof, in this case). This factor weighs against granting Plaintiff's Motion for Default Judgment.

## IV.   CONCLUSION

Plaintiff has made repeated frivolous claims against Qualcomm and others in South Carolina and has brought his frivolous claims to the Northern District of California. Plaintiff wants an unreasonable sum without proving his frivolous claims. Default judgment is inappropriate because Qualcomm's Motion to Dismiss filed in response to Plaintiff's frivolous Complaint is not late. Nor does any *Eitel* factor weigh in Plaintiff's favor. Plaintiff's Motion for Default Judgment should be denied.

DATED: August 8, 2022.                             Respectfully submitted,

PATTERSON + SHERIDAN, LLP

By: */s/ Joseph John Stevens*
     Joseph John Stevens (CA Bar No. 242495)
     jstevens@pattersonsheridan.com

     50 W. San Fernando Street, Suite 250
     San Jose, CA 95113
     Tel: 650-384-4418
     Fax: 650-330-2314

     B. Todd Patterson (*pro hac vice* pending*)*
     tpatterson@pattersonsheridan.com
     John A. Yates (*pro hac vice*)
     jyates@pattersonsheridan.com

| | |
|---|---|
| 1 | Kyrie K. Cameron (*pro hac vice*) |
| 2 | kcameron@pattersonsheridan.com |
| 3 | 24 Greenway Plaza, Suite 1600 |
| | Houston, Texas 77030 |
| 4 | 713-623-4844 | 713-623-4846 |
| 5 | |
| 6 | *Attorneys for Defendant* |
| | *Qualcomm Incorporated* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
Case No.: 4:22-CV-03283-HSG