Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com
50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice* pending)
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846
*Attorneys for Defendant*
*Qualcomm Incorporated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>      *Pro Se* Plaintiff,<br><br>vs.<br><br>QUALCOMM INC.,<br><br>      Defendant. | Case No.: 4:22-cv-03283- HSG<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently:  Proposed Order; Proof of Service]<br><br>Date:       January 12, 2023<br>Time:       2:00pm<br>Courtroom:  2 |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................... ii

I.   INTRODUCTION ..................................................... 1

II.  PLAINTIFF'S RESPONSE IGNORES THE ISSUES ....................... 1

    A.   The Court Should Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) ..................................................... 1

    B.   The Court Should Dismiss the Complaint for Failure to State a Claim Under Rule 12(b)(6) ..................................................... 2

III. PLAINTIFF'S MOTION TO STRIKE QUALCOMM'S MOTION TO DISMISS IS FRIVOLOUS ..................................................... 5

    A.   Qualcomm's Motion to Dismiss was Timely ...................... 5

    B.   The Court Should Deny the Motion to Strike for Alleged Untimeliness ......... 6

    C.   The Court Should Dismiss the Motion to Strike on the Basis of the Government's Alleged Bad Acts ..................................................... 6

    D.   The Court Should Dismiss the Motion to Strike in View of Plaintiff's Assertion that Qualcomm Withheld its Consent to a Magistrate ....................... 7

IV.  THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ....... 8

    A.   Legal Standard ..................................................... 8

    B.   Plaintiff's Summary Judgment Motions are Premature ................. 9

    C.   Summary Judgment on Contributory Infringement Should be Denied ....... 9

    D.   Summary Judgment on Unjust Enrichment Should Be Denied ............. 12

V.   CONCLUSION ..................................................... 14

1

**TABLE OF AUTHORITIES**

2

Page

3

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)...............................................................................1

4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................2

5

*Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075 (N.D. Cal. March 11, 2010) ...2

6

*Bowser, Inc. v. United States*.  420 F.2d 1057 (C. Cl. 1970) .......................................................3

7

*Chandler v. United States*, No. 11-cv-5241, 2012 U.S. Dist. LEXIS 14816 (N.D. Cal. Feb. 7,
2012) ........................................................................................................................6

8

*Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335 (N.D. Cal. Mar. 13, 1991) ................6

9

*FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*,
969 F.3d 974 (9th Cir. 2020) ..................................................................................4

10

11

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) ......................................................9

12

*Garcia v. PNC Bank, N.A.*, No. C 14-3543-PJH, 2014 U.S. Dist. LEXIS 198316 (N.D. Cal. Sept.
29, 2014) ..................................................................................................................5

13

14

*Golden v. Apple Inc.*, 819 Fed. Appx. 930 (Fed. Cir. 2020), *cert. denied* 141 S. Ct. 1067 ......2, 4

15

*Golden v. Intel*, No. 5:22-cv-03828-NC, EFC No. 1-6, at 7-8 (N.D. Cal. June 28, 2022) .........14

16

*Golden v. United States*, No. 13-307C, ECF No. 96 (C. Cl. Dec. 8, 2016)................................7

17

*Golden v. United States*, No. 22-1196, ECF No. 20 (Fed. Cir. April 1, 2022)...........................7

18

*Golden v. United States,* 156 Fed. Cl. 623 (C. Cl. Nov. 10, 2021); *appeal pending* Fed. Cir. No.
2022-1196 .................................................................................................4, 7, 10, 11, 12,

19

20

*Lemelson v. United States*, 752 F.2d 1538 (Fed. Cir. 1985) ......................................................9

21

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S.
370 (1996) ................................................................................................................8

22

*Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337 (2018)......................................................2

23

*Sidibe v. Sutter Health*, No. 12-cv-04854-LB, 2019 U.S. Dist. LEXIS 79683 (N.D. Cal. April 12,
2019) ........................................................................................................................8

24

25

*TechSearch L.L.C. v. Intel Corp.*, 286 F.3d 1360 (Fed. Cir. 2002) ...........................................8

27

ii

26

28

*Uniloc U.S.A., Inc. v. Logitech, Inc.*, No. 18-CV-01304, 2018 U.S. Dist. 197194 (N.D. Cal. Nov. 17, 2018) ............................................................................................................................3

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(6)............................................................................................................2

Fed. R. Civ. P. 56....................................................................................................................8

Fed. R. Civ. P. 56(c) ...............................................................................................................9

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS
AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: 4:22-CV-03283- HSG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM IN SUPPORT OF QUALCOMM'S REPLY TO PLAINTIFF'S OPPOSITION TO QUALCOMM'S MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Qualcomm Incorporated ("Qualcomm") hereby replies to Plaintiff's Response to Qualcomm's Motion to Dismiss.  Qualcomm further opposes Plaintiff's cross-motion for summary judgment.

## I.   INTRODUCTION

This is the latest gambit by Plaintiff to mask the deficiencies of his patent infringement claims.  Plaintiff attempts to strike Qualcomm's Motion to Dismiss rather than substantively oppose it and ups the ante by seeking summary judgment on issues predicated on infringement prior to claim construction.

This should not surprise the Court.  Plaintiff is a serial filer of frivolous complaints based on an imagined conspiracy by the Government, Qualcomm, and others against him.  Dkt. 6-1, at 7-11.  Plaintiff has never made it past the pleading stage on any suit, several of which have been dismissed as frivolous.  This case is no different.

## II.   PLAINTIFF'S RESPONSE IGNORES THE ISSUES

Plaintiff largely failed to address the issues raised by Qualcomm in its Motion to Dismiss, opting instead to move to strike the Motion to Dismiss based on alleged rights violations caused by the United States Government—not Qualcomm.  This Court should grant Qualcomm's Motion to Dismiss because Plaintiff has failed to oppose it on the merits.

### A.   The Court Should Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

The Motion to Dismiss explained that the Court did not have subject matter jurisdiction because Plaintiff's claims are frivolous and because he lacks standing to bring his antitrust claims. Dkt. 6-1, at 13-21.   Further, Plaintiff is collaterally estopped from litigating the issue of frivolousness.  *Id.* at 20.  Plaintiff failed to rebut either issue.  The Court should dismiss Plaintiff's complaint in its entirety, including any supplemental state law claims.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

**B.     The Court Should Dismiss the Complaint for Failure to State a Claim Under Rule 12(b)(6)**

The Complaint is consistent with Plaintiff's previous frivolous complaints that have been dismissed in South Carolina. *See Golden v. Apple Inc.*, 819 Fed. Appx. 930, 931 (Fed. Cir. 2020), *cert. denied* 141 S. Ct. 1067 (The "complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant"). Plaintiff fails to show how his Complaint stated a claim for relief. This Court should dismiss Plaintiff's grossly inadequate infringement allegations under Fed. R. Civ. P. 12(b)(6).

**1.     Plaintiff Fails to State a Claim for Direct Infringement**

Plaintiff failed to place Qualcomm on notice of direct infringement as required to state a claim. *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (2018); *Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075, *15, 19-20 (N.D. Cal. March 11, 2010). Rather than show how any Qualcomm product—including the Snapdragon Chipsets and Snapdragon Ride Platform identified in the Complaint—infringes a patent, Plaintiff pointed to alleged infringement by General Motors[1] and Samsung. Plaintiff has a habit of submitting claim charts that "present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures." *Golden*, 819 Fed. Appx. at 931." Plaintiff's charts in this case are no different. Plaintiff simply concludes, without support, that Qualcomm is directly infringing unidentified patents. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff makes no attempt to explain how his Complaint put Qualcomm on notice of any infringement. Nor does he attempt to establish that he pleaded the requisite control for divided infringement. Plaintiff does identify a list of Qualcomm products allegedly in Samsung products.

---

[1] These accusations are recycled from the Complaint in Case 4 and have been found frivolous. *See* Dkt. 6-7, at ¶30.

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS
AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: 4:22-CV-03283-HSG

Dkt. 22, at 15.  These products were not identified in the Complaint.  In any event, Plaintiff does not explain how any of these newly raised products infringe beyond the bare allegation.

Plaintiff maintains that Qualcomm is barred from defending the infringement allegations he raised against the United States.  Plaintiff's basis for this position is a fundamental misunderstanding of *Bowser, Inc. v. United States*.  420 F.2d 1057, 1060 (C. Cl. 1970).  Plaintiff maintains this position despite Qualcomm explaining how *Bowser* is inapplicable.  Dkt. 6-1 at 23.  Plaintiff makes no attempt to rebut Qualcomm's argument and simply ignores it.

### 2.    Plaintiff Fails to State a Claim for Indirect Infringement

Plaintiff failed to plead that Qualcomm's products do not have substantial non-infringing uses as required to state a claim for contributory infringement.  Dkt. 6-1, at 24-26.  Plaintiff does not dispute his failure to plead.  Instead, Plaintiff seeks to gap-fill and alleges that Qualcomm's "process [for designing processors for OEMs trial use] has no substantial non-infringing use but infringement of the Plaintiff's patented inventions / process."  Dkt. 22, at 29.  Plaintiff provides no factual underpinnings to prove that the "Qualcomm design process" infringes or has any non-infringing use beyond the naked allegation.  Note the focus on the "design process" rather than the product.  When given the chance, Plaintiff failed to muster a conclusory allegation of substantial non-infringing uses by Qualcomm **products**.  Consequently, Plaintiff has not established that Qualcomm products identified in the Complaint have no substantial non-infringing uses, *i.e.*, that computer chips are not staple articles or commodities of commerce.  Qualcomm's Motion to Dismiss based on Plaintiff's failure to state a claim of contributory infringement should be granted for at least this reason.  *See Uniloc U.S.A., Inc. v. Logitech, Inc.*, No. 18-CV-01304, 2018 U.S. Dist. 197194, at *9 (N.D. Cal. Nov. 17, 2018) (granting defendants motion to dismiss contributory infringement claims where the plaintiff did not "provide factual underpinnings for its allegations that there are no substantial noninfringing uses of the accused devices").

Plaintiff includes what appears to be new charts of contributory infringement by unidentified parties.  Dkt. 22-28.  Each new chart cherry-picks a highly edited quote from various claims and provides what appears to be a brief explanation of what the charted claim allegedly covers.  None of these charts establish how any product infringes the entire claim.

Nor does Plaintiff make any attempt to show how the Samsung charts (Dkts. 1-5, 1-6, 1-7) support a claim for contributory infringement. The Samsung charts total 656 pages and appear to regularly recite the same vague allegations. These charts suffer from the same issue that have plagued him in his previous cases. *See Golden*, 819 Fed. Appx. at 931 (Plaintiff's charts "present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures"). Worse still, these charts rely on allegations of infringement rejected by the Federal Court of Claims. *Golden v. United States,* 156 Fed. Cl. 623, 628-32 (C. Cl. Nov. 10, 2021) (explaining why Plaintiff's infringement position was deficient) *appeal pending* Fed. Cir. No. 2022-1196; *infra* Section IV.C.2.

As for induced infringement, Plaintiff makes no attempt to rebut his failure to plead that Qualcomm specifically intended anyone to infringe and that the other party's acts constituted infringement. The Court should dismiss Plaintiff's induced infringement claims for this reason.

### 3.       Plaintiff Fails to State a Claim for Antitrust Violations

Plaintiff again relies on a Northern District of California judgment to support his antitrust claims despite knowing the case was overturned. *FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*, 969 F.3d 974, 982, 1005 (9th Cir. 2020) ("We now hold that the district court went beyond the scope of the Sherman Act, and we reverse."). Plaintiff's antitrust claims are based on the overturned opinion. *See* Dkt. 1, ¶¶59-64, 71-79; Dkt. 22, at 15-18. Plaintiff cannot simply ignore this adverse ruling. Nor can he plausibly state a claim for antitrust violations based on Qualcomm's business practices when the 9th Circuit has held otherwise. *FTC,* 969 F.3d at 1005 ("Qualcomm's patent-licensing royalties and 'no license, no chips' policy do not impose an anticompetitive surcharge on rivals' modem chip sales").

### 4.       Plaintiff's Claims are Time Barred

Plaintiff does not dispute that his antitrust claims are time barred under the Sherman Act's four year statute of limitations. Plaintiff's antitrust claims should be dismissed for this reason. Nor does Plaintiff dispute that his patent damages cannot extend beyond six years prior to filing the Complaint.

### 5.      Plaintiff's Non-Patent Claims should be Dismissed

Plaintiff does not dispute that his non-patent claims are wholly dependent on his defective patent infringement claims.  Plaintiff doubles down on patent infringement being the basis of his unjust enrichment claims as evidenced by his cross-motion for summary judgment on unjust enrichment.  The Court should dismiss Plaintiff's non-patent claims on the basis of his deficient patent claims.

## III.   PLAINTIFF'S MOTION TO STRIKE QUALCOMM'S MOTION TO DISMISS IS FRIVOLOUS

Plaintiff moves to strike Qualcomm's Motion to Dismiss because it was filed late (it was not)—a fact Qualcomm disputes—and it was submitted "in support of civil liberties violations . . . and civil rights violations [that] the federal judicial system has committed against Plaintiff." Dkt. 22, at 5.  This charge is frivolous and simply a distraction.

### A.      Qualcomm's Motion to Dismiss was Timely

Plaintiff does not enter a declaration by his process server to confirm that service was made on June 28, 2022 rather than July 7, 2022.  Plaintiff instead conjures up a hypothetical to explain away the discrepancy.  Per Plaintiff, Jane Doe is a receptionist and a co-worker of Elizabeth Ann Crowe.  In Plaintiff's hypothetical, Jane Doe accepted service on June 28, 2022, held onto these documents for Ms. Crowe for nine days before giving them to Ms. Crowe in the lobby.  Dkt. 22, at 3.  Ms. Crowe declared under oath that the *receptionist* notified her that a process server entered the lobby.  Dkt. 6-4, at 2.  Ms. Crowe met the process server, the "female individual," in the lobby. *Id.*

Plaintiff wants to rely on the declaration of Randi Callahan ("Callahan Declaration") as true.  The Callahan declaration does not establish that Ms. Callahan asked Jane Doe if they were authorized to accept service.  Dkt. 5, 4-8.  Ms. Callahan doesn't even the name of the person (Mrs. Crowe) who she served.  Courts have found a process server's failure to declare that the person served indicated they were authorized to be served as fatal. *Garcia v. PNC Bank, N.A.*, No. C 14-3543-PJH, 2014 U.S. Dist. LEXIS 198316, *2-3 (N.D. Cal. Sept. 29, 2014) ("There is no declaration from the process server or [the person served] indicating that she represented to the

process server that she was authorized to accept service.  Accordingly, the proof of service is insufficient to show that [defendant] was properly served").  The Court should not be fooled by Plaintiff's semantics.

### B.     The Court Should Deny the Motion to Strike for Alleged Untimeliness

Plaintiff's motion to strike Qualcomm's Motion to Dismiss is based on a disputed allegation that it was three days late[2]—it was not.  As an initial matter, motions to strike are disfavored.  *Chandler v. United States*, No. 11-cv-5241, 2012 U.S. Dist. LEXIS 14816 at *3-4 (N.D. Cal. Feb. 7, 2012).  A motion to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'"  *Id.* (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. Mar. 13, 1991)).  In *Chandler*, the court denied a motion to strike a seven day late motion to dismiss because "[u]under the circumstances, there appears to be no undue delay and no prejudice to the [p]laintiff."  *Id.* at *4.  Plaintiff has not established any prejudice based on Qualcomm's allegedly three day late filing beyond a reference to his failure to enforce his patents successfully.  Plaintiff cannot possibly establish prejudice by his own decades-long failure to state a claim.  Additionally, it is clear that striking Qualcomm's Motion to Dismiss will have a bearing on the subject matter of the litigation.  The Court should deny Plaintiff's Motion to Strike.

### C.     The Court Should Dismiss the Motion to Strike On the Basis of the Government's Alleged Bad Acts

A *pro se* plaintiff is given latitude, but is not immune to Rule 11.  Plaintiff makes significant allegations of civil rights and liberties violations and breaches of the model rules of ethics against Government Lawyers and the justice system.  This includes accusing a judge of making "several false statements."  Dkt. 22, at 12.  Plaintiff goes so far as to make the baseless allegation that Qualcomm expects "that this court is complicit and will follow suit."  *Id.* at 5.  Plaintiff's lack of

---

[2] Plaintiff believes that Qualcomm is barred from mounting a defense based on an allegedly late Motion to Dismiss extends to his Motion for Default Judgment.  Qualcomm has established why default judgment is inappropriate under the *Eitel* factor test—even if it was served for a first time on June 28, 2022—in its Opposition to Plaintiff's Motion for Default Judgment.  Dkt. 24.

citation[3] to any source supporting his allegations makes it difficult for Qualcomm to establish if these allegations are based in reality.  Plaintiff's allegations are found in a one-sided retelling of his failed attempts to sue the Government in Federal Claims Court, the successful *Inter Partes* Review by the Department of Homeland Security, and his failed attempts to get passed the screening Magistrate Judge in South Carolina.

At no point does Plaintiff allege that Qualcomm[4] violated his civil rights or liberties.  Nor does the Complaint state a claim for any civil rights or liberties violations.  Nevertheless, Plaintiff asks the Court to strike the Motion to Dismiss because Qualcomm did not inform the court of these alleged scandalous violations by the **Government** when identifying his multiple failed lawsuits. Plaintiff provides no legal or factual justification for the Court to strike any portion of the Motion to Dismiss—much less the motion in its entirety—for Qualcomm not including these scandalous allegations that are irrelevant to any issue in the Complaint.

Plaintiff can litigate these alleged violations in his various appeals of his failed litigations.[5] Plaintiff could have attempted—but did not attempt—to distinguish his failed efforts from the facts of this case.  However, Plaintiff cannot insert unsupported scandalous and irrelevant allegations against the Government to shield himself from Qualcomm's Motion to Dismiss.

### D. The Court Should Dismiss the Motion to Strike in View of Plaintiff's Assertion that Qualcomm Withheld its Consent to a Magistrate

It is unclear how Plaintiff believes Qualcomm could avoid an unfavorable ruling by Judge Westmore by submitting a proposed order (Dkt. 6-2) for signature of the assigned judge prior to

---

[3] For example, Plaintiff appears to be using quotes from a hearing on December 2, 2016 in his case against the government.  Dkt. 22, at 10, 2nd paragraph.  None of these quotes appear in the transcript of the hearing.  Hearing Transcript, *Larry Golden v. United States*, No. 13-307C, ECF No. 96 (C. Cl. Dec. 8, 2016).

[4] Plaintiff misidentifies Qualcomm, Apple, Samsung, and LG as defendants in his lawsuit against the Government.  *See Golden,* 156 Fed. Cl. at 623.

[5] Plaintiff appears to be levying "a number of scandalous and irrelevant accusations against the Government, the Court of Federal Claims, the District, of South Carolina, the [Federal Circuit], and the Supreme Court" in his appeal of Case 1.  Defendant-Appellee United States' Response to Appellant's Motion to Strike, *Larry Golden .v. United States*, No. 22-1196, ECF No. 20, at 1-2 (Fed. Cir. April 1, 2022) (appeal pending).

1   submitting the consent or declination form (Dkt. 13).  *See* Dkt. 22 at 3-4.  In any event, Qualcomm

2   declined Magistrate Judge Jurisdiction.  Dkt. 13.  A revised order will be submitted to the Court.

3   **IV.     THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED**

4          The Court should deny the Motion for Summary Judgment.  Plaintiff has failed to state a

5   claim for patent infringement or antitrust violations, much less a claim that overcomes the genuine

6   issue of material fact threshold.  Nor does this Court have subject matter jurisdiction.  Undeterred,

7   Plaintiff moves for summary judgment on a claim of contributory infringement and a claim of

8   unjust enrichment predicated on baseless antitrust and patent infringement allegations.  Nor has

9   Plaintiff established an absence of genuine issue of material fact.  Additionally, Plaintiff's motion

10  is premature.  In any event, Plaintiff's motions for summary judgment are moot in view of

11  Qualcomm's Motion to Dismiss.

12         **A.     Legal Standard**

13         Plaintiff does not address the standard for summary judgment.  Summary judgment is

14  appropriate when no genuine fact exists and the moving party "is entitled to judgment as a matter

15  of law."  Fed. R. Civ. P. 56.  The moving party bears the burden for demonstrating the absence of

16  genuine disputes of material fact and must inform "the court of the basis for the motion, and

17  [identify] portions of the pleadings, depositions, answers to interrogatories, admissions, or

18  affidavits that demonstrate the absence of a triable issue of material fact."  *Sidibe v. Sutter Health*,

19  No. 12-cv-04854-LB, 2019 U.S. Dist. LEXIS 79683 at *50-52, 57 (N.D. Cal. April 12, 2019).  The

20  Court must review the "evidence in the light most favorable to the non-moving party and draws

21  all factual inferences in the non-moving party's favor."  *Id.* at *51-52 (citations omitted).

22         "A patent infringement analysis involves two steps: 1) claim construction; and

23  2) application of the properly construed claim to the accused product."  *TechSearch L.L.C. v. Intel*

24  *Corp.*, 286 F.3d 1360, 1369 (Fed. Cir. 2002) (citing *Markman v. Westview Instruments, Inc.*, 52

25  F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996)).  Claim construction is a

26  question of law.  *Id.*  Applying the construed claims to the accused product is a question of fact.

27  *Id.*  "It is also well settled that each element of a claim is material and essential, and that in order

28  for a court to find infringement, the plaintiff must show the presence of every element or its

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS
AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: 4:22-CV-03283-HSG

substantial equivalent in the accused device." *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985).

In order to establish contributory infringement, the Federal Circuit has held that a patent owner must show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

### B.   Plaintiff's Summary Judgment Motions are Premature

Both of Plaintiff's summary judgment motions relate to the alleged infringement of Plaintiff's patents. Plaintiff's motions are filed before (1) Qualcomm has filed an answer, (2) any infringement or invalidity contentions have been exchanged, and (3) the claims have been construed. Plaintiff cannot reasonably expect the Court to grant summary judgment based on patent infringement when the claims have not been construed and before he has provided any infringement contentions to show how any product infringes any patent. Plaintiff's motions for summary judgment should be denied as premature.

### C.   Summary Judgment on Contributory Infringement Should be Denied

Plaintiff is not entitled to summary judgment for contributory infringement because he has failed to meet his burden of establishing no dispute of material fact on substantial non-infringing uses and on contributory infringement.

#### 1.   There is a Dispute of Fact Regarding Substantial Non-Infringing Uses

Plaintiff cannot meet his burden on contributory infringement because he wholly fails to demonstrate that no genuine dispute of material fact exists regarding whether or not Qualcomm's products have no substantial non-infringing uses. *Fujitsu*, 620 F.3d at 1326. Plaintiff cannot rely on any factual allegation in the Complaint on this issue, nor does he point to any material in the record to establish a substantial non-infringing use as required by Fed. R. Civ. P. 56(c). Instead, Plaintiff concludes, without any factual underpinning, that Qualcomm's process to design processors—not the processors themselves—have no substantial non-infringing uses. These conclusory allegations are insufficient to support a motion for summary judgment. And, Plaintiff's

own logic betrays him since his contributory infringement claims are based on Qualcomm's processors—not Qualcomm's design process.

### 2. There is a Dispute of Fact Regarding Contributory Infringement

Plaintiff wants the Court to take the extraordinary step grating summary judgment for contributory infringement without construing the claims. Plaintiff appears to reference the voluminous claim charts of Samsung's alleged infringement to support his claims of contributory infringement. Dkts. 1-5, 1-6, 1-7. These charts allege that third party Samsung infringes: claim 1 of the '497 Patent, claim 10 of the '752 Patent, claims 1-9 of the '189 Patent, Claims 13-23 of the '439 Patent, and claims 4-6 of the '287 Patent. Plaintiff does not allege or chart infringement of the '619 Patent or '891 Patent by Samsung.

The claim charts appear to be largely repetitive and often do not even address any specific component of a Samsung device that infringes. Instead of pointing to specific components of a Samsung device and showing how they infringe, Plaintiff often cites the patent specification and articles he found on the internet that do not show how Samsung infringes. *See, e.g.*, Dkt. 1-5, at 11-18, 201-210. Plaintiff knows that he cannot establish facts sufficient to establish contributory infringement by failing to identity what components of the Samsung product perform the claim. *Golden,* 156 Fed. Cl. at 630-31 ("That a device could do something is not sufficient to identify what component performs the necessary function . . . Plaintiff's corrected contentions fail to identify where in the accused devices a locking mechanism is present"). Yet, he persists. This shows that any effort to allow Plaintiff to amend will be futile because he has shown time and again that he is incapable of stating a claim for patent infringement against anyone—because no such claim exists.

The Federal Court of Claims has already had to deal with Plaintiff's attempts to assert that Samsung products infringe. The '497 Patent, '752 Patent, and '439 Patent include a hazard detector or sensor in the claim. *Golden,* 156 Fed. Cl. at 628-29. Plaintiff previously failed to establish how the "'NODE+' platform developed with NASA for the DHS Cell-All project"' showed how Samsung infringed. *Id.* (NODE+ is "not native to the devices as manufactured by Apple or Samsung" and are "separate from and extraneous to the accused devices."). The citation

to the NODE+ was insufficient to establish a claim of infringement. *Id.* Plaintiff continues to rely on the NODE+ to assert that Samsung infringes the sensors in his claims. *See, e.g.*, Dkt. 1-5, at 10 ('497 Patent claim 1), 17 ('752 Patent claim 10), 98 ('439 Patent claim 13), 107 ('439 Patent claim 14), 174 ('439 Patent claim 22), 188 ('439 Patent claim 23). Changing forum from the Federal Court of Claims to the Northern District of California does not change the merits, or lack thereof.

Claims 4-6 of the '287 Patent "includes one or more sensors or detectors for hazardous materials." *Golden*, 156 Fed. Cl. at 629-30. Plaintiff previously failed to identify the required "hazardous materials sensors" in a Samsung product and instead asserted that the "phone's brain, its CPU, ought to count as the sensor." *Id.* ("Plaintiff explains that the CPU is connected to the 'field devices' such as sensors to 'provide[] the interface between the CPU and the information providers (inputs)' and then performs whatever function the phone has been programmed to perform in response to those inputs"). This approach was deficient. *Id.* Plaintiff still maintains this deficient position that CPU is the sensor. *See* Dkt. 1-5, at 199 ('287 Patent claim 4), 209 ('287 Patent claim 5); Dkt. 1-6 at 6 ('287 Patent claim 6). Plaintiff relied on the same reasoning for the locking mechanism in the '287 Patent, which was rejected by the Court of Federal Claims. *Golden*, 156 Fed. Cl. at 629-30. Plaintiff relies on the same deficient reasoning here. Dkt. 1-5 at 198 (claim 4), 207, (claim 5); Dkt. 15-2 at 4 (claim 6).

Claims 7 and 8 of the '189 Patent also include "sensors for hazardous materials." *Golden*, 156 Fed. Cl. at 630. Plaintiff made no attempt to show where these limitations were in a Samsung device. Instead, the charts "quote from an *Inter Partes Review* at the Patent Office of a different patent and from the '189 specifications regarding sensors." *Id.* (emphasis in the original). Plaintiff current Samsung charts make the same error. *See* Dkt. 1-5, at 69 (claim 7 of the '189 Patent), 78 (claim 8 of the '189 Patent).

Nor could Plaintiff establish infringement for claim 2 of the '189 Patent or claim 14 of the '439 Patent by alleging that Samsung products are "'capable of sending signals to lock and unlock doors' and security systems in buildings and vehicles" without more. *Golden*, 156 Fed. Cl. at 630-31. Plaintiff's infringement allegations against Samsung rely on similar deficient

1   reasoning.  Dkt. 1-5 at 35 ('189 Patent claim 2) ("The devices are capable of sending signals to

2   lock and unlock doors"), 110-11 ('439 Patent claim 14).

3          Nor could plaintiff establish infringement for a "mechanism for locking the CMDC in

4   response to the detection of hazardous materials" by relying on an external carbon monoxide

5   detector "which communicates with the Samsung device via a downloaded application to provide

6   a warning to the user."  *Golden*, 156 Fed. Cl. at 631.  "Both examples are a clear misfire as they

7   do not purport to be a locking feature in response to a detected hazard, and, in the case of the

8   Samsung (and LG) devices, both require communication with another, un-accused device."  *Id*.

9   Plaintiff makes the same mistake again.  Dkt. 1-5, at 9-11 ('439 Patent claim 1), 17-20 ('752 Patent

10   claim 10).

11          Plaintiff's allegations of infringement against Samsung are clearly deficient.  Plaintiff does

12   not map the individual components of the Samsung devices, such as a Qualcomm component, to

13   the claim elements.  These deficiencies were highlight by the Federal Court of Claim.  Yet Plaintiff

14   still fails to analyze how each component of a Samsung device infringes the asserted claims and

15   instead relies on the same deficient reasoning for claim 1 of '497 Patent, claim 10 of the '752

16   Patent, claims 13, 14, 22, and 23 of the '439 Patent, claims 2, 7, 8 of the '189 Patent, and claims

17   4-6 of the '287 Patent rejected by the Court of Federal Claims.  The remaining asserted claims

18   the '189 Patent and the '439 Patent are similarly deficient for failing to specify how the individual

19   components of the Samsung device infringe a claim.

20          Plaintiff raises a series of new charts about select claims, including claims of the '891 and

21   the '619 Patent.  Dkt. 22, at 15-28.  These charts are directed to a cherry picked and edited quote

22   from each claim.  No chart establishes any product by Qualcomm—or anyone else—infringes any

23   claim.  These charts are wholly unable to establish the basis for infringement of any claim by

24   Qualcomm.

25       **D.**    **Summary Judgment on Unjust Enrichment Should Be Denied**

26          Plaintiff's claims of unjust enrichment and are predicated on (1) antitrust and (2) patent

27   infringement.  Dkt. 13-18.  *First*, Plaintiff relies on an overturned Northern District of California

28   opinion to establish the facts of his alleged antitrust violation.  Dkt. 22, at 13-18.  Plaintiff knows

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS
AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: 4:22-CV-03283-HSG

this case is overturned yet ignores this adverse ruling.  Plaintiff has failed to meet his burden that no genuine issue of material fact exists regarding his antitrust injury because the 9th Circuit has held that Qualcomm's business practices do not violate antitrust law.

*Second*, Plaintiff still has not established how any Qualcomm product directly infringes any of the patent, which prevents him from relying on a factual basis in the record for this allegation.  Nor has Plaintiff established contributory infringement as analyzed in Section IV.C.2.  Nor has Plaintiff established any factual basis for a claim of induced infringement.  As a result, Plaintiff has failed to show that he is entitled to judgments as a matter of law for any claim of patent infringement against any product.  Plaintiff's infringement claim, in addition to being baseless, are also premature since no claim has been construed.

Plaintiff also argues that "unjust enrichment exists because: 1) Plaintiff provided something of value to the defendant Qualcomm; 2) Qualcomm acknowledged, accepted and benefited from what Plaintiff provided."  Dkt. 22 at 15 (part of Motion for Summary Judgment for Contributory Infringement).  Plaintiff points to no evidence to support either assertion.  Plaintiff may be referring to his communications with Qualcomm in 2010-2011 about a potential license.  Plaintiff has not established that any of these communications resulted in Plaintiff providing anything of value or Qualcomm accepting or benefitting from what Plaintiff provided.  Plaintiff has not even produced these communications.  All Plaintiff can show is that Qualcomm didn't enter into a license or buy his patents.  This is a far cry from showing the factual basis needed to move for summary judgment for a claim of unjust enrichment.  Indeed, Plaintiff has failed to plead enough facts to establish a cause of action for which relief can be granted.  *See* Dkt. 6-1, at 21-27.

Finally, Plaintiff alleges that Qualcomm and its other non-defendant conspirators have not "produced evidence that Plaintiff's patents are invalid."  Dkt. 22, at 18.  This shows Plaintiff's fundamental misunderstanding of the steps of a patent infringement case.  Infringement contentions are due no "later than 45 days" after the Plaintiff serves its Disclosure of Asserted Claims and Infringement Contentions.  L. Pat. R. 3-3.  Plaintiff has not submitted this Disclosure of Asserted Claims and Infringement Contentions.  Plaintiff is unreasonably wanting a speed run

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS
AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: 4:22-CV-03283-HSG

on the issue of validity without following the proper procedure and before the claims are even construed. Qualcomm, should this case not be dismissed, will contest validity.

## V. CONCLUSION

Plaintiff's Response and Cross-Motion underscores the frivolousness of his claims and the vexatious nature[6] of his suits against Qualcomm and others. Plaintiff essentially ignored the substance of Qualcomm's Motion to Dismiss and moved to strike it on baseless grounds. As a result, Qualcomm's Motion to Dismiss is largely unopposed. Plaintiff misleads the Court about facts material to his case in addition to his scandalous allegations against the Government. His contributory infringement allegations against Qualcomm suffer from the same deficiencies identified in the Federal Court of Claims. It should be clear by now that Plaintiff will continue this unwarranted conduct against Qualcomm unless his meritless Complaint is dismissed with prejudice. The Court should grant Qualcomm's Motion to Dismiss, deny Plaintiff's Motion to Strike, and deny Plaintiff's Motion for Summary Judgment.

DATED: August 8, 2022.                    Respectfully submitted,

PATTERSON + SHERIDAN, LLP

By: */s/ Joseph John Stevens*
Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com

50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice* pending*)*
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com

---

[6] It has come to Qualcomm's attention that Plaintiff has told Intel's counsel that he wants "Intel to intervene in my case against Qualcomm and let the Court know Intel is positioned to take any contracts for 5G that Qualcomm is currently working on" and that he plans on trying to start a fight between Broadcom and Qualcomm. E-mail Correspondence between Plaintiff and Intel, *Larry Golden v. Intel,* No. 5:22-cv-03828-NC, EFC No. 1-6, at 7-8 (N.D. Cal. June 28, 2022). This was after Intel politely declined to take a license to the '891 Patent for $1 Billion dollars. *Id.* at 8.

Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846

*Attorneys for Defendant*
*Qualcomm Incorporated*

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS
AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: 4:22-CV-03283-HSG