# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 8642885605

(M) 8649927104

Email: atpg-tech@charter.net

**FILED**

**AUG 12 2022**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LARRY GOLDEN <br><br> *Pro Se* Plaintiff, <br><br> V. <br><br> QUALCOMM INC. <br><br> Defendant. | CASE NO: <u>4:22-cv-03283-HSG</u> <br><br> **(JURY TRIAL DEMANDED)** <br><br> **(Sherman Act) (Motive to Form a Conspiracy) (Conspiracy) (Unreasonable Restraint on Trade) (The Clayton Act) (Unjust Enrichment) (Contributory Infringement).** <br><br> August 11, 2022 |

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

Plaintiff is alleging Defendant's default was "willful" and that Defendant's pattern of not appearing or responding to summons is not the first. Defendant fail to appear to protect against the alleged patent infringement claims of Plaintiff in a related case (*Golden v. USA*).

It is the belief of Plaintiff that setting aside the default judgement will prejudice Plaintiff. Plaintiff also believes the Defendant has not presented a meritorious defense. For these reasons, Plaintiff is entitled to default judgment as a matter of law.

## QUALCOMM'S KNOWLEDGE OF PLAINTIFF'S NEW AND IMPROVED CELL PHONES; SMARTPHONES; CENTRAL PROCESSING UNITS (CPUs)

Qualcomm fail to disclose to this Court its knowledge of Plaintiff's patented central processing unit (CPU) designed for Plaintiff's patented communicating, monitoring, detecting, and controlling (CMDC) device (i.e., handset; new and improved cell phone; smartphone).

Plaintiff is alleging facts that supports Plaintiff's claim that Qualcomm had prior knowledge of Plaintiff's patented central processing units (CPUs) designed for Plaintiff's CMDC [handset] devices.

On November 4, 2010, Plaintiff emailed Kate Lane, Strategic IP, Qualcomm Incorporated (E-mail: clane@qualcomm.com); Direct: (858-658-2047)), to inform Ms. Lane of certain patented technology (i.e., CMDC—Smartphone—device; central processing unit (CPU); and, a Stall, Stop, and Vehicle Slowdown System for manned and unmanned electric, autonomous, and driverless vehicles).

Plaintiff asked if Qualcomm would be interested in entering into a licensing agreement with the Patent Owner (Plaintiff). Subject: "Patented Technology for Qualcomm's Review

Plaintiff mailed out letters dated December 7, 2010 addressed to the attention of Qualcomm's Chairman & CEO Dr. Paul E. Jacobs and Qualcomm's EVP & President Derek Aberle, (copies of the letters and return receipts are available upon request) informing the Executives of the Patent Owner's (Plaintiff) patented technology and asked if they would be interested in entering into a licensing agreement with the Patent Owner (Plaintiff).

After 10 months, Ms. Lane responded back via e-mail on September 29, 2011 with, "Hi Larry, I'm just checking in to see if this portfolio is still available for purchase. Please let me know. Thank you, Kate".

On October 5, 2011, Ms. Lane responded via e-mail, "Thanks Larry, [c]an you please take a few moments to fill out the attached Patent Information Request form for this? Please let me know if you have any questions. Best regards, Kate"

On October 11, 2011, the Patent Owner (Plaintiff) returned via e-mail, the answered Patent Information Request form to Ms. Lane. The Patent Owner (Plaintiff) made several attempts to contact Ms. Lane via e-mail and by phone after that, but never heard back from Ms. Lane.

## **DEFENDANT'S DEFAULT WAS "WILLFUL"**

The Defendant's response in the form of a motion to dismiss under 12(b)(1) & 12(b)(6) was filed beyond the date of default of 07/19/2022; and, the accompanying Declaration of Elizabeth Ann Crowe (Dkt. 6-4) lacks sufficient reliable facts to be taken as true.

Defendant Qualcomm failed to file an answer or otherwise defend this action, and the Clerk entered default date of July 19, 2022 as the last day for Qualcomm to submit a response. See Dkt. No. 5.

The Complaint states a claim upon which relief may be granted against Qualcomm. Qualcomm has been properly served with the Summons and Complaint, as required by Federal Rule of Civil Procedure 4, on June 28, 2022 (Dkt. 5). On or before July 19, 2022, Qualcomm has failed to answer or otherwise defend this action.

The Clerk of the Court properly entered the default date of July 19, 2022 against Qualcomm on July 19, 2022. Dkt. #5: "SUMMONS Returned Executed by Larry Golden. Qualcomm, Inc. served on 6/28/2022, answer due 7/19/2022. (Attachments: # 1 Envelope) (sfb, COURT STAFF) (Filed on 7/19/2022) (Entered: 07/20/2022)"

The Clerk's entry of Qualcomm's default date of July 19, 2022 simply means that Qualcomm is thereafter barred from defending against the lawsuit. Because of Qualcomm's default, the allegations in the Complaint filed in this action are taken as true.

Pursuant to the Court's authorization of service on June 10, 2022 (Dkt. 4), Plaintiff filed with the Court its return of service on Qualcomm, indicating completion of the required service on July 19, 2022.

With the "Summons in a Civil Action", Plaintiff also served on Qualcomm, on June 28, 2022, the Complaint; Order Setting Initial Case Management Conference; Civil Cover Sheet; and Consent or Declination. Callahan Attorney Services delivered the documents to Qualcomm at 5775 Morehouse Dr., San Diego, CA 92121.

The accompanying Declaration of Elizabeth Ann Crowe (Dkt. 6-4) lacks sufficient reliable facts to be taken as true. Ms. Crowe declares under penalty of perjury that, "[a]mong my other duties, I am one of the employees responsible for receiving and processing the service of process of legal documents". Ms. Crowe admits that she is one, not the only one, but only one of employees responsible for receiving and processing the service of process of legal documents".

3

Yet, Ms. Crowe will have this Court to believe that somewhere on the return of service documents, Plaintiff claims that personal service of Plaintiff's documents was made on her, in which Ms. Crowe writes, "[t]hat cannot be the case, as I was not present in the office that day."

Callahan Attorney Services declares under penalty of perjury that "Successful Attempt: June 28, 2022, 1:15 pm PDT at Company: 5775 Morehouse Dr, San Diego, CA 92121 received by Jane Doe - Legal Department and Authorized to Accept." We must accept as fact, Jane Doe is one of the other "employees responsible for receiving and processing the service of process of legal documents", who received the documents in Ms. Crowe's absence.

Neither I, or Callahan Attorney Services ever said the documents was received by Ms. Elizabeth Ann Crowe. It appears the receptionist [the female individual] held the documents for Ms. Crowe until her return. When the receptionist met Ms. Crowe in the lobby, Ms. Crowe was given a set of documents [not necessarily the documents of Golden] that "include[ed] Golden's Complaint and Summons filed in this action". **Exhibit A** – Elizabeth Ann Crowe's Declaration

Pursuant to FRCP Rule 55: Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to prolong a default judgement in this case; and, no genuine dispute as to whether Plaintiff properly served Qualcomm on June 28, 2022. Plaintiff is entitled to default judgment as a matter of law.

## SETTING ASIDE THE DEFAULT JUDGEMENT WILL PREJUDICE THE PLAINTIFF

If the Court vacates on striking the Defendant's motion to dismiss, it would result in a substantial hardship to the Plaintiff. Fifteen years of trying to negotiate with Qualcomm has been very stressful.

- Plaintiff tried in 2007-08 to negotiate a sub-contractor's agreement for Plaintiff's intellectual property in a DHS "Cell-All" initiative that would allow Plaintiff to receive royalties for his patented new and improved cell-phone; Qualcomm conspired with others [Apple, Samsung, & LG] to restrain Plaintiff from the market.
- In 2010 Plaintiff sent Qualcomm a licensing proposal. Plaintiff presented Qualcomm with a licensing proposal for Plaintiff's CMDC devices (new and improved cell phones; smartphones); Plaintiff's multi-sensor detection devices; Plaintiff's new and improved central processing units (CPUs); and, Plaintiff's stall, stop, vehicle slow-down systems.

4

- In 2011 Qualcomm ceased negotiations. Qualcomm negotiated up to the point of receiving information on Plaintiff's intellectual property subject matter. Plaintiff made several attempts at contacting Qualcomm afterward, but fail.
- On Nov. 30, 2016, the COFC, in Case No. 13-307C, *Golden v. USA* dismissed the Government's motion to dismiss under 12(b)(1) and 12(b)(6). Two days after that, in a telephone conference on 12/30/2016, the Court, without explanation, motion, or request, said it will give the Government, who was defending Qualcomm as a third-party contractor, another chance.
- On 03/29/2018, the COFC in Case No. 13-307C, (Dkt. 130) *Golden v. USA*, dismissed 39 of Plaintiff's claims of infringement because the Court started the consumer devices [cell phones; smartphones] are the private property of the manufacturers [Qualcomm; Apple, Samsung, and LG]. The private property of the manufacturers has nothing to do with whether the private property infringes a patent(s).
- On 04/22/19, the COFC in Case No. 13-307C, (Dkt. 169) *Golden v. USA*; Qualcomm was issued a notice to appear to defend against the allegations of infringement. Because Qualcomm failed to appear, Qualcomm is barred from defending the same infringement allegations in another Court. That is, this Court.
- On 11/10/21, the COFC in Case No. 13-307C, (Dkt. 249) *Golden v. USA*; in the Court's reported opinion, the Court never addressed the allegations of infringement against Qualcomm. Qualcomm was the primary contractor in the *Cell-All* initiative.
- Qualcomm has had nine (9) years to show non-infringement and/or patent invalidity.
- In this current NDC case no. 4:22-cv-03283-KAW, *Golden v. Qualcomm Inc.* Qualcomm fail to file an answer or response before or on the default date of July 19, 2022.

Because Qualcomm allegations of infringement was never addressed in the COFC, Plaintiff has brought this action in the Northern District of California. Plaintiff tried to bring this action against Qualcomm in the S.C. District Court but was victimized in the following ways:

- The Fifth Amendment of the U.S. Constitution provides, "No person shall be … deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

- The Seventh Amendment of the U.S. Constitution provides, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved …"
- Plaintiff's civil liberties are guarantees and freedoms that governments commit not to abridge, remove, or withhold from Plaintiff, either by legislation or judicial interpretation, without due process.
- Meanwhile, Plaintiff's civil rights are government policies and laws that have been created to protect Plaintiff from discrimination. Plaintiff's civil rights guarantee equal opportunities and protection under the law, regardless of race.

Pursuant to FRCP Rule 55: Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to prolong a default judgement in this case; and, no genuine dispute as to whether setting aside the default judgement will prejudice Plaintiff. Plaintiff is entitled to default judgment as a matter of law.

## PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT BECAUSE DEFENDANT HAS NOT PRESENTED A MERITORIOUS DEFENSE

Qualcomm fail to defend against Plaintiff's claim that Qualcomm is collecting a 5% running royalty on the price of each handset (i.e., new and improved cell phone; smartphone) that Plaintiff alleges is his patented communicating, monitoring, detecting, and controlling (CMDC) device (i.e., new and improved cell phone; smartphone). Plaintiff alleged "Qualcomm engaged in 'anticompetitive conduct that reasonably appear[s] capable of making significant contribution to . . . maintaining monopoly power'." *Qualcomm*, No. 17-CV-00220-LHK, slip op. at 42-43."

Qualcomm fail to defend against Plaintiff's claim that Qualcomm does not have the patent(s), patent rights, license, or authorization to collect a 5% running royalty on the price of each handset (i.e., new and improved cell phone; smartphone). Plaintiff alleges he has the patent(s), and patent rights to collect a royalty on the price of each handset sold (i.e., new and improved cell phone; smartphone).

Qualcomm fail to defend against Plaintiff's claim that Qualcomm is being unjustly enriched for charging a 5% royalty rate per the price of each phone sold, i.e., handset; smartphone, etc. According to Judge Koh, *in FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK

"Qualcomm's 5% royalty rate on the price of each phone sold is a species of unfair competition." The Federal Trade Commission Act bans "unfair methods of competition" and "unfair or deceptive acts or practices."

> "[t]he elements of unjust enrichment exist because: 1) Plaintiff provided something of value to the defendant Qualcomm; 2) Qualcomm acknowledged, accepted and benefitted from what Plaintiff provided; and, 3) it would be inequitable for Qualcomm to enjoy the benefit Plaintiff provided without compensating Plaintiff"

Qualcomm fail to defend against Plaintiff's claim that Qualcomm is being unjustly enriched for "tying" a CPU that Plaintiff alleges infringes his patented CPU—designed for use with Plaintiff's patented new and improved cell phones and smartphones—to its cellular modems and selling the component as a system-on-a-chip (SoC).

Qualcomm fail to defend against Plaintiff's contributory infringement claim that Qualcomm sells a Snapdragon CPU/Chipset/SoC that would be useful only if combined with Plaintiff's patented products of at least a new and improved cell phone, smartphone, handset, smartwatch, or stall, stop, vehicle slowdown system.

Qualcomm fail to defend against Plaintiff's claim that all of the alleged violations listed above was allegedly done by Qualcomm, with the goal of maintaining a monopoly.

> "… exploit existing public resources, in the form of people with smartphones …; as a Qualcomm representative argued: "Let's take advantage of the 300 million cell phones that are out there today. They're always with us" (Hoffman, 2011) Hoffman, D., Program Manager at Qualcomm, (2011). Qualcomm Project Presentation. Cell-All Live Demonstration for Environmental Sensing (Webcast), September 28. (accessed 17.09.12).

Qualcomm fail to defend against Plaintiff's claim that Plaintiff suffered from antitrust injuries. Qualcomm fail to argue antitrust standing. Plaintiff has "shown he suffered an antitrust injury and that Plaintiff is the proper party to bring suit."

Pursuant to FRCP Rule 55: Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to prolong a default judgement in this case; and, no genuine dispute as to whether Qualcomm has presented a meritorious defense. Plaintiff is entitled to default judgment as a matter of law.

## Antitrust Injury

Qualcomm fail to defend against Plaintiff's claim that Qualcomm is collecting a 5% running royalty on the price of each handset (i.e., new and improved cell phone; smartphone) that Plaintiff alleges is his patented communicating, monitoring, detecting, and controlling (CMDC) device (i.e., new and improved cell phone; smartphone). Plaintiff alleged "Qualcomm engaged in 'anticompetitive conduct that reasonably appear[s] capable of making significant contribution to . . . maintaining monopoly power'." *Qualcomm*, No. 17-CV-00220-LHK, slip op. at 42-43."

Plaintiff alleges he has suffered an antitrust injury because Plaintiff owns the patent(s), and patent rights to collect a royalty on the price of each handset sold (i.e., new and improved cell phone; smartphone).

In the opinion of the U. S. District Court for the District of Northern California; "Qualcomm leveraged its monopoly position in chips to secure unreasonably high rates for its SEPs. Qualcomm, for example, refused to provide must-have chips unless customers took the unreasonable IP licenses—the "no license, no chip" model.

Judge Koh, *in FTC v. Qualcomm Inc.*, reasoned that, "set against the backdrop of this illegal refusal to deal, the cost-raising "no license, no chip" policy hindered rivals, leading to anticompetitive harm in modem chips. Here, Judge Koh, quoting the D.C. Circuit's decision in *United States v. Microsoft Corp.*, held it sufficient that Qualcomm engaged in "anticompetitive conduct that reasonably appear[s] capable of making significant contribution to . . . maintaining monopoly power." *Qualcomm*, No. 17-CV-00220-LHK, slip op. at 42-43."

Qualcomm's "no license, no chip" policy is designed to force sell CPUs Plaintiff believe infringes his patented CPUs, that's tied to Qualcomm's cellular modem. Qualcomm's "no license, no chip" policy is only made possible by Qualcomm's unauthorized use of allegedly infringing CPUs of Plaintiff's patented CMDC devices (i.e., smartphones; handsets of OEM's).

Qualcomm is being unjustly enriched for charging a 5% royalty rate per the price of each phone sold, i.e., handset; smartphone, etc. The elements of unjust enrichment exist because: 1) Plaintiff provided something of value to the defendant Qualcomm; 2) Qualcomm acknowledged, accepted and benefitted from what Plaintiff provided; and, 3) it would be inequitable for Qualcomm to enjoy the benefit Plaintiff provided without compensating Plaintiff.

The United States District Court Northern District of California; *Federal Trade Commission v. Qualcomm Incorporated*, "FINDINGS OF FACT AND CONCLUSIONS OF

8

LAW" Case 5:17-cv-00220-LHK; Document 1490 Filed 05/21/19; Presiding United States District Judge Lucy H. Koh has concluded Qualcomm is being unjustly enriched from its anticompetitive practices: "Qualcomm stopped licensing rival modem chip suppliers and instead started licensing only OEMs at a ***5% running royalty on the price of each handset sold***. These licenses are called Subscriber Unit License Agreements ("SULA") …"

"Specifically, Qualcomm charges a 5% running royalty on handset sales for a license to Qualcomm's CDMA patent portfolio. Qualcomm's 5% royalty rate on the price of each phone sold is a species of unfair competition.  The Federal Trade Commission Act bans "unfair methods of competition" and "unfair or deceptive acts or practices." The Supreme Court has said all violations of the Sherman Act also violate the FTC Act.

Judge Lucy Koh issued her decision in *FTC v Qualcomm*. The facts that were key in the Judge's analysis included the following:

- Qualcomm employed a business model where it sold chips to handset makers under a supply agreement, while simultaneously licensing its SEPs to them under what it called a 'subscriber unit license agreement' (SULA). Under the SULA, the handset makers pay royalties of 5% on the price of each phone sold…

Qualcomm's anticompetitive practices has destroyed all possibilities for the Plaintiff to receive royalty compensation for Plaintiff's patented CMDC (handset) devices and Plaintiff's patented CPUs. The OEMs are already paying royalties to Qualcomm on every handset sold; and, the OEMs are already paying an increased royalty rate for Qualcomm's chipsets that include Plaintiff's patented CPUs. This injury is of the type the antitrust laws were intended to prevent; which makes the defendant's conduct unlawful.

Qualcomm is being unjustly enriched for charging a 5% royalty rate per the price of the phone, i.e., Plaintiff's CMDC device; handset; smartphone, etc. Plaintiff has the right to exclude Qualcomm from "using" Plaintiff's CMDC devices—handsets to unjustly enrich itself.

Plaintiff is entitled to stop Qualcomm's use of the Plaintiff's inventions to generate revenue (5% royalty on each handset sold) by seeking a legal injunction in Federal Court.

Qualcomm's anticompetitive practices has restrained Plaintiff from entering the market to collect royalties on his patented inventions. Plaintiff is entitled to collect damages from

Qualcomm for any unlicensed use of his inventions. Damages are generally calculated based on lost profits Plaintiff suffered as a result of the antitrust injury.

The Federal Trade Commission and U. S. District Court for the District of Northern California has already determined Qualcomm's anticompetitive practices include collecting royalties on the price of each handset sold. This issue was not overturned by the Ninth Circuit and Qualcomm has not corrected the matter.

Pursuant to FRCP Rule 56: Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to retry the *FTC v. Qualcomm* case; and, no genuine dispute as to who own the patent rights for the handsets Qualcomm is unjustly enriching itself with. Plaintiff is entitled to judgment as a matter of law.

Plaintiff is willing to settle damages at 5% of the estimated total annual revenues Qualcomm has receive beginning in year 2010 and carried through 2026 [$439.31B]. To compensate Plaintiff for his antitrust injury, Plaintiff is asking the Court to award Plaintiff $20B; which is 4.6% of Qualcomm's total revenue for the years 2010-2026. Under the Clayton Act, if Qualcomm refuses or challenges this offer, Plaintiff is asking the Court to triple the amount for the antitrust injury.

**Qualcomm's Combined Forward Look and**
**Actual Annual Revenues for years 2010–2026**
**(*Data retrieved from Macrotrends*)**

| Total Revenue | $439.317B |
|---|---|

## Contributory Infringement

Plaintiff's contributory infringement claim is demonstrated when Qualcomm sells a Snapdragon CPU/Chipset/SoC that would be useful only if combined with Plaintiff's patented products of at least a new and improved cell phone, smartphone, handset, or stall, stop, vehicle slowdown system (Advanced Driver Assistance System (ADAS)).

**Defendant Fabricates 'Notice Requirement' for Contributory Infringement:**
Amongst the many areas the Defendant is attempting to misguide this Court, the Defendant has only concocted the requirement of 35 U.S.C. § 271(c) to include putting a Defendant on notice. Defendant writes: "Plaintiff failed to plead a claim for direct infringement because the Complaint

does not include facts sufficient to put Qualcomm on notice of the accused infringement" … "[a] complaint must "place the potential infringer…on notice of what activity … is being accused of infringement" … "Plaintiff fell fall short putting Qualcomm on notice of the accused infringement." 35 U.S.C. § 271(c) does not include a notice requirement:

> *"Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."*

35 U.S.C. § 271(c) only has a knowledge requirement and an intent requirement. Qualcomm must know of the patent(s) to be liable for its contributory infringement: "§ 271(c) requires knowledge of the existence of the patent that is infringed." *Global-Tech* (U.S. 05/31/2011) (calling this "§ 271(c)'s intent requirement."). § 271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. (Aro II)* (U.S. 06/08/1964); "In *Aro II*, a majority held that a violator of § 271(c) must know 'that the combination for which his component was especially designed was both patented and infringing, '377 U.S., at 488.

Therefore, Qualcomm's misguided and concocted theories of "fail to show direct infringement" and "fail to give notice requirement" is only introduced to prolong this case and to have Plaintiff defend a theory that is not founded in contributory infringement law.

Qualcomm commits contributory infringement when Qualcomm supply the Snapdragon CPU/Chipset/SoC as components of a patented invention, knowing that the components will be used to infringe Plaintiff's patents. Qualcomm may be held liable for contributory patent infringement even though Qualcomm did not actually engage in infringing activities.

Qualcomm is directing this Court's attention to direct infringement only; not as a necessary predicate to proving contributory infringement, but to get the Court to dismiss Plaintiff's case for failure to give Qualcomm notice of the direct infringement [Qualcomm knew the Snapdragon CPU/Chipset/SoC will be used to infringe Plaintiff's patents or designed for infringing use. (35 U.S.C. § 271(c)]. For this reason, also, Defendant's Motion to Dismiss should be stricken from the record and dismissed.

Unlike direct infringement, the standard for contributory infringement imposes a knowledge requirement. The contributory infringer must have known that the component, material or apparatus was either: Used to infringe a patent or designed for infringing use. (35 U.S.C. § 271(c)).

Qualcomm has had nine (9) years to present a patent(s) that proves Qualcomm has patent rights to exclude others from making, using, selling, or offering for sale, a CMDC device of at least that of a handset, smartphone, or new and improved cell phone.

Qualcomm has had an equal amount of time to pull from the original engineering manufacturers (OEMs)—Apple, Samsung, & LG—collection of patents to produce at least one patent that gives Qualcomm the patent rights to exclude others from making, using, selling, or offering for sale, a CMDC device of at least that of a handset, smartphone, or new and improved cell phone.

Willful infringement requires that Plaintiff plead Qualcomm were "aware of the asserted patents but acted despite an objectively high likelihood that [their] actions constituted infringement of Plaintiff's valid patents." The complaint adequately alleges that Qualcomm committed acts of infringement with full knowledge of the Plaintiff's rights in its patents. That is sufficient.

Pursuant to FRCP Rule 56: Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to retry the *FTC v. Qualcomm* case; and, no genuine dispute as to whether Qualcomm's alleged contributory infringement is willful. Plaintiff is entitled to judgment as a matter of law.

Plaintiff is willing to settle damages at 5% of the estimated total annual revenues Qualcomm has receive beginning in year 2010 and carried through 2026 [$439.31B]. Plaintiff is asking the Court to award Plaintiff $20B, which is 4.6% of Qualcomm's total revenue. If Qualcomm refuses or challenges this offer, Plaintiff is asking the Court to triple the amount for willful infringement.

**Qualcomm's Combined Forward Look and
Actual Annual Revenues for years 2010–2026
(*Data retrieved from Macrotrends*)**

| | |
|---|---|
| **Total Revenue** | **$439.317B** |

## QUALCOMM HAS NO GENUINE DISPUTE AS TO
## SUBJECT MATTER JURISDICTION

Pleading patent infringement does not require a claim chart, says a court considering the requirements for pleading both direct and indirect [contributory] infringement under *FRCP 8* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Crypto Research, LLC v. Assa Abloy, Inc.*, No. 16 Civ. 1718 (AMD) (RER) (E.D.N.Y. Feb 17, 2017), "the mere sale of [Qualcomm's Snapdragon CPU/Chipset/SoC] is enough to plead Qualcomm's intent to induce its end-users' infringement."

In this case Plaintiff has submitted into record, seven of Plaintiff's patents that are issued with the *presumption of validity* to show Plaintiff owns the patent rights to the "smartphone".

> *35 U.S.C. § 282(a). **In General**. A patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity. [must prove invalidity on the heightened standard of clear and convincing evidence]*

Issued patents are not <u>*frivolous*</u>. "A patent shall be presumed valid." 35 U.S.C. § 282. The courts have interpreted this statutory provision to mean that, in order for a challenger to prove that a patent is invalid for violating one of the provisions of the Patent Act, he must make such proof by the heightened standard of 'clear and convincing' evidence.

The rationale behind this statutory provision is that the PTO is a Federal agency that has already passed on the validity of the claims of issued patents. Patent examiners are presumed to be experts in the subject matter of reviewing patent applications and granting patents. Thus, for the initial Federal review by an expert to have any meaning, a challenger must present evidence that reaches a higher level than merely more likely than not.

The threshold requirement for a claim of contributory infringement is the existence of direct infringement. *See Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518 (1972).

When Qualcomm, sells or offers to sell a component or part [Qualcomm's Snapdragon CPU/Chipset/SoC] that's used exclusively for a patented item [Plaintiff's CMDC device—new

and improved cell phone, smartphone, etc.] or process; is likely contributorily liable. Qualcomm do not have to be involved in the sale, manufacture or use themselves to be liable.

Plaintiff's is only responsible for showing that the existence of direct infringement is with the new and improved cell phone or smartphone, not, with the central processing unit (CPU).

Plaintiff submitted into record a sample preliminary claim chart of Samsung products to illustrate direct infringement of 25 of Plaintiff's patent claims for Plaintiff's CMDC devices. (Docketed in this at Dkt. 1, Exhibits K-1, K-2, and K-3)

Plaintiff has described his smartphone invention as a communicating, monitoring, detecting, and controlling (CMDC) device, that is grouped together by common features of design similarities of at least that of a cell phone, smartphone, laptop, tablet, or smartwatch.

Plaintiff has presented at least 45 patent claims that covers Plaintiff's communicating, monitoring, detecting, and controlling (CMDC) device. Plaintiff is able to describe the new, useful, improved upon cell phone as a CMDC device in one (1) patent claim.

| Claim 23 of Plaintiff's '439 Patent | |
|---|---|
| **PREAMBLE** | ***A cell phone comprising***:<br><br>a central processing unit (CPU) for executing and carrying out the instructions of a computer program; |
| <u>C</u>OMMUNICATING | at least one of a satellite connection, Bluetooth connection, WiFi connection, internet connection, radio frequency (RF) connection, cellular connection, broadband connection, long range radio frequency (RF) connection, short range radio frequency (RF) connection, or GPS connection; |
| <u>M</u>ONITORING | wherein the cell phone is equipped with a biometric lock disabler that incorporates at least one of a fingerprint recognition, voice recognition, face recognition, hand geometry, retina scan, iris scan, or signature such that the cell phone is locked by the biometric lock disabler to prevent unauthorized use; |
| <u>D</u>ETECTING | at least one of a chemical sensor, a biological sensor, an explosive sensor, a human sensor, a contraband sensor, or a radiological sensor capable of being disposed within, on, upon or adjacent the cell phone; |
| <u>C</u>ONTROLLING | whereupon the cell phone is interconnected to the cell phone detection device to receive signals or send signals to lock or unlock doors, to activate or deactivate security systems, to activate or deactivate multi-sensor detection systems, or to activate or deactivate the cell phone detection device; |

# **RELIEF**

Plaintiff is asking the Court to grant Plaintiff's Motion for Default Judgement. Plaintiff has alleged Defendant's default was "willful" and that Defendant's pattern of not appearing or responding to summons, is not the first. Defendant fail to appear to protect any interest they may have against the alleged patent infringement claims of Plaintiff, in a related case (*Golden v. USA*).

It is the belief of Plaintiff that setting aside the default judgement will prejudice Plaintiff. Plaintiff also believes the Defendant has not presented a meritorious defense. For these reasons, Plaintiff is entitled to default judgment as a matter of law.

Plaintiff is asking the Court to strike Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, and Attachments: # 1 Memorandum of Points and Authorities, # 2 Proposed Order, # 3 Certificate/Proof of Service, # 4 Declaration, # 5 Declaration, # 6 Exhibit 1, # 7 Exhibit 2, # 8 Exhibit 3) Filed as (Dkt. 6) on 7/22/2022, because a default judgement nullifies the Motion to Dismiss.

Sincerely,

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of August, 2022, a true and correct copy of the foregoing "Plaintiff's Reply in Support of Plaintiff's Motion for Default Judgement", was served upon the following Defendant by priority "express" mail:

Joseph John Stevens

PATTERSON & SHERIDAN, LLP

50 West San Fernando Street, Suite 250

San Jose, CA 95113

Phone: (650) 384-4418

Fax: (650) 330-2314

Email: jstevens@pattersonsheridan.com

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LARRY GOLDEN,

   *Pro Se* Plaintiff,

vs.

QUALCOMM INC.,

   Defendant.

Case No.: 4:22-cv-03283-KAW

**DECLARATION OF ELIZABETH ANN CROWE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Date:   October 6, 2022
Time:   1:30pm
Courtroom: TBD
Judge:  Honorable Kandis A. Westmore

I, Elizabeth Ann Crowe, do hereby declare as follows:

1.      I am an employee of Qualcomm Incorporated.  I am an Administrative Assistant to Vice President/Senior Vice President in the Qualcomm Incorporated Legal Department. My office is located at 5775 Morehouse Dr. San Diego CA 92121.  Among my other duties, I am one of the employees responsible for receiving and processing the service of process of legal documents.

2.      I submit this declaration based on my personal knowledge in support of Defendant's Motion to dismiss, and if called upon, could and would testify completely as to the statements made herein.

3.      On July 7, 2022, I was notified by our receptionist that a process server had entered our reception area.  The female individual had a set of documents including Mr. Golden's Complaint and Summons filed in this action.  I met the female individual in the lobby and received those documents.  I notified our legal team of the service that day.  Attached is a true and correct copy of a partially redacted email chain showing that Qualcomm was served July 7, 2022, attached hereto as Exhibit A.

4.      I understand that Mr. Golden has claimed that personal service of these documents occurred on June 28, 2022.  That cannot be the case, as I was not present in the office that day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2022 in San Diego, California.


Respectfully submitted,

By: _Elizabeth Ann Crowe_
Elizabeth Ann Crowe

2
DECLARATION OF ELIZABETH ANN CROWE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.: 4:22-CV-03283-KAW

# EXHIBIT A

Partialy Redacted Email Chain



**From:** SharePoint Online Flow <sharepointonlineflow@qualcomm.com>
**Sent:** Thursday, July 7, 2022 5:02 PM
**To:** summons.team <summons.team@qualcomm.com>
**Subject:** Larry Golden v. Qualcomm Incorporated, Action Required - New Legal Document Received - Privileged and Confidential


Qualcomm Legal Team,

A new legal document has been served on Qualcomm Incorporated (see the attached document for details.). Please reply all if you are responsible for this item and I will log the appropriate tracking information in our database.

**Document Information**
 Title: Complaint for Antitrust Law Violations and Patent Infringement
 Type: Summons/Complaint
 Case Name: Larry Golden v. Qualcomm Incorporated
 Case Number: 4:22-cv-03283-KAW
 Court: Dist. - NDCA
 Date Served: 2022-07-07
 Issuing Company: Plaintiff Larry Golden
 Method of Service: Personal svc - dropped


**Privileged and Confidential**