Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com
50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice*)
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846
*Attorneys for Defendant*
*Qualcomm Incorporated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>    *Pro Se* Plaintiff,<br><br>vs.<br><br>QUALCOMM INC.,<br><br>    Defendant. | Case No.: 4:22-cv-03283- HSG<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION**<br><br>[Filed concurrently: Proposed Order; Proof of Service] |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION**

Defendant Qualcomm Incorporated ("Qualcomm") hereby opposes Plaintiff's Administrative Motion to consider this case related with Intel, Inc. ("Intel"). *See Golden v. Intel*, No. 5:22-cv-03828-NC.

Plaintiff has repeatedly filed frivolous lawsuits asserting his patents against Qualcomm and others, but has never made it past the pleading stage. Dkt. 6-1, at 7-11. Qualcomm has explained that this Court does not have subject matter jurisdiction over these frivolous claims. *Id.* at 13-21. Qualcomm has identified Plaintiff's failure to state a claim for which relief can be granted. *Id.* at 21-27. Plaintiff's Samsung charts contain the same fatal flaws that resulted in another case being dismissed. Dkt. 25, at 14-16. Importantly, judicial efficiency on the issue of patent infringement will not be increased because Qualcomm and Intel's Products are different and because Plaintiff failed to state a claim for patent infringement.

The majority of Plaintiff's motion is dedicated to allegations regarding a now overturned Northern District of California decision. *FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*, 969 F.3d 974, 982, 1005 (9th Cir. 2020) ("We now hold that the district court went beyond the scope of the Sherman Act, and we reverse."). No judicial efficiency will be gained by joining Intel because the 9th Circuit has already held that Qualcomm's business practices did not violate antitrust law. *Id.* ("Qualcomm's patent-licensing royalties and 'no license, no chips' policy do not impose an anticompetitive surcharge on rivals' modem chip sales").

Qualcomm respectfully requests that Plaintiff's Motion be denied.

DATED: August 19, 2022.

Respectfully submitted,

PATTERSON + SHERIDAN, LLP

By: */s/ Joseph John Stevens*
Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com

50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

1
2   B. Todd Patterson (*pro hac vice* pending*)*
    tpatterson@pattersonsheridan.com
3   John A. Yates (*pro hac vice*)
    jyates@pattersonsheridan.com
4   Kyrie K. Cameron (*pro hac vice*)
    kcameron@pattersonsheridan.com
5
6   24 Greenway Plaza, Suite 1600
    Houston, Texas 77030
7   713-623-4844 | 713-623-4846
8   *Attorneys for Defendant*
    *Qualcomm Incorporated*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION
Case No.: 4:22-CV-03283-HSG