Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com
50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice*)
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846
*Attorneys for Defendant*
*Qualcomm Incorporated*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN, | Case No.: 4:22-cv-03283-HSG |
| *Pro Se* Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION** |
| vs. | |
| QUALCOMM INC., | [Filed concurrently:  Proposed Order; Proof of Service] |
| Defendant. | |
| | Date:          Unnoticed by Plaintiff |
| | Time:          Unnoticed by Plaintiff |
| | Courtroom:  Unnoticed by Plaintiff |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARD............................................................................................ 2

III.    A PERMANENT INJUNCTION IS INAPPROPRIATE ...................................... 2

        A.    Plaintiff Cannot Establish Actual Success on the Merits......................... 2

        B.    Plaintiff Cannot Establish Irreparable Harm............................................ 9

        C.    Plaintiff has an Adequate Remedy at Law................................................ 12

        D.    Balance of Hardships Weights against Granting an Injunction ............... 14

        E.    Public Interest Would Not Be Served by Granting the Injunction ...................... 15

IV.    CONCLUSION.................................................................................................... 16

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
Case No.: 4:22-CV-03283- HSG

# **TABLE OF AUTHORITIES**

Page

*Amoco Prod. Co. v. Village of Gambell*,

    480 U.S. 531 (1987)..................................................................................... 2

*Apple Inc. v. Samsung Elecs. Co.*,

    695 F.3d 1370 (Fed. Cir. 2012)................................................................. 10

*Apple Inc. v. Samsung Elecs. Co.*,

    735 F.3d 1352 (Fed. Cir. 2013)................................................................. 11

*Apple Inc. v. Samsung Elecs. Co.*,

    809 F.3d 633 (Fed. Cir. 2015)................................................. 10, 11, 12

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009)..................................................................................... 5

*Bird v. United States*,

    51 Fed. Cl. 536 (C. Cl. 2002)..................................................................... 3

*Bowser, Inc. v. United States*,

    420 F.2d 1057 (C. Cl. 1970) ...................................................................... 3

*Cave Consulting Group, LLC v. OptumInsight, Inc.*, No. 5:11-cv-00469-EJD,

    2016 U.S. Dist. LEXIS 120932 (N.D. Cal. Sept. 7, 2016) *rev'd and vacated in part on*

    *other grounds, and remanded,* 725 Fed. Appx. 988 (Fed. Cir. 2018) *cert denied* 139 S.

    Ct. 825 (2019), *appeal dismissed* 2019 U.S. App. LEXIS 40391 (Fed. Cir. 2019).......... 11

*Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS,

    2020 U.S. Dist. LEXIS 5440 (N.D. Cal. Jan. 10, 2020) .................................................... 13

*Conceptus, Inc. v. Hologic, Inc.*, No. C-09-02280 WHA,

    2012 U.S. Dist. LEXIS 2239 (N.D. Cal. Jan. 9, 2012) .................................................... 13

*eBay Inc. v. MercExchange, L.L.C.*, LLC,

    547 U.S. 388 (2006)..................................................................................... 2

*Fitness Anywhere LLC v. Woss Enters. LLC*, No. 14-cv-01725-BLF,
    2018 U.S. Dist. LEXIS 198095 (N.D. Cal. Nov. 20, 2018)............................................... 15

*FTC v. Qualcomm*,
    411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*, 969 F.3d
    974 (9th Cir. 2020)............................................................................................... 4, 10

*Golden v. Apple Inc.*,
    819 Fed. Appx. 930 (Fed. Cir. 2020), *cert. denied* 141 S. Ct. 1067 (2021) ...................... 7

*Golden v. United States*,
    137 Fed. Cl. 155 (C. Cl. Mar. 29, 2018), *appeal dismissed* Fed. Cir. No. 2018-1942
    (Fed. Cir. 2018)....................................................................................................... 7

*Golden v. United States*,
    156 Fed. Cl. 623 (C. Cl. Nov. 10, 2021) *appeal pending* Fed. Cir. No. 2022-1196... 3, 7, 8

*Golden v. United States*, No 1:13-cv-00307-EGB,
    ECF. No. 197 (C. Cl. Nov. 5, 2020). .............................................................. 7, 8

*Hynix Semiconductor Inc. v. Rambus Inc.*,
    609 F. Supp. 2d 951 (N.D. Cal. Feb. 23, 2009) ................................................ 14

*Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels.*,
    730 F.3d 1024 (9th Cir. 2013) ............................................................... 2, 14, 15

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)........................................................................................ 6

*Mast v. Long*,
    84 F. Appx. 786 (9th Cir. 2003).......................................................................... 6

*Poorsina v. Tan Tseng*, No. 20-cv-09122-SBA,
    2022 U.S. Dist. LEXIS 101666 (N.D. Cal. June 7, 2022) ..................................... 3, 6, 10

*Rite-Hite Corp. v. Kelley Co.*,
56 F.3d 1538 (Fed. Cir. 1995) ............................................................................... 12

iii

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
Case No.: 4:22-CV-03283- HSG

*SC Innovations, Inc. v. Uber Techs., Inc.*, No. 18-cv-07440-JCS,

    2021 U.S. Dist. LEXIS 89932 (N.D. Cal. May 11, 2021) ................................................ 13

*Somers v. Apple*, *Inc.*,

    729 F.3d 953 (9th Cir. 2013) ........................................................................................... 3

*Steel Co. v. Citizens for a Better Env't*,

    523 U.S. 83 (1998) ........................................................................................................... 5

*Transnor (Bermuda), Ltd. v. BP North America Petroleum*,

    736 F. Supp. 511, (S.D.N.Y May 10, 1990) ................................................................... 13

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,

    329 F. Supp. 3d 1070 (N.D. Cal. July 19, 2018) ........................................................... 10

*Welsh v. Am. Home Mortg. Assets, LLC*, No. 4:13-CV-04750-CW,

    2014 U.S. Dist. LEXIS 139337 (N.D. Cal. Sept. 30, 2014) ............................................ 2

*Y.Y.G.M. SA v. Redbubble Inc.*, No. 2:19-cv-04618-RGK-JPR,

    2021 U.S. Dist. LEXIS 192250 (C.D. Cal. Oct. 5, 2021),

    *appeal pending* 9th Cir. No. 21-56150 ........................................................................ 12

**Rules and Statutes**

15 U.S.C. §15(b) ...................................................................................................................... 7

28 U.S.C. §1498 ...................................................................................................................... 7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
Case No.: 4:22-CV-03283- HSG

**DEFENDANT'S OPPOSITION TO**

**PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

Defendant Qualcomm Incorporated ("Qualcomm") hereby opposes Plaintiff's Motion for Permanent Injunction.

## I.   INTRODUCTION

The initial case management order (Dkt. 2) required the parties to meet and confer about "initial disclosures, early settlement, ADR process selection, and [a] discovery plan" by August 16, 2022. Plaintiff never reached out to set up this required meet and confer. Qualcomm instead initiated the meet and confer, and the parties discussed what was required per the initial case management order on August 16, 2022. Both parties agreed that this case was not appropriate for ADR. The parties largely agreed that discovery, initial disclosures, and scheduling were premature based on the motions pending before the Court.

Plaintiff's latest motion appears to be based on the fact that Qualcomm has not agreed to give him the billions he seeks in this frivolous lawsuit. Plaintiff is yet again attempting to mask the deficiencies of his patent infringement claims by relying on a vacated decision of the Northern District of California and alleged estoppel relating to his now dismissed case against the United States. Plaintiff is also seeking the same injunctive relief simultaneously in his motion for default judgment. Dkt. 15, at 20-21. Plaintiff has previously cross-moved for summary judgment. Dkt. 22. Plaintiff seems to be dressing up the Motion for Permanent Injunction[1] as an impermissible second motion for summary judgment to bypass the Court's Standing Order without requesting leave. The frivolity of Plaintiff's positions should not surprise the Court, as Plaintiff is a serial filer of frivolous complaints based on an imagined conspiracy by the Government, Qualcomm, and others against him. Dkt. 6-1, at 7-11. Plaintiff has never made it past the pleading stage on any suit, several of which have been dismissed as frivolous, and certainly has never

---

[1] Per Plaintiff: "Pursuant to FRCP Rule 56: Plaintiff has shown there is no genuine dispute as to any material fact; no reason to retry the *FTC v. Qualcomm* case [that Plaintiff fails to note as vacated]; and no genuine dispute as to who own [sic] the patent rights for the handsets Qualcomm is unjustly enriching itself with. Plaintiff is entitled to judgment as a matter of law." Dkt. 34, at 8-9.

1    succeeded on the merits.  This case is no different.

2    **II.    LEGAL STANDARD**

3          The 9th Circuit applies a five factor test to determine if the extraordinary remedy of a

4    permanent injunction is appropriate.  Plaintiff must show "(1) actual success on the merits; (2) that

5    it has suffered an irreparable injury; (3) that remedies available at law are inadequate; ([4]) that

6    the balance of hardships justify a remedy in equity; and ([5]) that the public interest would not be

7    disserved by a permanent injunction."  *Indep. Training & Apprenticeship Program v. Cal. Dep't*

8    *of Indus. Rels.*, 730 F.3d 1024, 1032 (9th Cir. 2013) (citing *eBay Inc. v. MercExchange, L.L.C.*,

9    LLC, 547 U.S. 388, 391 (2006), *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12,

10   (1987)).  "Injunctive relief is a remedy, not a cause of action."  *Welsh v. Am. Home Mortg. Assets,*

11   *LLC*, No. 4:13-CV-04750-CW, 2014 U.S. Dist. LEXIS 139337, *41 (N.D. Cal. Sept. 30, 2014).

12   **III.    A PERMANENT INJUNCTION IS INAPPROPRIATE**

13         Plaintiff fails to meet his burden to establish why a permanent injunction is appropriate

14   under the five applicable factors.  Plaintiff cannot establish actual success on the merits—a factor

15   Plaintiff completely ignores—because the Court lacks subject matter jurisdiction, and because he

16   has failed to state a claim for which relief can be granted.  Plaintiff cannot establish irreparable

17   harm because he has not suffered an antitrust injury.  Adequate remedies at law are available,

18   namely the royalties Plaintiff seeks.  Additionally, Plaintiff fails to establish how the balance of

19   hardships cuts in his favor or that public interest would be served by granting the injunction.

20   Instead, it is clear that the balance of hardships and public interest factors weigh in favor of denying

21   the permanent injunction.

22         **A.      Plaintiff Cannot Establish Actual Success on the Merits**

23         Plaintiff completely ignores the actual success factor.  Reading between the lines,

24   Plaintiff's position appears to be that: (1) Qualcomm waived its right to contest patent infringement

25   by failing to appear in his now dismissed suit against the United States that never decided any

26   issue of infringement, and (2) the Northern District of California has already concluded that

27   Qualcomm violated antitrust law—a position which wholly ignores the 9th Circuit's ruling to the

28   contrary.

Nor can Plaintiff establish actual success on the merits because: (1) the Court does not have subject matter jurisdiction, and (2) he has failed to state a claim for which relief can be granted. Finally, Plaintiff cannot establish actual success on the merits when infringement, validity, and enforceability have yet to be decided.

### 1.    Plaintiff cannot Establish Waiver by Qualcomm

Plaintiff maintains that Qualcomm is barred from defending the infringement allegations he raised against the United States[2] based on a fundamental misunderstanding of *Bowser, Inc. v. United States*. 420 F.2d 1057, 1060 (C. Cl. 1970). *Bowser* is read narrowly and applies to the United States Government enforcing indemnity against a third party. *Bird v. United States*, 51 Fed. Cl. 536, 543 (C. Cl. 2002) (superseded by statute). *Bowser* is inapplicable here because Plaintiff's lawsuit against the United States was not an enforcement action for indemnity by the United States against Qualcomm. Additionally, the Complaint fails to demonstrate Qualcomm manufactures any infringing device for the United States. Plaintiff *again* fails to inform the Court that his case against the Government was dismissed and never proceeded past the pleading stage over the course of eight years. *Golden v. United States*, 156 Fed. Cl. 623 (C. Cl. Nov. 10, 2021) (dismissing Plaintiff's case with prejudice) *appeal pending* Fed. Cir. No. 2022-1196. Certainly, as Plaintiff is well aware, there was no decision on infringement. Dkt. 6-1 at 23. Plaintiff's knowledge of these deficiencies has not stopped him from maintaining this frivolous position.

### 2.    Plaintiff Cannot Establish Any Antitrust Violation

To establish an antitrust injury, Plaintiff must meet five factors in the 9th Circuit. Plaintiff must show: "'(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent[,]'" and (5) Plaintiff is a participant in the same market as the party causing harm. *Poorsina v. Tan Tseng*, No. 20-cv-09122-SBA, 2022 U.S. Dist. LEXIS 101666, at *7-10 (N.D. Cal. June 7, 2022) (quoting and citing *Somers v. Apple, Inc.*, 729 F.3d 953, 963-64 (9th Cir. 2013)).

---

[2] Plaintiff *again* misidentifies Qualcomm as a defendant in his suit against the United States. *Golden v. United States,* 156 Fed. Cl. 623, 628-32 (C. Cl. Nov. 10, 2021) *appeal pending* Fed. Cir. No. 2022-1196.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
Case No.: 4:22-CV-03283-HSG

Plaintiff yet again relies on factual findings of a now vacated Northern District of California decision. *FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*, 969 F.3d 974, 982, 1005 (9th Cir. 2020) ("We now hold that the district court went beyond the scope of the Sherman Act, and we reverse.").  The 9th Circuit thoroughly explained why Qualcomm's business practices, including the "no license, no chip policy," did not violate antitrust law and why the district court's analysis was flawed. *FTC*, 969 F.3d at 986-1005 (Noting that even the "district court stopped short of holding that the 'no license, no chips' policy itself violates antitrust law").  The 9th Circuit found that "Qualcomm's patent-licensing royalties and 'no license, no chips' policy do not impose an anticompetitive surcharge on rivals' modem chip sales." *FTC*, 969 F.3d at 1005.  It is unclear how Plaintiff believes that he can establish antitrust violations based on factual findings of a vacated judgment when the 9th Circuit held that Qualcomm did not violate antitrust law.  Plaintiffs continued reliance on this opinion—despite his knowledge that it has been overturned by the 9th Circuit—underscores the frivolity of Plaintiff's claims. *See* Dkt. 6-1, at 18-19, 26; Dkt. 24, at 11, 13; Dkt. 25, at 8.

Plaintiff also seems to be confused about Qualcomm's royalty.  Qualcomm is entitled to receive a royalty on products that practice its patents, and this royalty central to the patent system cannot be unlawful conduct or cause Plaintiff an injury. *See FTC*, 969 F.3d at 1002 ("neither the Sherman Act nor any other law prohibits companies like Qualcomm from (1) licensing their SEPs independently from their chip sales and collecting royalties, and/or (2) limiting their chip customer base to licensed OEMs ….  Indeed, the FTC accepts that this is the state of the law when it concedes that 'Qualcomm holds patents practiced by its rivals' chips, and … is entitled to collect a royalty' on them") (quoting Appellant's brief)).  Qualcomm's chip-neutral "no license, no chip policy," which survived an antitrust challenge, "only insists that, whatever chip source an OEM chooses, the OEM pay Qualcomm for the right to practice the patented technologies embodied in the chip, as well as in other parts of the phone or other cellular device." *Id.* at 1002-03.

Because there is no unlawful conduct [Factor 1], there can be no injury [Factor 2] that flows from the conduct [Factor 3].  And, receiving a patent royalty is not conduct of the type prohibited by antitrust law [Factor 4].  Plaintiff also fails to establish that he is a market participant in the

same market as Qualcomm [Factor 5].  Rather than participate in the market,[3] Plaintiff has spent years filing frivolous lawsuits against Qualcomm and others.  Plaintiff simply has failed to establish an antitrust injury.  Plaintiff cannot succeed on the merits of an antitrust case when there is no antitrust injury.

Plaintiff is now arguing that Qualcomm is acting in bad faith by disregarding Judge Koh's judgment that was overturned by the 9th Circuit.  Plaintiff states that he can "adequately plead bad faith by alleging that Qualcomm's leadership intentionally directed the corporation to violate the law." Dkt. 34, at 2 (relying on a quote not found in either of the cited cases).  Plaintiff has not pled any facts to plausibly support bad faith. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Rather, he is willfully ignoring that that the opinion he is relying on was overturned in an attempt to salvage his desired narrative.

Plaintiff's position on antitrust is also paradoxical.  Per Plaintiff, Qualcomm is committing an antitrust violation by charging a royalty on every handset sold.  Yet, he believes that he should get to charge, or is entitled to, the same royalty on each handset sold. Dkt. 34, at 7 ("Plaintiff owns the patents(s) and patent rights to collect a royalty on the price of each handset sold"); Dkt. 1, at ¶80.  He also wants to charge a royalty on the price of every plane, ship, car, and house that he thinks uses his technology. Dkt. 34, at 15-16.  In other words, Plaintiff wants to commit the same antitrust violation he accuses Qualcomm of committing.  This shows Plaintiff's fundamental misunderstanding of patent royalties and antitrust law and the abject frivolity of his claims.

### 3.    Actual Success on the Merits Cannot be Established Because the Court does not have Subject Matter Jurisdiction.

Qualcomm has established Plaintiff's claims are frivolous. Dkt. 6-1, at 13-19.  Courts do not have subject matter jurisdiction over frivolous claims.  *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  Plaintiff is precluded from litigating subject matter

---

[3] Nothing can be bought on Plaintiff's website.  *See* https://www.atpg-tech.com/ (last accessed August 30, 2022).  There is no marketing material for any product.  Instead, it is simply a shrine to his patents and previous failed litigations against the U.S. Government.

1  jurisdiction over his recycled claims on the issue of frivolity. *See Mast v. Long*, 84 F. Appx. 786,

2  787 (9th Cir. 2003) ("a district court's decision that it lacks subject matter jurisdiction over a

3  plaintiff's claim precludes the plaintiff from relitigating the issue of jurisdiction in a later action");

4  Dkt. 6-1, at 20.

5         Finally, Plaintiff lacks standing to bring his antitrust claims. *See* Dkt. 6-1, at 20-21.

6  Plaintiff's alleged antitrust injury is infringement of his patents.  Dkt. 1, at ¶¶83, 94-95, 110.

7  Plaintiff's Motion for Permanent Injunction also identifies his antitrust injury as the alleged

8  infringement of his patents.  Dkt. 34, at 6-8.  Plaintiff has failed to establish constitutional standing

9  to bring the antitrust claims because a favorable decision on Plaintiff's antitrust claims would not

10  redress his alleged injury—patent infringement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

11  560-61 (1992) (Standing requires likelihood that a favorable decision will redress the injury); Dkt.

12  6-1, at 20-21.  Additionally, Plaintiff does not have standing because he does not have an antitrust

13  injury. *Poorsina,* 2022 U.S. Dist. LEXIS 101666, at *7-10; *see Lujan*, 504 U.S. 555, 560-61

14  (standing cannot be established without injury).

15         Plaintiff had the opportunity to explain why the Court has subject matter jurisdiction or

16  that he was not collaterally stopped in his opposition to the Motion to Dismiss. *See* Dkt. 22.

17  Qualcomm identified that Plaintiff failed to rebut either issue given the opportunity.  Dkt. 25 at 5.

18  Plaintiff cannot establish actual success on the merits when the Court lacks subject matter

19  jurisdiction.

20      **4.**    **Plaintiff has Failed to State a Claim for which Relief can be Granted**

21         Qualcomm has explained why Plaintiff has failed to state a claim for which relief can be

22  granted.  This issue has been fully briefed by the parties in the Motion to Dismiss and Motion for

23  Default Judgment.  Plaintiff's alleged antitrust injury is predicated on patent infringement.  He has

24  failed to adequately state a claim for any form of infringement and he failed to dispute that his

25  antitrust claims are barred by the statute of limitations in his opposition to Qualcomm's Motion to

26  Dismiss.  Nor does his later attempt to establish contributory infringement by Qualcomm in his

27  Cross-Motion for Summary Judgment hit the mark, as his charts contain the same deficiencies

28  identified by the United States Court of Federal Claims.  Dkt. 25, at 14-16; *Golden*, 156 Fed. Cl.

1  at 626-632 (dismissing Plaintiff's claims with prejudice after failing to "come up with a plausible

2  theory of infringement against the United States and the third parties [including Qualcomm and

3  Samsung] whose products he alleges were made at the behest of the government" after eight years).

4  Plaintiff cannot establish actual success on the merits when he has failed to state a claim for which

5  relief can be granted.

6       Plaintiff's antitrust claims are also barred by the statute of limitations.  *See* Dkt. 6-1, at 27.

7  Plaintiff's disjointed antitrust claims are seemingly rooted on the Cell-All program from 2007-

8  2011—which was the basis of Plaintiff's earlier suit against the United States Government—and

9  communications he had with Qualcomm in 2010-2011.   While Plaintiff sued the Government for

10  infringement and taking, Plaintiff did not file any suit against Qualcomm until September 11, 2019,

11  which was dismissed as frivolous, and then affirmed by the Federal Circuit.  *Golden v. Apple Inc.*,

12  819 Fed. Appx. 930, 930 (Fed. Cir. 2020), *cert. denied* 141 S. Ct. 1067 (2021) (Case 3).  To the

13  extent Plaintiff had a claim against Qualcomm based on the Cell-All program—which he does

14  not—Plaintiff has waived any such claim.   The four year statute of limitations for Plaintiff's

15  antitrust claims arising out of the Cell-All program and his communications with Qualcomm ran

16  long ago.  *See* 15 U.S.C. §15(b).  Similarly, the six year statute of limitations for patent damages

17  bars any patent infringement claim relating to this time period, including any prototype of the Cell-

18  All project.

19       Plaintiff's fixation with the Cell-All program began in his first case against the

20  Government.  There, Plaintiff's fifth amended complaint contained claims based on the Cell-All

21  project and smartphones, which were dismissed because Plaintiff never established that any

22  smartphone was manufactured for or used by the Government to establish jurisdiction under 28

23  U.S.C. §1498.  *Golden v. United States*, 137 Fed. Cl. 155, 182-184 (C. Cl. Mar. 29, 2018), *appeal*

24  *dismissed* Fed. Cir. No. 2018-1942 (Fed. Cir. 2018) (appeal of partial dismissal of fifth amended

25  complaint in Case 1 was dismissed since the appeal was premature).  Plaintiff filed a sixth amended

26  complaint with claims relating to the Cell-All project and unrelated third-party consumer

27  electronics, such as smartphones, despite the partial dismissal of the fifth amended complaint—as

28  highlighted in the Government's motion to dismiss.  Defendant United States' Motion to Dismiss

Plaintiff's Sixth Amended Complaint, *Golden v. United States*, No 1:13-cv-00307-EGB, ECF. No. 197, 10-15 (C. Cl. Nov. 5, 2020).  Plaintiff's sixth amended complaint was ultimately dismissed on other grounds because he failed to submit infringement contentions in compliance with the patent rules.  *Golden*, 156 Fed. Cl. at 632.  The Court of Claims provided a thorough analysis explaining why the charts—including Samsung charts like those used here—were deficient.  *Id.* at 626-632.  The Court also explained that references to the prototypes in the charts were insufficient to establish infringement because the prototypes were: (1) not an accused product, and (2) not made by Apple, Samsung, or LG.  *Id.* at 631-32.  Plaintiff has continued to cite the prototypes in his alleged contributory infringement by Qualcomm based on Samsung devices—despite knowing pointing to the prototypes is not sufficient.  *See e.g.*, Dkt. 1-5, at 13-14, 21-22, 29-30 (example citations to the Cell-All project and prototypes in the Samsung charts).  Moreover, Plaintiff has never shown that anything more happened with the Cell-All project after a September 28, 2011 prototype presentation.  There can be no doubt, Plaintiff continues to advance his baseless claims despite knowing the deficiencies thereof.

### 5.    Plaintiff has not Established Actual Success on Infringement, Validity, and Enforceability

Qualcomm's Motion to Dismiss is pending.  Dkt. 6.  The parties have yet to exchange infringement contentions[4] or invalidity contentions, nor is the exchange of these contentions scheduled.  The Court has yet to construe any claim.  Should the Court deny Qualcomm's Motion to Dismiss, exchanging infringement contentions will put Qualcomm and the Court in better position to construe the claims and determine invalidity, as Plaintiff appears to believe that his patents are so broad as to cover garage door openers in the instant motion.  Dkt. 34, at 15-16.  Indeed, Plaintiff apparently believes that his patents are expansive enough to entitle him to a royalty on the price of every phone, plane, ship, car, and home.  Dkt. 34, at 7, 15-16.

---

[4] Plaintiff's Samsung charts have the same deficiencies identified by the Federal Court of Claims. Dkt. 25, at 14-16.  *See Golden*, 156, Fed. Cl. at 628-632 ("Unable to find a sensing component in the accused devices, Mr. Golden did as he has done for many years now, simply brought in another party and device.  Unexplained is how they relate either to the products ostensibly accused by the complaint or the overarching mystery present in all of plaintiff's pleadings—how the government is on the hook for the private parties' products").

Plaintiff cannot reasonably expect the Court to grant a permanent injunction based on patent infringement before claims have been construed or before Plaintiff submits a compliant set of infringement contentions. As explained above, Qualcomm is not estopped from contesting infringement based on Plaintiff's now dismissed case against the Government. Nor has Qualcomm been afforded the opportunity to submit invalidity contentions—should Plaintiff's claims not be facially dismissed. In that case, Qualcomm expects to contest the validity of every patent.

Interestingly, Plaintiff states in his motion that he spent years educating the Government about his allegedly new and innovative technology and pointed to a time frame of 2002-2008. Dkt. 34, at 6. This included mailing information to the President, Vice-President, Senators, and at least one Representative. *Id.*, at 4-6. Plaintiff believes that his free education of the Government was enough to result in a numerous infringing products. *Id.* at 5; *Id.* at 68-119 (Exhibit E). Under this theory, it logically follows that Plaintiff's education of the Government was sufficiently enabling to result in the allegedly infringing products identified in his Exhibit E. Discovery will be necessary to see if Plaintiff's public disclosures to the Government prior to the applicable priority date invalidates one or more of his patents. Mr. Golden may have committed inequitable conduct by failing to disclose the full extent of his educational disclosures to the Government from the United States Patent Office. For example, Mr. Golden submitted response letters received in 2002 and 2003 in his information disclosure statement, but it is not clear if he ever submitted his initial, purportedly enabling disclosures to these individuals. If the Court allows Plaintiff's frivolous claims to proceed, discovery will shed light on these issues.

Plaintiff simply cannot establish actual success on the merits for patent infringement, validity, or enforceability because these issues are yet to be decided—particularly when his pleadings are fatally deficient.

### B.    Plaintiff Cannot Establish Irreparable Harm

Plaintiff's irreparable harm position appears to be that: (1) Qualcomm is charging a royalty, (2) Qualcomm has violated antitrust law by charging this royalty (if you ignore the 9th Circuit ruling to the contrary), and (3) Plaintiff is entitled to this ill-gotten royalty under his patents. Per Plaintiff, this is grounds for the Court to enjoin Qualcomm from receiving its own patent royalties

as well as entitle Plaintiff to collect monetary damages for any unlicensed use of this inventions.

As established above, the 9th Circuit vacated the opinion that Plaintiff relies on to argue that he is injured by Qualcomm's collection of its patent royalties.  *FTC*, 969 F.3d at 1005.  Plaintiff cannot ignore this ruling or ignore that Qualcomm is entitled to its own patent royalties.  Plaintiff simply cannot establish that he has suffered an antitrust injury as explained above.  *Poorsina*, 2022 U.S. Dist. LEXIS 101666, at *7-10.

Plaintiff also tries to buttress his antitrust claims under unjust enrichment by arguing that "1) Plaintiff provided something of value to the defendant Qualcomm; 2) Qualcomm acknowledged, accepted and benefitted from what Plaintiff provided; and, 3) it would be inequitable for Qualcomm to enjoy the benefit Plaintiff provided without compensating Plaintiff." Dkt. 34, at 7.  Plaintiff points to no evidence to support any of these assertions.  Plaintiff may be referring to his communications with Qualcomm in 2010-2011 about a potential license.  Plaintiff has not established that any of these communications resulted in Plaintiff providing anything of value or Qualcomm accepting or benefitting from what Plaintiff provided.  Plaintiff's newly filed Exhibit A (Dkt. 34, at 18-28) appears to include an unsolicited licensing letter he sent to Qualcomm outlining what he believed was his patented and pending claims.  But this letter, and other attached communications, fall short of showing Plaintiff provided anything of actual value or that Qualcomm accepted or benefited from what was provided.  All Plaintiff can show is that Qualcomm did not enter into a license or buy his patents in response to his letter.  This is insufficient to establish a claim for unjust enrichment.  Qualcomm has previously explained the deficiencies of this argument, yet Plaintiff here continues to advance his frivolous claims.  Dkt. 25 at 16-17.

Plaintiff's antitrust claim is simply his patent infringement claims in disguise and should be treated as such.  "A patentee satisfies the irreparable injury prong by establishing that 1) 'absent an injunction, it will suffer irreparable harm'; and 2) 'a sufficiently strong causal nexus relates the alleged harm to the alleged infringement.'" *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 329 F. Supp. 3d 1070, 1118 (N.D. Cal. July 19, 2018) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012)) (citing *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
Case No.: 4:22-CV-03283-HSG

1  (Fed. Cir. 2015)).  "The causal nexus requirement ensures that an injunction is only entered against

2  a defendant on account of a harm resulting from the defendant's wrongful conduct, not some other

3  reason.  For example, it ensures that an injunction is not entered on account of 'irreparable harm

4  caused by otherwise lawful competition.'"  *Apple*, 809 F.3d at 640 (quoting *Apple Inc. v. Samsung*

5  *Elecs. Co.*, 735 F.3d 1352, 1361 (Fed. Cir. 2013)).  Plaintiff makes no attempt to establish causal

6  nexus between the alleged harm and any infringing product.  Plaintiff's own position betrays him,

7  as he is seeking to block lawful competition by trying to enjoin Qualcomm from collecting a

8  royalty that (1) it is entitled to as a patent owner, and (2) does not violate antitrust law.  Plaintiff

9  cannot establish irreparable harm because he cannot establish a causal nexus.

10        Plaintiff seems to believe that his patents entitle him to Qualcomm's royalties or entitle

11  him to stop Qualcomm from collecting its own patent royalties.  This position is frivolous and

12  without legal merit.  In the highly implausible scenario where Qualcomm is found to infringe

13  (should the case even proceed beyond the pleading stage), there will need to be analysis as to what

14  reasonable royalty (separate and apart from Qualcomm's own royalties) Plaintiff is entitled.

15  Plaintiff cannot conflate his alleged royalty with Qualcomm's own royalties.  Nor can Plaintiff

16  plausibly believe he can be entitled to any royalty obtained by anticompetitive conduct when the

17  9th Circuit has held that Qualcomm has not committed an antitrust violation as alleged by Plaintiff.

18  Put simply, Plaintiff has failed to establish any harm or that it is irreparable.

19        A near decade long delay in seeking injunctive relieve also weighs against granting a

20  permanent injunction.  Plaintiff has never sought an injunction against Qualcomm to stop his

21  alleged "injury" while his claims are litigated despite alleging that the conspiracy against him

22  started in 2007 and despite filing his first suit relating to this alleged conspiracy in 2013.  Plaintiff

23  has since filed numerous frivolous suits that have failed to go beyond the pleading stage.  A

24  "significant delay suggests that [plaintiff] did not suffer irreparable harm."  *Cave Consulting*

25  *Group, LLC v. OptumInsight, Inc.*, No. 5:11-cv-00469-EJD, 2016 U.S. Dist. LEXIS 120932 at

26  *68-69 (N.D. Cal. Sept. 7, 2016) (the five year delay weighed against granting the permanent

27  injunction) *rev'd and vacated in part on other grounds, and remanded,* 725 Fed. Appx. 988 (Fed.

28  Cir. 2018) (Plaintiff did not appeal denial of injunction) *cert denied* 139 S. Ct. 825 (2019), *appeal*

1    *dismissed* 2019 U.S. App. LEXIS 40391 (Fed. Cir. 2019); *Y.Y.G.M. SA v. Redbubble Inc.*,

2    No. 2:19-cv-04618-RGK-JPR, 2021 U.S. Dist. LEXIS 192250, at \*5-8 (C.D. Cal. Oct. 5, 2021) (a

3    "long delay before seeking injunctive relief implies a lack of urgency and irreparable harm," and

4    the delay need not rise to level of laches to bar a permanent injunction) (citations omitted), *appeal*

5    *pending* 9th Cir. No. 21-56150.   Plaintiff's delay of nearly a decade in requesting an injunction

6    while filing frivolous lawsuits in the interim betrays any attempt to argue that his "injury" is

7    irreparable.

8         **C.    Plaintiff has an Adequate Remedy at Law**

9         The foundation of Plaintiff's argument that no adequate remedy at law exists is the vacated

10   Northern District of California opinion and his unfounded conflation of Qualcomm's royalty with

11   what he believes is his royalty.   Plaintiff makes no attempt to show that he will suffer loss of

12   market share, price erosion, loss of goodwill, or other injuries that do not have an adequate remedy

13   at law.   Indeed, Plaintiff has never demonstrated that he made or attempted to actually practice any

14   claim of any of his patents.   Instead, Plaintiff has shown he intends to leech a royalty from

15   Qualcomm and others through his numerous frivolous suits.   Plaintiff's hyperbolic argument that

16   Qualcomm conduct will destroy the patent system is equally frivolous.   The patent system was

17   designed to allow patentees to sue alleged infringers provided they can state a claim for relief—

18   something Plaintiff has not done.

19        Plaintiff is also a non-practicing entity.   As a result, Plaintiff's damages due to the alleged

20   patent infringement would be "relatively straightforward to calculate."   *Apple*, 809 F.3d at 650.

21   Plaintiff simultaneously asserts that he has no remedy at law while arguing that he is "entitled to

22   collect damages from Qualcomm for any unlicensed use of his inventions.   Damages are generally

23   calculated based on lost profits[5] Plaintiff suffered as a result of the antitrust injury."   *Compare*

24

25

26

27   ───────────────
     [5] Plaintiff has not established that he makes anything, and therefore lost profits is not available as
28   a patent remedy.   "[I]f the patentee is not selling a product, by definition there can be no lost
     profits."   *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1548 (Fed. Cir. 1995).

Dkt. 34, at 9-10 *with id.* at 8.  Plaintiff believes he can be compensated[6] for his "antitrust" injury for $10 Billion, and compensated for all his injuries by what appears to be four separate $10 Billion awards overall.  Dkt. 15, at 20.  Plaintiff is also fixated on Qualcomm's own 5% royalty as causing him injury, which further shows that he believes monetary damages are not difficult to calculate.  Plaintiff's request for damages and his status as a non-practicing entity undercuts any argument he can make to allege that remedies at law are inadequate, as monetary damages are straightforward to calculate and Plaintiff himself has already estimated his monetary damages.  *Conceptus, Inc. v. Hologic, Inc.*, No. C-09-02280 WHA, 2012 U.S. Dist. LEXIS 2239, *5-6 (N.D. Cal. Jan. 9, 2012) ("Difficulty in estimating monetary damages is evidence that remedies at law are inadequate") (citation omitted).

Plaintiff will likely also have trouble establishing that he is actually owed any lost profits, as he will need to show an actual antirust injury—which he cannot do.  *See e.g.*, *SC Innovations, Inc. v. Uber Techs., Inc.*, No. 18-cv-07440-JCS, 2021 U.S. Dist. LEXIS 89932, *3 (N.D. Cal. May 11, 2021) (establishing an antitrust injury is "a necessary element to establish liability").  He will also need to establish the difference between the profit he would have made and the profit he actually made.  *See Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS, 2020 U.S. Dist. LEXIS 5440, *18-20 (N.D. Cal. Jan. 10, 2020).  Plaintiff cannot recover lost profits when he deliberately decided not to pursue a course of business.  *Transnor (Bermuda), Ltd. v. BP North America Petroleum*, 736 F. Supp. 511, 518 (S.D.N.Y May 10, 1990) (citations omitted).  In this case, Plaintiff appears to have spent the last decade filing frivolous lawsuits, which shows a decision on his part to deliberately forego a course of business to practice his patents.  Plaintiff's own actions vitiates any antitrust damage he could seek.  Plaintiff's lack of actual injury and lack of actual damages further shows that this Motion, like his Complaint, is wholly frivolous and without merit.

Plaintiff's requested remedy, stopping Qualcomm's collection of its royalty, is unsupported

---

[6] Plaintiff's case management statement also shows that he believes damages can be calculated. Dkt. 35, at 5.  He expressly included a running royalty calculation to allege that he is entitled to a running royalty of $40 Billion. *Id.*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
Case No.: 4:22-CV-03283-HSG

1   by law.  Qualcomm can collect a royalty on its own patents, and Plaintiff cites to no authority that

2   allows a Court to enjoin a patentee from collecting its own royalties.  Plaintiff's misguided belief

3   that he can enjoin Qualcomm from collecting its own patent royalties further illustrates the frivolity

4   of the Motion for Permanent Injunction.  In sum, not only does Plaintiff have remedies available

5   at law, he is also seeking a remedy that the Court should not give.

6               **D.      Balance of Hardships Weights against Granting an Injunction**

7               Plaintiff makes no attempt to balance the hardships between himself and Qualcomm in his

8   Motion.  Instead, Plaintiff appears to take the opportunity to list patent numbers and claims and to

9   selectively quote claims of three patents.  Plaintiff's motion fails because he did not establish why

10  the  balance  of  the  hardships  favors  him.  *Indep.  Training  &  Apprenticeship  Program*,

11  730 F.3d at 1032.

12              The balance of the hardships actually favors Qualcomm.  Plaintiff is suffering no hardship

13  because he does not have an antitrust injury.  Nevertheless, Plaintiff is seeking to enjoin Qualcomm

14  from collecting its patent royalties and from continuing conduct found to not violate antitrust law

15  by the 9th Circuit.  Qualcomm would be severely harmed if it was enjoined from collecting

16  royalties on its own patents and from conducting business that does not violate antitrust law.

17  Plaintiff has cited no authority allowing a court to enjoin a patentee from collecting its own royalty,

18  which would harm the value of Qualcomm's own patent rights.  Plaintiff seems to be asking the

19  Court to enjoin Qualcomm from selling any computer chip—without specifically identifying any

20  allegedly infringing product to be enjoined.  Qualcomm will be unduly prejudiced by being

21  enjoined from selling its primary product based on frivolous claims brought by a Plaintiff who

22  lacks standing and has failed to state a claim for which relief can be granted.  Qualcomm's business

23  would be crippled overnight by granting this injunction where no antitrust injury exists and where

24  Plaintiff has yet to establish infringement.

25              Moreover, Plaintiff suffers no hardship by having to prove actual success on the merits to

26  establish infringement—which is a prerequisite to granting a permanent injunction.  Plaintiff has

27  previously stated that he wants to Court to "punish those who purposefully try to infringe on

28  patents" and requested the same injunctive relief he now seeks in his Motion for Permanent

1    Injunction. Dkt. 15, at 20-21. This clearly shows that the balance of hardships favors Qualcomm,

2    as Plaintiff seeks to punish Qualcomm and injunctions cannot be used to punish. *Hynix*

3    *Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 968-969, 984-85 (N.D. Cal. Feb. 23,

4    2009) (injunctions cannot punish).

5            **E.      Public Interest Would Not Be Served by Granting the Injunction**

6            Plaintiff's Motion also fails because he does not establish why granting the injunction is in

7    the public interest. *Indep. Training & Apprenticeship Program*, 730 F.3d at 1032. Plaintiff

8    instead appears to quote parts of cases about monopolies, but these quotes give no treatment to this

9    factor. Dkt. 34, at 13.

10           The public interest is not served by granting a permanent injunction based on frivolous

11   claims. Nor is the public served by granting a permanent injunction when the Court lacks subject

12   matter jurisdiction and the Plaintiff has yet to articulate a plausible claim for relief after years of

13   trying. Public interest is disserved by allowing a party to enjoin a patentee from recovering its

14   own patent royalties. *Fitness Anywhere LLC v. Woss Enters. LLC*, No. 14-cv-01725-BLF,

15   2018 U.S. Dist. LEXIS 198095, *33 (N.D. Cal. Nov. 20, 2018) ("The public interest favors the

16   enforcement of intellectual property rights"). Plaintiff has yet to establish that he has any claim

17   for patent infringement, and no public interest is served by permanently enjoining a party before

18   proving a plausible claim of patent infringement. Nor should the Court forget that Plaintiff

19   believes he can paradoxically charge a royalty on every handset (and other devices) while accusing

20   Qualcomm of violating antitrust law for collecting its own royalties. Additionally, there is no

21   cognizable public interest served by enjoining Qualcomm's business practices found not to violate

22   antitrust law by the 9th Circuit.

23           Plaintiff's requested relief, stopping Qualcomm from collecting its own patent royalties

24   and stopping the sale of its chips, would grievously wound Qualcomm overnight and result in

25   fewer communications chips available to the public. Plaintiff is not waiting in the wings to fill the

26   void and is instead pursuing lawsuits like this one. Certainly, no public interest is served by entry

27   of a permanent injunction in these circumstances.

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
Case No.: 4:22-CV-03283-HSG

1  **IV.    CONCLUSION**

2         Plaintiff has failed to establish why he is entitled to a permanent injunction under any of

3  the five applicable factors.  A permanent injunction does not allow a Plaintiff to bypass proving

4  his case on the merits, nor does it transmute frivolous claims into meritorious claims.  This Motion

5  for Permanent Injunction, like his Complaint and prior litigation against Qualcomm, is frivolous,

6  without legal merit, and is not an efficient use of time for the Court, Qualcomm, or Plaintiff.  The

7  Court should deny this Motion and also dismiss this frivolous action ***with prejudice*** and should

8  sanction Plaintiff to put an end to his baseless and vexatious litigation.

9

10    DATED: September 6, 2022                    Respectfully submitted,

11                                                         PATTERSON + SHERIDAN, LLP

12                                                         By: */s/ Joseph John Stevens*

13                                                         Joseph John Stevens (CA Bar No. 242495)
                                                           jstevens@pattersonsheridan.com

14

15                                                         50 W. San Fernando Street, Suite 250
                                                           San Jose, CA 95113

16                                                         Tel: 650-384-4418
                                                           Fax: 650-330-2314

17

18                                                         B. Todd Patterson (*pro hac vice*)
                                                           tpatterson@pattersonsheridan.com

19                                                         John A. Yates (*pro hac vice*)
                                                           jyates@pattersonsheridan.com

20                                                         Kyrie K. Cameron (*pro hac vice*)
                                                           kcameron@pattersonsheridan.com

21

22                                                         24 Greenway Plaza, Suite 1600
                                                           Houston, Texas 77030

23                                                         713-623-4844 | 713-623-4846

24                                                         *Attorneys for Defendant*
                                                           *Qualcomm Incorporated*

25

26

27

28