Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com
50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice*)
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846
*Attorneys for Defendant*
*Qualcomm Incorporated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>   *Pro Se* Plaintiff,<br><br>  v.<br><br>QUALCOMM INC.,<br><br>   Defendant. | CASE NO. 4:22-cv-03283- HSG<br><br>**QUALCOMM'S CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  January 12, 2023<br>Time:  2:00 p.m.<br>Place:  Courtroom 2 – 4th Floor<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

1    Defendant Qualcomm, Inc. ("Qualcomm") submits this Case Management Statement

2    pursuant to the Standing Order for All Judges of the Northern District of California, Federal Rules

3    of Civil Procedure 16 and 26, Civil Local Rule 16-9, and Patent Local Rule 2-1.   Qualcomm

4    submits this Case Management Statement separately as authorized by ¶12 of the standing order in

5    cases where a party is *pro se*.

6    The Initial Case Management Scheduling Order (Dkt. 2) identified August 16, 2016 as the

7    deadline to meet and confer regarding initial disclosures, early settlement, ADR process selection,

8    and a discovery plan.   Additionally, the Initial Case Management Scheduling Order identified

9    August 30, 2022 as the deadline to file the case management statement.   Counsel for Qualcomm

10   met and conferred with Plaintiff on August 16, 2022.   Both parties agreed that this case was not

11   appropriate for ADR. The parties largely agreed that discovery, initial disclosures, and scheduling

12   were premature based on the motions pending before the Court.

13   The Court subsequently continued the Case Management Conference to January 12, 2023,

14   which also reset the deadline to file the case management statement.   Dkt. 32.

15   **I.       JURISDICTION AND SERVICE**

16   Qualcomm does not dispute that it has been served or that this Court has jurisdiction.

17   Qualcomm disputes the date of service.   Qualcomm was served and recorded service on

18   July 7, 2022.  Dkt. 24-1; Dkt. 6-4.  Counsel was preparing the now filed Motion to Dismiss based

19   on this date.  Dkt. 24-1.  On July 19, 2022, Plaintiff filed a certificate of service and executed

20   summons claiming Qualcomm was served on June 28, 2022—21 days earlier (Dkt. 5), which, if

21   true, would render Plaintiff's answer due the very same day Plaintiff filed the executed summons—

22   July 19, 2022.  The executed summons was not entered on the docket until July 20, 2022.

23   Plaintiff has filed a Motion for Default Judgment based on Qualcomm allegedly filing its

24   Motion to Dismiss 3 days late.  *See* Dkt. 15.  Qualcomm has opposed this motion.  *See* Dkt. 24.

25   Plaintiff's case management statement misrepresents that Qualcomm does not dispute

26   venue.  Dkt. 35, at 2.  Qualcomm may move to change venue for the convenience of the parties

27   and witnesses to the Southern District of California after the Motion to Dismiss is ruled upon by

28   the Court. *See* 28 U.S.C. § 1404.

## II.   FACTS

### A.   Brief Chronology of the Case

Plaintiff's claims are related to an imagined conspiracy to infringe his patents by Qualcomm, the Government, and others.  Plaintiff is a serial filer of frivolous complaints based on this alleged conspiracy as explained in the Motion to Dismiss.  Dkt. 6-1, at 7-11.  Qualcomm is now the main character in the conspiracy against him.  Plaintiff has never made it past the pleading stage on any suit relating to this conspiracy and infringement of his patents, several of which have been dismissed as frivolous.  Qualcomm has not yet filed an answer in this case, and instead filed a Motion to Dismiss on July 22, 2022 under Rule 12(b)(1) and (6).  Dkt. 6-1.

Plaintiff filed suit against Qualcomm on June 6, 2022.  Qualcomm was served on July 7, 2022.  Dkt. 24-1; Dkt. 6-4.  Plaintiff alleges service on June 28, 2022.  Plaintiff attached the following patents to his Complaint: U.S. Pat. No. 7,385,497 ("the '497 Patent"), U.S. Pat. No. 8,106,752 ("the '752 Patent), U.S. Pat. No. 9,096,189 ("the '189 Patent"), U.S. Pat. No. 9,589,439 ("the '439 Patent"), U.S. Pat. No. 10,163,287 ("the '287 Patent"), U.S. Pat. No. 10,984,619 ("the '619 Patent"), and U.S. Pat. No. RE 43,891[1] ("the '891 Patent").  These patents are hereafter referred to as the Asserted Patents.

The Complaint alleges that Qualcomm directly infringes a patent but fails to identify which Asserted Patent is being directly infringed.  Plaintiff also alleges that Qualcomm is liable for Samsung's infringement on a contributory infringement theory.  Plaintiff appears to reference the voluminous claim charts of Samsung's alleged infringement to support his claims of contributory infringement.  Dkts. 1-5, 1-6, 1-7.  These charts allege that third party Samsung infringes: claim 1 of the '497 Patent, claim 10 of the '752 Patent, claims 1-9 of the '189 Patent, Claims 13-23 of the '439 Patent, and claims 4-6 of the '287 Patent.  Plaintiff does not allege or chart infringement of the '619 Patent or '891 Patent by Samsung.  Plaintiff's Samsung Charts include the same fatal flaws that lead to his case against the Government based on Samsung's infringement being dismissed in the United States Court of Federal Claims.  *Golden v. United States*, 156 Fed. Cl. 623,

---

[1] Plaintiff only references the '891 Patent in the Complaint with respect to General Motors—not Qualcomm.  *See* Dkt. 1, ¶¶ 170.

628-32 (C. Cl. Nov. 10, 2021), *aff'd* No. 22022-1196, 2022 U.S. App. LEXIS 25178, *5 (Fed. Cir. 2022), *reh'g denied* (Fed. Cir. 2022); *see also* Dkt. 25, at 14-16.

       Plaintiff believes the alleged infringement of the Asserted Patents rises to the level of antitrust violations and unjust enrichment.   Conspiracy aside, Plaintiff's antitrust claim are predicated on patent infringement and a now overturned Northern District of California judgment. *FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*, 969 F.3d 974, 982, 1005 (9th Cir. 2020) ("We now hold that the district court went beyond the scope of the Sherman Act, and we reverse."); *see* Dkt. 1, ¶¶59-64, 71-79; Dkt. 22, at 15-18. Plaintiff specifically references Qualcomm receiving a 5% royalty and Qualcomm's "no license, no chip" policy.  However, the 9th Circuit found that "Qualcomm's patent-licensing royalties and 'no license, no chips' policy do not impose an anticompetitive surcharge on rivals' modem chip sales."  *FTC,* 969 F.3d at 1005.  Plaintiff is not a participant in the same market as Qualcomm, which is fatal to any claim of standing to bring these antitrust claims.  Plaintiff's unjust enrichment claims appear to be based on his failed licensing "negotiations" with Qualcomm in 2010-2011 in addition to Qualcomm's alleged antitrust violations and alleged infringement of his Asserted Patents.

       Finally, Plaintiff filed a Motion for Permanent Injunction on August 23, 2023, after the meet and confer because Qualcomm was not interested in settlement to the tune of billions of dollars. Dkt. 23.  Qualcomm has explained why this motion should be denied.

      **B.**    **Statement of Factual Issues in Dispute**

       Below are a list of principal fact issues in dispute.  Qualcomm does not intend this list to be limiting.

    1.    The date of service.

    2.    Whether Plaintiff's patents are invalid, unenforceable, and/or infringed directly or indirectly by Qualcomm.

    3.    Whether or not Qualcomm is in a conspiracy with the Government and others to infringe the patents.

    4.    Whether or not the accused products have substantial non-infringing uses.

5.       Whether or not Plaintiff provided something of value to Qualcomm.

6.       Whether or not Qualcomm acknowledged, accepted, and benefited from what was provided by the Plaintiff.

7.       How the accused devices operate.

8.       How the prior art references and systems compare to the claims of the asserted patents, including any considerations that tend to show invalidity.

## III.   LEGAL ISSUES

Below are a list of principal legal issues in dispute.  Qualcomm does not intend this list to be limiting.

Whether or not the Court has subject matter jurisdiction based on the frivolous nature of the Plaintiff's Complaint.

1.       Whether or not the Court has subject matter jurisdiction based on the frivolous nature of the Plaintiff's Complaint.

2.       Whether or not issue preclusion applies to the issue of frivolity based on the rulings of various courts.

3.       Whether or not the Plaintiff has standing to bring his antitrust claims.

4.       Whether or not Plaintiff stated a claim for which relief can be granted.

5.       Whether or not the statute of limitations bars Plaintiff's claims.

6.       Whether or not default judgment is appropriate.

7.       Whether or not Plaintiff's cross-motion for summary judgment (Dkt. 22) is meritorious.

8.       The proper construction of terms in the Asserted Patents.

9.       Whether or not Qualcomm infringes any claim of the Asserted Patents.

10.     Whether or not the Asserted Patents are valid and enforceable.

11.     Whether or not Qualcomm was in a conspiracy to infringe the Asserted Patents.

12.     Whether or not Qualcomm violated antitrust law based on an overturned ruling or based on the conspiracy.

13.     Whether or not Plaintiff's unjust enrichment and antitrust claims are wholly

4

dependent on its patent infringement claims.

14. Damages for any successful claim of patent infringement, antitrust, or unjust enrichment.

15. Whether this case is exceptional and whether Qualcomm is entitled to reasonable attorney fees.

16. Whether or not Plaintiff's motion for permanent injunction (Dkt. 34) is meritorious.

## IV.  MOTIONS

Qualcomm filed its Motion to Dismiss on July 22, 2022.  Dkt. 6.  The Court does not have subject matter jurisdiction over Plaintiff's frivolous claims, nor does Plaintiff have standing for his antitrust claim.  Dkt. 6-1, at 13-21; Dkt. 38, at 9-10.  Plaintiff is also estopped from litigating subject matter jurisdiction because the frivolity of Plaintiff's claims against Qualcomm has been decided.  *Id.* at 20.  Plaintiff failed to state a claim for any form of patent infringement or antitrust violation.  *Id.* at 21-27.  For example, the factual underpinnings of Plaintiff's antitrust claims are based on an overturned opinion.  *FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*, 969 F.3d 974, 982, 1005 (9th Cir. 2020) ("We now hold that the district court went beyond the scope of the Sherman Act, and we reverse."); *see* Dkt. 1, ¶¶59-64, 71-79; Dkt. 22, at 15-18.  Additionally, Plaintiff's allegations of contributory infringement contain the same fatal flaws that lead to his case being dismissed in the United States Court of Federal Claims.  *See* Dkt. 25, at 14-16.  Plaintiff's unjust enrichment claims are predicated on the fatally deficient antitrust and patent infringement claims.  Dkt. 6-1, at 26; *see* Dkt. 22, at 13-18.

On August 1, 2018, Plaintiff opposed Qualcomm's Motion to Dismiss and cross-motioned for summary judgment on the basis of contributory infringement and unjust enrichment.  Dkt. 22.  On August 8, 2018, Qualcomm filed its reply to Plaintiff's opposition to the Motion to Dismiss and its Opposition to Plaintiff's cross-motion for summary judgment. Dkt. 25.  Plaintiff filed a reply in support of his cross-motion on August 15, 2022. Dkt. 29.

On July 26, 2022, Plaintiff moved for default judgment based on Qualcomm's alleged failure to timely respond to the Complaint based on service occurring on June 28, 2022.  Dkt. 15.  Qualcomm opposed Plaintiff's motion for default judgment, which is in appropriate because:

1   (1) Qualcomm's Motion to Dismiss was not late in view of service actually occurring on July 7,

2   2022, and (2) no *Eitel* factor supports a default judgment.  Dkt. 24.  Plaintiff served his reply in

3   support of the motion for default judgment on August 12, 2022.  Dkt. 27.

4         On August 16, 2022, Plaintiff filed an opposed administrative motion to consider this case

5   related with his concurrent litigation against Intel.  Dkt. 30.  The Court denied the motion. Dkt. 36.

6         On August 23, 2023, Plaintiff moved for a permanent injunction to stop Qualcomm from

7   collecting its own patent royalties, to stop Qualcomm from "tying" its chips, and to award damages

8   for antitrust injuries.  Dkt. 34.  Qualcomm opposed the motion for permanent injunction because

9   Plaintiff failed to meet his burden under any of the five applicable factors.  Dkt. 38, Dkt. 39.

10  Plaintiff filed his reply in support of the motion for permanent injunction on September 12, 2022.

11  Dkt. 40.

12        Qualcomm's motion to dismiss, Plaintiff's motion for default judgment, Plaintiff's cross-

13  motion for summary judgment, and Plaintiff's motion for permanent injunction are pending.

14        Qualcomm anticipates discovery motions and a motion for summary judgment may be filed

15  as the case progresses.  Additionally, Qualcomm reserves its right to move to transfer venue based

16  on the convenience of the parties and witnesses to the Southern District of California after the

17  Motion to Dismiss is ruled upon by the Court. *See* 28 U.S.C. § 1404.

18  **V.    AMENDMENT OF PLEADINGS**

19        Qualcomm has not yet filed an Answer and may not need to file one based on a positive

20  ruling on the pending Motion to Dismiss.  Qualcomm is unaware of any intention by Plaintiff to

21  amend the Complaint at this time, and in any event, believes granting leave to amend would be

22  futile in light of the extensive history of Plaintiff's lawsuits.   Additionally, Plaintiff's Case

23  Management Statement indicates that he does not plan on amending the Complaint.  Dkt. 35, at 3.

24  **VI.   EVIDENCE PRESERVATION**

25        Qualcomm certifies reviewing the Guidelines Relating to Discovery of Electronically

26  Stored Information ("ESI").  The parties have also met and conferred pursuant to Federal Rule of

27  Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence

28  relevant to the issues reasonably evident in this action.

1    Qualcomm understands its obligations related to ESI, but believes that typical ESI

2    discovery related to emails (*i.e.*, the identification of custodians and search terms) is not

3    proportional to the needs of these case, due to the burden and expense of ESI discovery, especially

4    in view of a *pro se* litigant.

5    **VII.   DISCLOSURES**

6    Qualcomm and Plaintiff have not yet served initial disclosures under Federal Rule of Civil

7    Procedure 26(a).  Qualcomm proposes waiting to serve the initial disclosures until the Court rules

8    on the pending motions.

9    **VIII.   DISCOVERY**

10    No discovery has been taken to date, and thus no discovery disputes are present at this time.

11    Qualcomm anticipates that, once a scheduling order is in place, the parties will need to

12    serve requests for the production of documents, interrogatories, and requests for admission

13    directed at the claims asserted in the Complaint and any defense asserted in Qualcomm's Answer.

14    Qualcomm also anticipates the need for depositions and expert testimony.

15    Qualcomm anticipates asking the Court to enter a Protective Order.

16    **Proposed Discovery Plan**

17    **A.     Federal Rule of Civil Procedure 26(f)(3)(A)**

18    Qualcomm does not believe any changes need to be made in the form or requirement for

19    disclosures under Rule 26(a).  Qualcomm proposes waiting to serve the initial disclosures until 14

20    days after the Court has ruled on Qualcomm's Motion to Dismiss, should the case not be dismissed.

21    **B.     Federal Rule of Civil Procedure 26(f)(3)(B)**

22    Qualcomm anticipates that the scope of discovery will encompass the factual and legal

23    issues identified in Sections 2 and 3 above and the requested relief discussed in Section 11 below,

24    including all related, ancillary, and subsidiary factual and legal issues.   Qualcomm believes

25    discovery should be conducted and completed as set forth in the proposed schedule included

26    below.

27

28

7

**C.      Federal Rule of Civil Procedure 26(f)(3)(C)**

Qualcomm believes that typical ESI discovery related to emails (*i.e.*, the identification of custodians and search terms) is not proportional to the needs of these case, due to the burden and expense of ESI discovery, especially in view of a *pro se* litigant.

**D.      Federal Rule of Civil Procedure 26(f)(3)(D)**

Qualcomm intends to address any issues about claims of privilege or of protection as trial-preparation materials, including issues related to Federal Rule of Evidence 502, in the aforementioned Protective Order.

**E.      Federal Rule of Civil Procedure 26(f)(3)(E)**

Qualcomm proposes the following limitations or modification to the discovery rules:

1.      Limiting the number of Interrogatories to 25 per party.

2.      Limiting the number of requests for admission with respect to substantive matters to 25 per party.  Limiting the number of request for admission served to authenticate documents to 25 per party.

3.      Limiting Requests for Production to 50 per party.

4.      Limiting depositions to no more than 10 depositions of no more than 7 hours per deposition.  A party could seek leave to take additional depositions consistent with the federal Rules of Civil procedure and Local Rules upon showing of good cause.  The limitations on fact depositions does not apply to expert witnesses.

**F.      Federal Rule of Civil Procedure 26(f)(3)(F)**

As stated above, Qualcomm intends to ask the Court to enter a Protective Order, assuming an agreement is reached with Plaintiff.  Qualcomm may request Court intervention should no workable agreement be reached with Plaintiff.

**IX.      Class Actions**

This is not a class action.

**X.      RELATED CASES**

Qualcomm does not belief any of the cases pending in the Northern District against other defendants should be considered related under Local Rule 3-12.

8

However, this case is Plaintiff's latest frivolous attempt to sue over his patents. Despite having filed numerous patent lawsuits (which are listed below), to date, Plaintiff has never made it past the pleading stage. Below are the other nine cases that Plaintiff has filed asserting his patents.

### Case 1 – Plaintiff's Original Case Against the Government

In 2013, Plaintiff sued the United States Government, alleging "the United States, through the Department of Homeland Security, has caused cell phone manufacturers to produce devices that infringe on one or more of his patents." *Golden*, 156 Fed. Cl. at 625(Case 1). Plaintiff asserted the '497 Patent, the '752 Patent, the '189 Patent, the '439 Patent, and the '287 Patent. Qualcomm and Samsung were identified entities, but were never named a defendant. The case was dismissed *with prejudice* after **six** amended complaints, and Plaintiff never came up with "a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government." *Id.* at 632. Plaintiff appealed.

The Federal Circuit affirmed the dismissal, in part, because "Mr. Golden has not shown that the Claims Court erred in its decision." *Golden v. United States*, No. 22022-1196, 2022 U.S. App. LEXIS 25178, *5 (Fed. Cir. 2022), *reh'g denied* (Fed. Cir. 2022).

### Case 2 – Plaintiff's Second Attempt to Sue the Government

Before Case 1 was decided, Plaintiff filed a second complaint with the United States Court of Federal Claims "seeking 'reasonable and entire compensation for the unlicensed use and manufacture' of his 'inventions described in and covered by' various patents." *Golden v. United States*, 955 F.3d 981, 983 (Fed. Cir. 2020), *cert. denied* 141 S. Ct. 908 (2020) (Case 2). The same patents were at issue. *Id.* The main thrust of Plaintiff's claims was that he should be compensated under the 5th amendment for the Government's taking of his property. *Id.* at 985-86. His complaint was dismissed by the United States Court of Federal Claims, and the decision was affirmed by the Federal Circuit. *Id.* at 983. No appeal is pending for this case.

### Case 3 – Plaintiff's First Attempt to Sue Qualcomm, and Others, in South Carolina

On September 11, 2019, Plaintiff filed his third case (Case 3) in this saga: a patent infringement lawsuit against Qualcomm, Samsung, and fourteen other companies (including those

9

referenced in an email to the DOJ) in the District of South Carolina.  *Golden v. Apple Inc.*, et al., No 6:19-cv-02557-DCC, 2020 U.S. Dist. LEXIS 12940, *1 (D.S.C. 2020).  The court's local practice is to have a magistrate judge screen all cases filed by a *pro se* plaintiff before the clerk of court is permitted to issue the summons.[2]  The Magistrate recommended that the complaint is subject to dismissal because the "claims appear patently frivolous" and fail to state a claim.  Report and Recommendation, *Golden v. Apple Inc.*, *et al.*, No. 6:19-cv-2557, ECF No. 12, at 3-6 (D.S.C. Oct. 1, 2019).  The Plaintiff amended his complaint.  The Magistrate recommended that the amended complaint be dismissed as being duplicative of Case 1.  Report and Recommendation, *Golden v. Apple Inc.*, *et al.*, No. 6:19-cv-2557, ECF No. 27, 2020 U.S. Dist. LEXIS 26613, at *8-9 (D.S.C. January 9, 2020).  The District Court dismissed Plaintiff's case without prejudice as duplicative in view of his pending case in the United States Court of Federal Claims.  *Golden v. Apple Inc.*, 819 Fed. Appx. 930, 930 (Fed. Cir. 2020), *cert. denied* 141 S. Ct. 1067.  Plaintiff appealed to the Federal Circuit, which affirmed the decision to dismiss without prejudice on the basis of **frivolousness**—rather than duplicity.  *Id.* at 931 ("[W]e agree with the magistrate judge's conclusion that 'the plaintiff's vague and conclusory allegations fail to state a claim for relief.'").  No appeal is pending for this case.

### Case 4 – Plaintiff's Second Attempt to Sue Qualcomm, and Others, in South Carolina

Six months after the District of South Carolina dismissed his first case, Golden filed his fourth suit (Case 4) against similar defendants, including Qualcomm, alleging various violations of state and federal antitrust law.  *Golden v. Apple Inc. et al.*, No.: 6:20-cv-02270-JD-KFM, 2021 U.S. Dist. LEXIS 178626, at *7 (D.S.C Sept. 20, 2021) *aff'd*, No. 21-2160, 2022 U.S. App. LEXIS 8656 (4th Cir. Mar. 31, 2022).  *See* Exhibit 2 (Case 4 complaint).  The Magistrate recommended dismissal as frivolous, noting that:

> On June 16, 2020, the plaintiff filed the instant action, seeking damages against many of the same defendants as named in [Case 3]. Having unsuccessfully sought patent infringement damages against

---

[2] *Information on Representing Yourself in a Civil Action*, U.S. Dist. Ct. Dist. S.C. at 11 (Aug. 17, 2021), http://www.scd.uscourts.gov/DOCS/PROSE.pdf; *see also* Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

these defendants in [Case 3], the instant matter seeks relief for patent infringement and failure to pay royalties, although **the plaintiff has attempted to circumvent the court's prior ruling by asserting that the defendants' actions have violated the Sherman Act, the Clayton Act, and various South Carolina Laws** ....  Nevertheless, ... the instant matter is subject to summary dismissal because the claims appear patently frivolous.

Report and Recommendation, *Golden v. Apple, et. al.*, No. 6:20-cv-2270, ECF No. 16, 2020 U.S. Dist. LEXIS 258437 at *10, 11-14, 16 (D.S.C. Sep. 11, 2020) (emphasis added).  The court adopted Magistrate's recommendation and dismissed the case without prejudice.  *Golden*, 2021 U.S. Dist. LEXIS 178626 at *7.  The Fourth Circuit affirmed.  No appeal is pending for this case.

### Case 5 - Plaintiff's Third Attempt to Sue Qualcomm, and Others, in South Carolina

Approximately six months after filing Case 4, Golden filed yet another lawsuit (Case 5) in the District of South Carolina.  *Golden v. Apple Inc. et al.*, 6:20-cv-04353-JD-KFM, 2021 U.S. Dist. LEXIS 211540, *5 (D.S.C. Nov. 2, 2021) *aff'd in part, vacated and remanded in part*, 2022 U.S. App. LEXIS 25174, *1-6 (Fed. Cir. 2022) (vacating and remanding Case 6 against Google). *See* Exhibit 3 (Case 5 complaint).  According to the Magistrate, "this action represents the plaintiff's attempt to re-litigate the claims from [Case 3] because although [that case] was dismissed as frivolous it was dismissed without prejudice."  Report and Recommendation, *Golden v. Apple, Inc., et al.*, No. 6:20-cv-4353, ECF No. 20, 2021 U.S. Dist. LEXIS 212549, at *14-15 (D.S.C. Feb. 5, 2021).  He again recommended dismissal of the case as frivolous.  *Id.* at *10-14. ("In light of the vague conclusory allegations in the complaint in this action, and the plaintiff's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous").  The Magistrate recommended that the court dismiss the action *with* prejudice, and that the court sanction Mr. Golden $400 for continuing to file frivolous lawsuits before it.  *Id.* at *14-15.  The District Court agreed with the Magistrate that the complaint should be dismissed as frivolous; however, it declined to dismiss the case with prejudice or impose sanctions.  *Golden*, 2021 U.S. Dist. LEXIS 211540, at *8.  Plaintiff was warned that if he "attempts to file another frivolous action in this Court, the Court will consider the imposition of sanctions as warranted."  *Id.* at 3, n. 2. Plaintiff appealed.

11

The Federal Circuit affirmed the district court decision, agreeing that "the docketed complaint is nothing more than a list of patent claims and accused products manufactured by each defendant for each asserted patent." *Golden,* 2022 U.S. App. LEXIS 25174, *1-5 (Fed. Cir. 2022). Plaintiff also admitted that his complaint was identical to a previous complaint rejected as frivolous. *Id.*

## Case 6 – Plaintiff Sues Google Individually in South Carolina and Alleges Joint Infringement with Apple and Qualcomm

Within a month of filing Case 5, Mr. Golden filed another lawsuit (Case 6) in the District of South Carolina naming Google as the sole defendant. *Golden v. Google, LLC,* No. 6:21-cv-00244-JD-KFM, 2021 U.S. Dist. LEXIS 210872 (D.S.C. Nov. 2, 2021), *aff'd in part, vacated and remanded in part*, *Google. v. Apple*, 2022 U.S. App. LEXIS 25174 (vacating and remanding Case 6 but affirming the district court in Case 5). Plaintiff alleged that Google jointly infringed his patents with both Apple and Qualcomm.  Report and Recommendation, *Golden v. Google,* No. 6:21-cv-00244-JD-KFM, ECF No. 14, 2021 U.S. Dist. LEXIS 211502, at *1-2 (D.S.C. April 9, 2021).  The Magistrate again recommended dismissal: "[A]lthough the plaintiff has made allegations against a new alleged infringer, Google, his allegations are still frivolous and thus subject to summary dismissal." *Id.* at *12-16.  He also noted that "to the extent the plaintiff alleges joint infringement by Google and Apple and/or Qualcomm, such allegations may not be used in this action to circumvent prior rulings by this court that infringement allegations against Apple/Qualcomm are frivolous." *Id.* at *12.  He recommended dismissal *with* prejudice and that the court sanction Golden $400.   *Id.* at *16-17.   The court adopted the Magistrate's recommendation and "dismissed the case with prejudice because it is frivolous" and without service of process, but declined to impose sanctions. *Golden*, 2021 U.S. Dist. LEXIS 210872 at *7-8.  Plaintiff appealed.

The Federal Circuit vacated the district court's opinion and remanded for further proceedings because the complaint "attempts—whether successfully or not—to map claim

1  limitations to infringing product features" of the Google Pixel 5 Smartphone.[3]  *Golden v. Apple*
2  *Inc.*, 2022 U.S. App. LEXIS 25174, 5-6 (Fed. Cir. 2022).  The district court had discounted the
3  claim chart as being the same as a chart dismissed as frivolous when the Plaintiff had added content
4  to the chart.  *Id.*  But, the Federal Circuit's holding did not decide any other issue and "does not
5  preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary
6  judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it
7  is not facially frivolous."  *Id.* at 6.

8       The magistrate recommended dismissing the remanded action without service of process
9  because the suit is duplicative of Plaintiff's suit against Google (Case 9) pending in the Northern
10  District of California that is further along procedurally.  Report and Recommendation, *Golden v.*
11  *Google, LLC*, No. 6:21-cv-00244-JD, ECF No. 39, at 6-9 (D.S.C. Nov. 14, 2022).  The district
12  court has not yet made a ruling on the magistrate's recommendation.

13  **Case 7 – Plaintiff Sues Intel in the Northern District of California**

14       On June 8, 2022, Plaintiff sued Intel individually in this district for antitrust, patent
15  infringement, and unjust enrichment claims.  *Golden v. Intel Corp.*, No. 5:22-cv-03828-NC, ECF
16  No. 1 (N.D. Cal. June 8, 2022).  Plaintiff appears to be asserting the '497 Patent, the '752 Patent,
17  the '189 Patent, the '439 Patent, the '287 Patent, the '619 Patent, and the '891 Patent.  *Id.* at ¶19.
18  Intel moved to dismiss.

19       On November 22, 2022, the district court granted Intel's motion to dismiss without leave
20  to amend the complaint.  Order Granting Motion to Dismiss, *Golden v. Intel Corp.*, No. 5:22-cv-
21  03828-NC, ECF No. 31 (N.D. Cal. November 22, 2022).  The district court determined that
22  Plaintiff failed to state a claim for direct or contributory infringement.  *Id.* at 4-5.  Nor did he state
23  a claim for unjust enrichment based on California law.  *Id.* at 5. ("Because the Court concludes
24  that Golden has not stated a claim for either direct or contributory patent infringement, he cannot
25  state a claim for unjust enrichment").  The district court determined that Plaintiff lacked standing
26  to assert antitrust claims for lack of an "injury" because 1) Plaintiff is not a participant in the same

27

28  _____
[3] This Chart is not included in Plaintiff's complaint against Qualcomm.

market as Intel, and 2) Plaintiff failed to plead sufficient facts to establish that he is injured. *Id.* at 5-7. The district court also noted that "several other Courts have held that virtually the same patent claims at issue here are frivolous." *Id.* at 4-5. Leave to amend was denied as futile based on Plaintiff's history of filing frivolous suits. *Id.* at 7-8.

Plaintiff is appealing the dismissal.

### Case 8 – Plaintiff Sues Apple in the Northern District of California

On June 8, 2022, Plaintiff sued Apple individually in this district for antitrust, patent infringement, and unjust enrichment claims. *Golden v. Apple Inc.*, Case 5:22-cv-04152-VKD, ECF No. 1 (July 15, 2022). Plaintiff appears to be asserting the '497 Patent, the '752 Patent, the '189 Patent, the '439 Patent, the '287 Patent, the '619 Patent, and the '891 Patent. *Id.* at ¶85. Plaintiff also alleges that Qualcomm was conspiring with Apple in this suit. *See*, *e.g.*, ¶26. Apple moved to dismiss the complaint.

The district court granted the motion to dismiss without leave to amend the complaint in a one page order. Order Granting Motion to Dismiss, *Golden v. Apple Inc.*, Case 5:22-cv-04152-VC, ECF No. 29 (Oct. 20, 2022). The case was also dismissed because (1) Mr. Golden's claims against Apple were barred by issue preclusion based on his litigation with the Government in Case 1, and (2) he failed to state a plausible antitrust claim. *Id.* Leave to amend was denied based on Plaintiff's nearly 10 year history of filing "frivolous claims (or some variation thereof)." *Id.*

Plaintiff has filed an appeal. *Golden v. Apple Inc.*, No. 23-1161 (Fed. Cir. 2022). The appeal is still pending.

### Case 9 – Plaintiff Sues Google Individually in the Northern District of California, Alleging Joint Infringement with Apple and Qualcomm

On September 14, 2022, Plaintiff sued Google individually and alleged that Google jointly infringed his patents with both Apple and Qualcomm. *Golden v. Google*, No. 4:22-cv-05246-HSG, ECF No. 1 (N.D. Cal. Sept. 14, 2022). This suit was filed within a week of the Federal Circuit reviving Case 6 in the District of South Carolina. Google has filed a motion to dismiss and a motion to strike. Plaintiff has filed a cross-motion for summary judgment and an opposed motion for permanent injunction. The court has not ruled on any of these pending motions.

14

### *Inter Partes* Reviews May be Filed

Defendant reserves its rights to file a petition for *Inter Partes* Review of any of the Asserted Patents in the United States Patent and Trademark Office, as well as a motion to stay this case during pendency of that *Inter Partes* Review.

## XI.    RELIEF

Qualcomm seeks the following relief:

1.    Dismissal of the Complaint *with prejudice* and without leave to amend.

2.    Denial of all remedies and relief sought by Plaintiff.

3.    Judgment that Qualcomm has not infringed and does not infringe any valid claim of the Asserted Patents literally or under the doctrine of equivalents.

4.    Judgement that the claims of the Asserted Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

5.    Judgment that this case is an exception under 35 U.S.C. § 285, and award Qualcomm reasonable attorney fees, costs, and expenses incurred in this action.

6.    Denial of Plaintiff's Motion for Permanent Injunction (Dkt.34) and Cross-Motion for Summary Judgment (Dkt.22).

7.    Such other further relief as this Court may deem just and proper.

## XII.   SETTLEMENT AND ADR

As contemplated by ADR Local Rule 3-5, the parties have conferred regarding ADR. Qualcomm believes that it is premature to discuss settlement or select an ADR process before the resolution of the Motion to Dismiss or before filing its Answer to Plaintiff's Complaint. Qualcomm would like to discuss ADR selection during the Case Management Conference as indicated in the ADR certification (Dkt. 28).

Qualcomm proposes that the parties meet and confer and set a schedule within three months of the latter of the resolution of Qualcomm's Motion to Dismiss or the filing of its Answer to Plaintiff's Complaint.

1  **XIII.  CONSENT TO MAGISTRATE FOR ALL PURPOSES**

2      Qualcomm does not consent to have a magistrate judge conduct all further proceedings

3  including trial and entry of judgment.  Dkt. 13.

4  **XIV.  OTHER REFERENCES**

5      Qualcomm believes that this case is not suitable for reference to binding arbitration, a

6  special master, or the Judicial Panel on Multidistrict Litigation.

7  **XV.    NARROWING OF ISSUES**

8      Qualcomm believes that the Court may dismissal or at least narrow the issues in this case

9  pursuant to its Motion to Dismiss.  Dkt. 6.

10     Plaintiffs Case Management Statement appears to believe that invalidity and infringement

11 can be resolved by agreement because "[t]hat nine years is enough time for any patent challenges,

12 and any infringement challenges."  Dkt. 35, at 6.  Qualcomm does not agree.  Plaintiff bears to

13 burden to prove infringement.  Qualcomm was under no obligation to challenge validity of the

14 Asserted Patents while Plaintiff spent nine years futilely litigating his cases without making it

15 passed the pleading stage. No suit filed by Plaintiff against Qualcomm has ever progressed to the

16 point where validity was litigated.

17 **XVI.   EXPEDITED TRIAL PROCEDURES**

18     Qualcomm does not believe this is the type of case that can be handled under the Expedited

19 Trial Procedure of General Order 64, Attachment A.

20 **XVII.  SCHEDULING**

21     Qualcomm's motion to dismiss, which asks the Court to dismiss the complaint in its

22 entirety without leave to amend is pending before the Court. Dkt. 6. Due to the dispositive nature

23 of the motion to dismiss, Qualcomm respectfully requests that the Court reschedule the Initial Case

24 Management Conference until after the Court has ruled on the motion to dismiss.  This court

25 recently cancelled the initial case management conference in *Golden v. Google* after Google made

26 a similar request in its case management statement.  *Golden v. Google,* No. 4:22-cv-05246-HSG,

27 ECF Nos 31, 6 (N. D. Cal. Dec. 9, 2022).

28     Qualcomm proposes the following schedule.

16

| Date | Event |
|---|---|
| To be determined by the Court | Initial Case Management Conference |
| 14 days after Initial Case Management Conference | Parties serve initial disclosures.<br><br>Deadline for the Parties to Submit a Proposed ESI Order or Submit Dispute to Court per Joint Submission.<br><br>Deadline for the Parties to Submit a Proposed Protective Order or Submit Dispute to Court per Joint Submission. |
| 21 Days after the Initial Case Management Conference | Deadline to file Answer to the Complaint |
| 7 days after Answer filed | Discovery commences on all issues. |
| 14 days after Answer filed | Deadline for Plaintiff to serve Infringement Contentions |
| 30 days after Answer Filed | Deadline to Amend Pleadings or Join Additional Parties as of Right |
| 45 days after Infringement Contentions | Deadline for Qualcomm to serve Invalidity Contentions |
| 14 days after Invalidity Contentions | Deadline for Exchange Proposed Claim Terms for Construction |
| 21 days after Exchange of Proposed Claim Terms for Construction | Exchange Preliminary Claim Constructions and Extrinsic Evidence |
| 50 days after service of the Invalidity Contentions | Damages Contentions |
| 60 days after Invalidity Contentions | Joint Claim Construction and Prehearing Statement<br><br>Deadline to serve Expert Report regarding Claim Construction |
| 30 days after Damages Contentions | Responsive Damages Contentions |
| 30 days after Joint Claim Construction and Prehearing Statement | Complete Claim Construction Discovery |
| 45 days after Joint Claim Construction and Prehearing Statement | Plaintiff's Claim Construction Brief |
| 14 days after Plaintiff's Claim Construction Brief | Defendant's Response Brief |
| 7 days after Defendant's Response Brief | Plaintiff's Reply Brief |
| **To be determined by the Court** | Claim Construction Hearing |

| 30 days after Claim Construction Order | Advice of Counsel Disclosures |
|---|---|
| 35 days after Claim Construction Order | Close of Party Fact Discovery |
| 60 days after Claim Construction Order | Close of Third-Party Fact Discovery |
| 21 days after Close of Third-Party Fact Discovery | Opening Expert Reports |
| 21 days after Opening Expert Reports | Rebuttal Expert Reports |
| 21 days after Rebuttal Expert Reports | Close of Expert Discovery |
| 28 days after Close of Expert Discovery | Deadline to Serve *Daubert* Motions |
| 35 days after Deadline to Serve Daubert Motions | Hearing on *Daubert* Motions |
| 7 days after Hearing on *Daubert* Motions | All dispositive motions shall be filed and served on all other parties on or before this date. |
| 35 days after filing of dispositive motions, or at the Court's convenience | Hearing on Dispositive Motion(s) |
| 32 days before Pre-Trial Conference | Last day to serve Motions in Limine |
| Twelve weeks after the Dispositive Motion deadline, or at the Court's convenience | Pre-Trial Conference |
| To be determined by the Court | Jury Trial commences. |

## XVIII. TRIAL

Plaintiff demanded a jury trial on all issues triable by right.  Qualcomm believes that a trial of 5 court days will be sufficient.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On July 22, 2022, Qualcomm filed a Federal Rule of Civil Procedure 7.1 Disclosure Statement and a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. Dkt. 7.  As stated therein, the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

18

1        1.      Plaintiff

2        2.      Qualcomm Incorporated

## XX.   PROFESSIONAL CONDUCT

All attorneys of record for Qualcomm have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

Qualcomm has not identified any other matters that may facilitate the just, speedy, and inexpensive disposition of this action at this time.

Qualcomm disagrees with Plaintiff's assertion that its motion to dismiss is a waste of taxpayer dollars.  Plaintiff must comply with Federal Rules despite being a *pro se*. Plaintiff's litigations have been repeatedly dismissed, many of which were dismissed on the basis of frivolousness.

Plaintiff appears to believe the issue of antitrust violations has been decided by referencing *FTC v. Qualcomm*—ignoring that the case was overturned by the 9th Circuit.  Plaintiff identifies a prior litigation between Apple and Qualcomm, but this matter is wholly irrelevant to the suit.

## XXII.  Additional Information Pursuant to Patent Local Rule 2-1(b)

**A.**     **Proposed Modifications to the Obligation or Deadlines Set Forth in the Patent Local Rules.  Pat. L.R. 2-1(b)(1).**

Qualcomm proposes postponing all deadlines required under the Patent Local Rules until 14 days after the Answer is filed.

**B.**     **The Scope and Timing of any Claim Construction Discovery.  Pat. L.R. 2-1(b)(2).**

Qualcomm proposes to proceed with claim construction discovery under the Patent Local Rules.  Qualcomm proposes that at party who intents tor rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness according to the above proposed schedule.  This deadline has not yet been set by the Court.   Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B).

1

**C.     Format of the Claim Construction Hearing. Pat. L.R. 2-1(b)(3).**

2      Qualcomm requests a hearing before the Court on any claim term in dispute.  Qualcomm

3   tentatively proposes that each side have 90 minutes to present its arguments in accordance to

4   Court' Standing Order on Patent Cases.  Plaintiff has not identified which claims of the Asserted

5   Patents are actually being asserted against Qualcomm.  The '891 Patent alone has 75 claims.  More,

6   or less, time may be needed depending on the number of claims Plaintiff is actually asserting

7   against Qualcomm.

8      **D.     How the Parties Intend to Educate the Court on the Technology at Issue. Pat.**

9          **L.R. 2-1(b)(4).**

10     Qualcomm proposes educating the Court on the technology at issue through a tutorial in

11   advance of the Claim Construction Hearing.  Qualcomm proposes that, per this Court's Standing

12   Orders on Patent Cases, Plaintiff be allowed to make no longer than a 45-minute presentation,

13   followed by a presentation of no longer than 45 minutes by Qualcomm.

14     **E.     Non-Binding, Good-Faith Estimate of Damages Range**

15     Qualcomm contends that Plaintiff cannot recover any patent damages because the Asserted

16   Patents are invalid, and Qualcomm does not infringe any Asserted Patent.  Moreover, the statute

17   of limitations should preclude any damages.  Thus, a damages award in favor of Plaintiff would

18   be inappropriate.  Qualcomm seeks an award of reasonable attorneys' fees, costs, and expenses,

19   and any other relief as the Court may deem just and proper.

20   At this early stage, Qualcomm is unable to provide an estimate of the damages range expected for

21   these cases.  Plaintiff appears to want the unreasonable sum of $40 Billion, including $10 Billion

22   based on contributory infringement and $10 Billion based on Qualcomm's alleged willfulness.

23   Dkt. 15, at 20; Dkt. 35, at 5.  Qualcomm expects to be able to provide an estimate and explanation

24   after the parties exchange any applicable P.L.R. 3-8 Damages Contentions and P.L.R. 3-9

25   Responsive Damages Contentions.

26   DATED: January 4, 2023              PATTERSON + SHERIDAN, LLP

27
                                        By: */s/ John A. Yates*
28                                          John A. Yates

20

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, the following document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed.

**1)  Qualcomm's Case Management Statement**

I further certify that I caused a copy of the foregoing document to be served on Larry Golden, Pro Se Plaintiff, upon the following in the manner indicated:

**Email:**                               atpg-tech@charter.net

**Mail:**                               Larry Golden
                                          740 Woodruff Rd., #1102
                                          Greenville, SC 29607

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 4, 2023, in San Jose, California.

                              */s/ John A. Yates*
                              John A. Yates
                              Attorney for Defendant
                              Qualcomm, Incorporated

21