Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com
50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

B. Todd Patterson (*pro hac vice*)
tpatterson@pattersonsheridan.com
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846
*Attorneys for Defendant*
*Qualcomm Incorporated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>    *Pro Se* Plaintiff,<br><br>vs.<br><br>QUALCOMM INC.,<br><br>    Defendant. | Case No.: 4:22-cv-03283-HSG<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CASE MANAGMENT STATEMENT**<br><br>[Filed concurrently: Proposed Order; Proof of Service]<br><br>Date:       Unnoticed by Plaintiff<br>Time:       Unnoticed by Plaintiff<br>Courtroom:  Unnoticed by Plaintiff |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**

**MOTION TO STRIKE DEFENDANT'S CASE MANAGMENT STATEMENT**

Defendant Qualcomm Incorporated ("Qualcomm") hereby opposes Plaintiff's Motion to Strike ("Motion").

## I.     Statement of Facts

The Initial Case Management Order identified August 30, 2022 as the deadline to file the Case Management Statement, noting that: "[i]f the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference." Dkt. 2, at 2. The Court continued the Case Management Conference to January 12, 2023. Dkt. 32. Thus, the continuance reset the deadline to file the Case Management Statement to January 5, 2023. On January 4, 2023, Qualcomm filed its Case Management Statement separately from Plaintiff as authorized by ¶12 of the standing order in cases where a party is pro se. Dkt. 44. On January 9, 2023, the Court vacated the case management conference and hearings on the Motion to Dismiss (Dkt. 6) and Motion for Permanent Injunction (Dkt. 34), indicating that the Court would issue a written order.

## II.    Plaintiff's Motion is Moot and Simply Frivolous

Plaintiff's basis for striking Qualcomm's Case Management Statement is (1) it was due on August 30, 2022 and Qualcomm should have sought leave for an untimely filing, and (2) it was due 15 days before January 12, 2023 on Form CM-110 per Rule 3.725 of the California Rules of Court or some other Form provided by the Court.

As an initial matter, motions to strike are disfavored. *Chandler v. United States*, No. 11-cv-5241, 2012 U.S. Dist. LEXIS 14816 at *3-4 (N.D. Cal. Feb. 7, 2012). In any event, Plaintiff's Motion is moot because the Court has cancelled the Case Management Conference. Moreover, Plaintiff's Motion is frivolous because Qualcomm's Case Management Statement was filed prior to the January 5, 2023 deadline set by the continuance of the Case Management Conference. *See* Dkts. 2, 32.

Plaintiff's reliance on Rule 3.725 of the California Rules of Court is misplaced because (1) this rule is for State and *not* Federal court, and (2) this Court's own orders moved the deadline

1

to January 5, 2023. The frivolous nature of Plaintiff's reliance on Rule 3.725 is made clear by his argument that Qualcomm should have used the "mandatory" case management statement Form CM-110 or other Form provided by the Court—despite the plain language of Rule 3.725(c) precluding using a form different than CM-110. A cursory review of Plaintiff's Case Management Statement (Dkt. 34) reveals that Plaintiff used the template provided by the Northern District of California[1] and not Form CM-110.[2] But the Local Rules do not require using a form. Instead, Local Rule 16-9 requires a party's case management statement to cover the 20 topics outlined in the Standing Order for All Judges of the Northern District of California.

### III.    Plaintiff Also Impermissibly Attempts to Rehabilitate His Briefing

Three pages of Plaintiff's Motion are directed at striking Qualcomm's Case Management statement. The remaining 14 pages are a clear attempt to rehabilitate and reargue his Motion for Permanent Injunction and Cross-Motion for Summary Judgment. Plaintiff also introduces what appear to be new Exhibits C and D. The Court should not indulge Plaintiff's impermissible attempts to gap-fill his motions. Plaintiff must live with the arguments made in his prior briefing.

Qualcomm's Opposition to Plaintiff's Motion for Permanent Injunction (Dkt. 38) explains why Plaintiff is not entitled to permanent injunctive relief. It is telling that Plaintiff's attempt to rehabilitate his Motion for Permanent Injunction still ignores that *FTC v. Qualcomm* was overturned. *FTC v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. May 21, 2019), *rev'd and injunction vacated*, 969 F.3d 974, 982, 1005 (9th Cir. 2020) ("We now hold that the district court went beyond the scope of the Sherman Act, and we reverse."). Plaintiff cannot meet any of the 5 factors required to get a permanent injunction. Dkt. 38, at 7-20. Nor does the Court have subject matter jurisdiction over Plaintiff's frivolous claims, especially since Plaintiff lacks standing to bring an antitrust claim. *Id.* at 10-11. Nor has Plaintiff stated a claim for which relief can be granted, highlighted by the running of the statute of limitations on his antitrust claims as well as

---

[1] *Instructions: Preparing the Case Management Statement*, N.D. California, https://www.cand.uscourts.gov/wp-content/uploads/pro-se/legal-help-center-templates-and-packets/CMC-Statement-Packet-2017.pdf (last accessed Jan. 10, 2023)

[2] Dkt. 46, Exhibit A, at 20-24 (Form CM-110).

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CASE MANAGEMENT STATEMENT
Case No.: 4:22-CV-03283-HSG

the fatal fact that his Samsung Charts contain the same fatal flaws that doomed his case against the United States. *Id.* at 11-13.

Qualcomm's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment explains why summary judgment is inappropriate. Dkt. 25, at 12-18. Plaintiff now appears to assert that Qualcomm was under some affirmative duty to invalidate or contest his patents after he sent an unsolicited licensing letter in 2010. Plaintiff provides no legal basis to support this novel position. Plaintiff did not sue Qualcomm directly until 2019 and has failed to make it past the pleading stage in any of his 4 cases naming Qualcomm as a defendant. Plaintiff's own failure to proceed past the pleading stage is why Qualcomm has never had to contest the validity of his patents in court. Should this case not be dismissed, Qualcomm expects to contest the validity of the patents and seek discovery into the Plaintiff's disclosures made to the United States between 2002 and 2008.

Additionally, Plaintiff once again advances the debunked theory that Qualcomm's failure to appear in his case against the United States Government prevents Qualcomm from now disputing infringement and invalidity under *Bowser v. United States.* 420 F.2d 1057, 1060 (C. Cl. 1970). *Bowser* is read narrowly and applies to the United States enforcing indemnity against a third party. *Bird v. United States*, 51 Fed. Cl. 536, 543 (C. Cl. 2002) (superseded by statute). Plaintiff ignores that (1) his lawsuit against the United States was not an enforcement action for indemnity by the United States against Qualcomm, and (2) no issue of validity or infringement was decided due to his case being dismissed at the pleading stage after eight years and six amended complaints. *Golden v. United States*, 156 Fed. Cl. 623 (C. Cl. Nov. 10, 2021), *aff'd* No. 22022-1196, 2022 U.S. App. LEXIS 25178, *5 (Fed. Cir. 2022), *reh'g denied* (Fed. Cir. 2022).

### IV.   CONCLUSION

Plaintiff has failed to establish any basis to strike Qualcomm's Case Management Statement. Instead, Plaintiff only offers frivolous arguments and seeks to use the Motion as a vehicle to unsuccessfully rehabilitate his prior deficient briefing. This Motion, like his Complaint and prior litigation against Qualcomm, is frivolous, without legal merit, and is not an efficient use of time for the Court, Qualcomm, or Plaintiff. The Court should deny this Motion.

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
CASE MANAGEMENT STATEMENT
Case No.: 4:22-CV-03283-HSG

DATED: January 13, 2023

Respectfully submitted,

PATTERSON + SHERIDAN, LLP

By: /s/ John A. Yates
John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
B. Todd Patterson (*pro hac vice*)
tpatterson@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, Texas 77030
713-623-4844 | 713-623-4846

Joseph John Stevens (CA Bar No. 242495)
jstevens@pattersonsheridan.com

50 W. San Fernando Street, Suite 250
San Jose, CA 95113
Tel: 650-384-4418
Fax: 650-330-2314

*Attorneys for Defendant*
*Qualcomm Incorporated*

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
CASE MANAGEMENT STATEMENT
Case No.: 4:22-CV-03283-HSG