**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA - OAKLAND**

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

FILED
JAN 18 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LARRY GOLDEN

*Pro Se* Plaintiff,

V.

QUALCOMM INC.

Defendant.

CASE NO: 4:22-cv-03283-HSG

**(JURY TRIAL DEMANDED)**

**(Sherman Act) (Motive to Form a Conspiracy) (Conspiracy) (Unreasonable Restraint on Trade) (The Clayton Act) (Unjust Enrichment) (Contributory Infringement).**

January 17, 2023

# PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNTIMELY CASE MANAGEMENT STATEMENT

Throughout the Defendant's pleadings, Defendant has asked this Court to violate Plaintiff's constitutional rights. Intellectual property rights are just what they say they are – property rights. Consequently, due process is the constitutional clause that seeks to ensure that those property rights are not wrongfully taken from their holder without the proper procedure.

The Fifth Amendment of the Constitution of the United States provides that "[n]o person shall be … deprived of life, liberty, or property, without due process of law." The Fourteenth Amendment also guarantees that "[n]o State [shall] … deprive any person of life, liberty, or property, without due process of law." In defining what due process requires, the Supreme Court announced in *Mullane v. Central Hanover Bank & Trust Co.* that, at a minimum, "deprivation of life, liberty, or property by adjudication be proceeded by notice and opportunity for hearing appropriate to the nature of the case" 339 U.S. 306, 313 (1950).

The Mullane minimum standard for due process can be separated into two elements: notice of the charge or issue, and the opportunity for a meaningful hearing. *Id.* (stating that when a proceeding is one in which property rights may be deprived, "notice and hearing must measure up to the standards of due process.")

## DEFENDANTS' CASE MANAGEMENT STATEMENT FAILS UNDER FED. R. EVID. 403.

Defendant has devoted 6 pages (pgs. 10-15) of its "Case Management Statement (Dkt. 44) to confusing the issues, wasting time, and needlessly presenting cumulative evidence. Defendant writes: "[t]his case is Plaintiff's latest frivolous attempt to sue over his patents. Despite having filed numerous patent lawsuits (which are listed below), to date, Plaintiff has never made it past the pleading stage. Below are the other nine cases that Plaintiff has filed asserting his patents."

This Court well understands that Rule 403 provides for the exclusion of evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." *See, e.g., Cmty. Ass'n for Restoration of the Env't v. Cow Palace, LLC*, 80 F. Supp. 3d 1180, 1216 (E.D. Wash. 2015).

In particular, the Ninth Circuit and this Court have repeatedly recognized that "Rule 403 is concerned with unfairly prejudicial evidence," that is, evidence that "has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented." *United States v. Shields*, 2016 U.S. App. LEXIS, at *4 (9th Cir. Dec. 21, 2016) (quoting *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991)); *see* also *United States v. Henrikson*, 2015 U.S. Dist. LEXIS 170829, *9- 11 (E.D. Wash. Dec. 22, 2015) (citing *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013)) ("Unfair prejudice is the undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Thus, the Ninth Circuit has emphasized that Rule 403 requires that evidence be excluded as irrelevant where it has "scant or cumulative probative force, [which is] dragged in by the heels for the sake of its prejudicial effect." *United States v. Plascencia-Orozco*, 852 F.3d 910, 926 (9th Cir. 2017); *see* also *Wetmore v. Gardner*, 735 F. Supp. 974, 983 (E.D. Wash. 1990) (citing *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000)) (same). Specifically, evidence should be excluded when "there is a significant danger that the jury [or judge] might base its decision on emotion or when non-party events would distract reasonable jurors [judges] from the real issues in a case." *United States v. Whittemore*, 2013 U.S. Dist. LEXIS 67636, at *7 (D. Nev. May 10, 2013) (citing *Tennison v. Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001), and *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985)).

The Case Management Statement has the "undue tendency to suggest a decision on an improper basis". Even after the three-judge panel's 'Opinion' at the Federal Circuit in *Larry*

*Golden v. Google LLC;* CAFC Case No. 22-1267 "*[b]ut to the extent that the chart includes the 'exact same language' as previously rejected charts, it is simply the language of the independent claims being mapped to. The key column describing the infringing nature of the accused products is not the same as the complaint held frivolous in the 2019 case. It attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner ... We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous*", the Defendant continues to mislead, misguide, and misinform this Court that is case is about "frivolousness" and not about a violation of antitrust laws and patent infringement. Defendant writes in their Case Management Statement:

> "Plaintiff is a serial filer of ***frivolous*** complaints based on this alleged conspiracy as explained in the Motion to Dismiss ... Plaintiff has never made it past the pleading stage on any suit relating to this conspiracy and infringement of his patents, several of which have been dismissed as ***frivolous*** ... Whether or not the Court has subject matter jurisdiction based on the ***frivolous*** nature of the Plaintiff's Complaint ... The Court does not have subject matter jurisdiction over Plaintiff's ***frivolous*** claims, nor does Plaintiff have standing for his antitrust claim ... However, this case is Plaintiff's latest ***frivolous*** attempt to sue over his patents ... The Magistrate recommended that the complaint is subject to dismissal because the "claims appear patently ***frivolous***" and fail to state a claim ... Plaintiff appealed to the Federal Circuit, which affirmed the decision to dismiss without prejudice on the basis of ***frivolousness***—rather than duplicity ... The Magistrate recommended dismissal as ***frivolous***, noting that ... the instant matter is subject to summary dismissal because the claims appear patently ***frivolous*** ... According to the Magistrate, "this action represents the plaintiff's attempt to re-litigate the claims from [Case 3] because although [that case] was dismissed as ***frivolous*** ... He again recommended dismissal of the case as ***frivolous*** ... the plaintiff's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as ***frivolous*** ... The Magistrate recommended that the court dismiss the action with prejudice, and that the court sanction Mr. Golden $400 for continuing to file ***frivolous*** lawsuits before it ... The District Court agreed with the Magistrate that the complaint should be dismissed as ***frivolous*** ... Plaintiff was warned that if he "attempts to file another ***frivolous*** action in this Court, the Court will consider the imposition of sanctions as warranted ... Plaintiff also admitted that his complaint was identical to a previous complaint rejected as ***frivolous*** ... [A]lthough the plaintiff has made allegations against a new alleged infringer, Google, his allegations are still ***frivolous*** and thus subject to summary dismissal ... such allegations may not be used in this action to circumvent prior rulings by this court that infringement allegations against Apple/Qualcomm are ***frivolous*** ... The court adopted the Magistrate's recommendation and "dismissed the case

> with prejudice because it is ***frivolous***" and without service of process … The district court had discounted the claim chart as being the same as a chart dismissed as ***frivolous*** when the Plaintiff had added content to the chart … The district court also noted that "several other Courts have held that virtually the same patent claims at issue here are ***frivolous*** … Leave to amend was denied as futile based on Plaintiff's history of filing ***frivolous*** suits … Leave to amend was denied based on Plaintiff's nearly 10-year history of filing "***frivolous*** claims (or some variation thereof) … Plaintiff's litigations have been repeatedly dismissed, many of which were dismissed on the basis of ***frivolousness***"

The cumulative evidence clause permits a court to bar admission of evidence where its probative value is substantially outweighed by the risk of needlessly presenting cumulative evidence, Fed. R. Evid. 403. The clause finds its roots in common law authority. *See* 22A Kenneth W. Graham, Jr., Federal Practice and Procedure § 5220 (2d ed. 2017) ("[T]he doctrine apparently existed at common law …"). Observing the dangers that the cumulative evidence clause seeks to mitigate. In essence, it "is evidence law's answer to the adage, '[e]nough is enough,'" providing a judicial safety valve by which a party's attempt to admit excessive evidence in support of the same proposition can be cut short.

## NEARLY TEN YEARS OF "DUE PROCESS OF LAW" VIOLATIONS

2013: Plaintiff attempted to file a case against the Government. Plaintiff alleged the Government has "taken" his property without paying just compensation. When asked, "why there's no category for this cause of action", the Clerk replied "just file it under patent infringement". The Court of Federal Claims Clerk incorrectly advised Plaintiff: United States Court of Federal Claims; *Larry Golden v. United States* COFC Case No. 1:13-cv-00307:

> "Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate a claim if the statute, regulation, or constitutional provision that is the basis for that claim "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and the plaintiff is "within the class of plaintiffs entitled to recover under the statute if the elements of [the] cause of action are established," *Greenlee County, Arizona v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007). "There is no further jurisdictional requirement that plaintiff make [] additional nonfrivolous allegation[s] that [he] is

> entitled to relief under the relevant money-mandating source." *Jan's Helicopter Serv., Inc. v. Federal Aviation Agency*. 525 F.3d 1299, 1307 (Fed. Cir. 2008)."

2013-2014; (12 months): Patent Owner ("PO") spent the next 12 months defending a case that was based more on an alleged "Fifth Amendment "taking" of Private Property without paying just compensation (Tucker Act 28 U.S.C. 1491(a)), than patent infringement. 2014—Judge Braden ordered the parties move forward with patent infringement, only to later dismiss the PO's "takings" claim for framing patent infringement as a government takings.

> "In *Horne v. Department of Agriculture*, Chief Justice Roberts, writing for the Court, noted the long history of private property being secured against uncompensated takings by the government, beginning with the Magna Carta some 800 years ago. In further support, Roberts cited a Supreme Court opinion from the late nineteenth century: Nothing in this history suggests that personal property was any less protected against physical appropriation than real property. As this Court summed up in *James v. Campbell*, 104 U.S. 356, 358 (1882), a case concerning the alleged appropriation of a patent by the Government: *"[A patent] confers upon the patentee an exclusive property in the patented invention which cannot be appropriated or used by the government itself, without just compensation, any more than it can appropriate or use without compensation land which has been patented to a private purchaser."*

2014-2015; (18 months): The Department of Homeland Security (DHS) and the Department of Justice (DOJ), (the "Government") who was defending the DHS in *Larry Golden v. United States* COFC Case No. 1:13-cv-00307, unlawfully filed a petition at the PTAB for *Inter Partes Review* (IPR). Neither agency was considered a "person" with the legal right to do so:

> "In *Return Mail, Inc. v. United States Postal Service* (Supreme Court 2019) In a 6-3 decision, the Supreme Court has decided the U.S. Government is not a "person" capable of petitioning for institution of AIA review proceedings. There is basically no indication that this particular use of "person" was designed to include the U.S. Government. The majority also noted the awkwardness: *"Finally, excluding federal agencies from the AIA review proceedings avoids the awkward situation that might result from forcing a civilian patent owner (such as Return Mail) to defend the patentability of her invention in an adversarial, adjudicatory proceeding initiated by one federal agency (such as the Postal Service) and overseen by a different federal agency (the Patent Office)."*

The Patent Trial and Appeal Board (PTAB) decided, to unlawfully institute an *Inter Partes Review* (IPR) on 2 of 3 patents, 18 publications, and an Expert's Declaration, that do not antedate the PO's patent. (Case No. IPR2014-00714):

> "We instituted an inter partes review of claims 11, 74, and 81 of the '990 patent because Petitioner had demonstrated a reasonable likelihood of showing that these claims were anticipated by Astrin (Ex. 1002)5 and Breed (Ex. 1004).6 Paper 16. We declined to institute on the grounds based on Mostov (Ex. 1003) because Astrin and Breed addressed all of the claims, and there was no explanation why that ground differed from the instituted grounds ... We next consider Patent Owner's argument that Astrin, Mostov, and Breed are not prior art because the amended claims are entitled to the April 5, 2006 priority date. Mot. to Amend 2–7. Final Written Decision in Case No. IPR2014-00714; Entered: October 1, 2015.

| Reference | Filing Date | Publication Date | Basis for anticipation |
|---|---|---|---|
| U.S. Patent Application Publication No. 2006/0250235 ("Astrin") | | 11/09/2006 | 102(b) |
| U.S. Patent Application Publication No. 2006/0181413 ("Mostov") | | 08/17/2006 | 102(b) |
| U.S. Patent No. 7,961,094 ("Breed") | 11/29/2007 | | 102(e) |
| ***Plaintiff-Appellant's First patent application No. 11/397,118 was filed with the USPTO*** | ***04/05/2006*** | | |

To this point, after having a conversation with the Judge in early 2015, the PTAB made it quite clear they were not going to recognize PO's priority date as antedating that of Astrin, Breed, and Mostov. The PO was left with no other alternative but to amend the claims. In so doing, the PO sent the amended claims over to the USPTO for examination against the 3 patents of Astrin, Breed, and Mostov; the 18 publications; and, the Expert's Declaration. The USPTO cleared the amended patent claims; "the references do not cover the patent claims as a whole".

The PTAB rejected the USPTO results of the amended claims, but decided, only after the PO had amended the claims, to drop the references of Astrin and Breed. The PTAB changed the "basis for participation" from a 102(b) to a 102(e) and re-entered Mostov:

> "Even accepting, for the sake of argument, that the substitute claims are entitled to this earlier priority date, at the very least, Mostov remains prior art under 35 U.S.C. § 102(e) because Mostov's non-provisional filing date is January 30, 2006. Ex. 1003, at [22]. The fact that we did not institute this proceeding on Mostov does not mean it is no longer relevant to the patentability of the substitute claims. In deciding not to institute on Mostov, we did not rule on the merits of Petitioner's case. Dec. to Inst. 28–29. We merely determined that, given the Astrin and Breed references, instituting on Mostov was not a necessary use of resources. We consider Mostov still to be relevant to the patentability of the claims. Thus, Petitioner's arguments regarding the priority date, even if accepted, do not show patentability over Mostov…" [Final Written Decision]

The PO's "Request for Rehearing" was filed on October 24, 2015 with the PTAB; Case IPR2014-00714 was denied. Mostov's patent provisional filing date is January 28, 2005. The Patent Owner's "Disclosure Document" filing date is November 26, 2004..

| Reference | Filing Date | Publication Date | Basis for anticipation |
|---|---|---|---|
| U.S. Patent Application Publication No. 2006/0250235 ("Astrin") | | 11/09/2006 | 102(b) |
| U.S. Patent Application Publication No. 2006/0181413 ("Mostov") | | 08/17/2006 | 102(b) |
| U.S. Patent No. 7,961,094 ("Breed") | 11/29/2007 | | 102(e) |
| ***Plaintiff-Appellant's First patent application No. 11/397,118 was filed with the USPTO*** | ***04/05/2006*** | | |
| U.S. Patent provisional filing date is 01/28/2005. Application No. 11/343,560; Patent No. 7,990,270 ("Mostov") | 01/28/2005 | | 102(e) |
| ***Plaintiff-Appellant's Disclosure Document filed with USPTO. Disclosure Doc. No. 565732*** | ***11/26/2004*** | | |

The Federal Circuit; in the United States Court of Appeals for the Federal Circuit; *Golden v. United States*; CAFC Case No. 19-2134 Dkt: 37 Filed: 04/10/2020: OPINION, stated: "… an *inter partes review* initiated by the government could be considered an unconstitutional taking under the Fifth Amendment." When Plaintiff filed the "unconstitutional taking under the Fifth Amendment" in *Larry Golden v. USA* COFC Case No. 13-307C, for this matter, the Claims Court never considered the claim.

> "We are mindful, of course, of the unique circumstances of the IPR in Golden's case. This IPR was initiated by DHS, a federal agency. Following the cancellation of certain claims of his RE43,990 patent in the IPR, the Supreme Court made clear in *Return Mail* that "a federal agency is not a 'person' who may petition for post-issuance review under the AIA." 139 S. Ct. at 1867. Golden may argue that, in view of *Return Mail*, the cancellation of the patent claims in an inter partes review initiated by the government could be considered an unconstitutional taking under the Fifth Amendment."

2016; (7 months): The Department of Justice (DOJ), (the "Government") entered a motion to dismiss Plaintiff's alleged infringement claims against the Government in the case of *Larry Golden v. United States* COFC Case No. 1:13-cv-00307. *OPINION* entered 11/30/2016; Dkt. 94

> "For the reasons discussed herein, the Government's June 24, 2016 Motion to Dismiss Certain Devices, pursuant to RCFC 12(b)(1) and 12(b)(6), is denied. 'The relevant devices are: M-Lock; High-power Electromagnetic System ("HPEMS"); Smartphone Microscope; Biophone; Smartphone Biosensor cradle; iPhone Biodetector smartphone; Pathtracker; the center of Integrated Nanomechanical Systems ("COINS") Nano-Embedded sensors; Smartphone-Based Rapid Diagnostic Tests; Lockheed Martin K-Max Unmanned self-flying Helicopter; Boeing MH-6 Little Bird Helicopter; SIN-VAPOR Smartphone system; Samsung Galaxy s6 Microscope Smartphone; VOCket System; Nett warrior Smartphone System; Northrop Grumman X-47B; UCAS X-478 Control Display Unit; GammaPix; NFC Samsung Galaxy s6 smartphone Sensor; Cell-All Synkera MikroKera Ultra: Biotouch System; iPhone Biodetector Smartphone; Navy Marine Corps Intranet; FLIR identiFINDER R300; AOptix Stratus MX Peripheral; MultiRae Pro Wireless Portable Multi Threat Radiation and Chemical Detector; PositiveID's M-BAND; PositiveID's Firefly DX; 1"x2" Detection Device Samsung Galaxy s6 Smartphone; 2"x2" Detection Device Samsung Galaxy s6 Smartphone; NetS2 Smartshield G300 Radiation Detector Samsung Galaxy s6 Smartphone; NetS2

SmartShield G500 Radiation Detector Samsung Galaxy s6 Smartphone; and the Passport Systems Base Control Unit; Oshkosh Defense Autonomous Unmanned Ground Vehicle TerraMax; and the Variable NODE+Oxa. 2/12/16 Am. Compl. at, paras. 68-127.'"

On December 2, 2016—two days after the Claims Court entered its Memorandum Opinion and Order Denying the Government's Motion to Dismiss—the Claims Court decided to give the Government another chance at having Plaintiff's case dismissed:

> "THE COURT: -- all I'm saying is under the liberal standards that the Court looks at these types of proceedings, I'm going to let you do a little jurisdictional discovery. Now, what do you have in mind and what time frame do you have in order to show me that you can satisfy the -- I'm going to let the -- the Government is going to be able to redo this again. But I'm going to give you a chance to do some jurisdictional discovery on this. So, what do you want to do? MR. GOLDEN: When you say redo it again -- THE COURT: Well, the Government -- I dismissed their -- I basically did not grant their motion to dismiss now." In the Matter of: *Larry Golden v. USA* December 2, 2016 Condensed Transcript with Word Index

2016-2018; (14 months): The Plaintiff spent the next 14 months doing jurisdictional discovery. The Judge ordered Plaintiff to provide the Government with ***all*** of Plaintiff's discovery documents. In February 2017, Plaintiff submitted to the Court and the Government all, over 5000 pages, of Plaintiff's document's Plaintiff was planning to use as evidence. The Claims Court did not order the Government to do the same.

On March 29, 2018: In the Court of Federal Claims; *Larry Golden v. The United States* Case 1:13-cv-00307-EGB Dkt. 130 Filed 03/29/18 [Opinion and Order]. The Claims Court dismissed 61 of 72 alleged infringement claims that included consumer devices, because the Court stated the consumer devices are the private property of the manufacturers.

> The private parties "manufacture[d], develop[ed], and commercialize[d] their devices in their own economic self-interest. "Infringement of the '439 Patent is alleged in paras. 91-92, 96-97, 101-02, 106-07, 111-12, 116-17, 121-22, 126-27, 131-32, 136-37, 141-42, 146-47, 151-52, 156-57, 161-67, 171-72, 176-80, 184-85, 189-90, 194-95, 199-200,204-05,209-10,214-15,219-20,224-26,230-31, 235-36, 240-41, 245-46, 250-51, 255-56, 260-61, 265-66,270-71, 275-76,280-81, 285-86, 290-91, 295-96, 300-01, 305-06, 310-11, 315-16, 320-21, 325-26, 330-31, 335-36, 340-41, 345-46, 350-51, 355-56, 360-61, and

> 365-66 of the August 10, 2017 Fifth Amended Complaint, the relevant portions of which the court has highlighted in pink in the attached Court Exhibit B, if not otherwise highlighted in a difference color. These paragraphs, however, contain patent infringement allegations concerning other patents and therefore are dismissed to the extent they concern the '439 Patent"

The Claims Court decision to dismiss 61 of 72 alleged infringement claims is confusing. All 72 alleged infringement claims demonstrated an integration with some type of consumer device. Therefore, why not dismiss all 72 alleged infringement claims. Plaintiff spent the next 44 months defending alleged infringement products that had already been adjudicated.

2018-2021; (44 months): Plaintiff narrowed his case down to one alleged infringement claim, to the DHS S&T *Cell-All Ubiquitous Chemical & Biological Sensing* (BAA 07-10). In the Court of Federal Claims; *Larry Golden v. The United States* Case 1:13-cv-00307-EGB Dkt. 249 Filed 11/10/21 [Opinion and Order] the Court dismissed Plaintiff's case:

> "[b]ecause plaintiff has failed to conform his preliminary infringement contentions with Patent Rule 4 and has failed to follow a court order in that regard, the case must be dismissed." Judgement: "Pursuant to the court's Opinion, filed November 10, 2021, granting defendant's motion to dismiss and denying plaintiff's cross-motion for summary judgment, IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 41(b), that plaintiff's complaint is dismissed, with prejudice, for failure to comply with Patent Rule 4 and to comply with a court order." (Dkt. 250 Filed 11/10/21)

The Trial Court lied. The Trial Court and the Government made it virtually impossible for Plaintiff to plead his patents are being infringed by doing the following:

- The Claims Court narrowed Plaintiff's case to the non-third-party private entities of Apple, Samsung, and LG, which is outside the COFC's jurisdiction.
- The Claims Court continuously ignored Rhevision's CBR Camera sensors; NASA's "embedded sleeve" sensors; and Qualcomm's built-in embedded sensors.
- The Claims Court continuously misrepresented Plaintiff's CPU as a CBR sensor, and the Claims Court falsely accused Plaintiff of enlarging the case with the CPU.

- The Claims Court continuously accused Plaintiff of not complying with the requirements of Rule 4.
- The Claims Court continuously accused Plaintiff of not identifying the lock mechanism limitation of the patent claims, and the Claims Court dismissed all 25 patent claims for "not identifying the lock mechanism", when only 12 of the 25 patent claims carried a limitation for the locking mechanism.
- The Claims Court neglected to consider Qualcomm. Qualcomm was the prime contractor to receive funding for the *Cell-All* project. Qualcomm was the only contractor tasked with providing four major components for the assembly of the sensor phone: 1) a host device i.e., phone / handheld; 2) the cellular communication i.e., wireless modem; 3) the CPU for carrying out functional and operational instructions; and, 4) CBR sensors.

2019-2022; (30 months): In the United States District Court for the District of South Carolina—Greenville Division: Plaintiff believes the Magistrate Judge assigned to Plaintiff's cases to be a racist, and Plaintiff also believe the U.S. District Court for the District of South Carolina still follow and practice a racist doctrine [Blacks are only two-third human and do not have the capacity to invent]. Plaintiff was denied due process.

The Court was found to have: unlawfully dismiss Plaintiff's complaint as duplicative; unlawfully dismiss Plaintiff's complaint for page count; unlawfully dismiss Plaintiff's complaint after changing the cause of action; refuse service of process in all cases filed; recommended dismissal in all cases filed; and recommended fines for filing cases. The Court of Federal Claims, and the Magistrate Judge (South Carolina District Court) caused Plaintiff to file multiple cases.

2022; (4 months): In the United States District Court for the Northern District of California, *Golden v. Apple* case no. 3:22-cv-04152-VC: The Trial Court Clear Error of Judgement:

> "Golden's patent infringement claims against Apple are barred by issue preclusion because they have been fully litigated and decided. *See Golden v. United States*, 156 Fed.

Cl. 623 (Fed. Cl. 2021), aff'd, *Golden v. United States*, No. 13-cv-00307, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022)".

This case cannot lawfully be barred by "issue preclusion", because, according to the Federal Circuit in *Golden v. Apple* Case: 20-1508 Document: 16; Filed: 09/03/2020, the cases are not duplicative cases.

The trial court relied on, and applied Defendant's interpretation of issue preclusion: Defendant stated, "[w]ith respect to issue preclusion, all of the elements are present: '(1) [a] final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit.'"

Plaintiff-Appellant objects to Defendant's argument that this case have been fully litigated and decided. With respect to element (1): final adjudication is based on *Golden v. Apple* case no. 2022-1229 (dismissed without prejudice), ***not*** *Golden v. US* case no. 2022-1196. With respect to element (2): cause of actions § 1498(a) [Government infringement], and § 271(a) [Infringement by Private Entity] do not have identical issues. With respect to element (3): induced, contributory, joint, and willful infringement are all issues that cannot be raised under § 1498(a) [Government infringement], but are alleged against Apple in this current case. With respect to element (4): under § 1498(a), the USCFC hears claims against the Government [not Apple] for money damages.

The US Court of Federal Claims (USCFC) is unique in the federal trial court system in that it has nationwide jurisdiction, and hears a variety of claims against the US government for money damages, including patent [] infringement … The government has expressly waived its sovereign immunity and consented to be sued for patent infringement under 28 U.S.C. § 1498(a).

No such waiver exists, or is it necessary under § 271(a) [Infringement by the Private Entity—Apple], because § 271(a) is not a cause of action brought against the Government for money damages.

**The Federal Circuit in *Larry Golden v. Apple Inc.*, Case: 20-1508 Dkt: 16 Filed: 09/03/2020 has already decided Plaintiff-Appellant's Case is not Duplicative**

> "After Golden amended his complaint, the Magistrate Judge recommended dismissal without prejudice and without service of process because the case was duplicative of parallel proceedings Golden brought against the government in the Court of Federal Claims. Golden objected to the Magistrate Judge's Report and Recommendation, arguing that the present action was not duplicative but was instead a separate action against nongovernmental entities for patent infringement ... Golden argues on appeal that what the district court failed to appreciate is that while the earlier action asserted unfair acts by the government, the present action allegedly involves the infringing acts of third parties unrelated to any activities of the government ... For these reasons, we affirm the district court's dismissal without prejudice and without service of process, not on the basis of duplicity ..." United States Court of Appeals for the Federal Circuit; *Larry Golden v. Apple Inc.*, Case: 20-1508 Dkt: 16 Filed: 09/03/2020

**In the Federal Circuit's; *Larry Golden v. Google LLC;* Case No. 22-1267; the Complaint and Claim Chart was Found to be NOT Facially Frivolous and the Case was Remanded Back to the District Court. Element by Element, the Apple's Smartphone Devices "Mirrors" the Google Smartphone Device Asserted in Case No. 22-1267**

> "[I]n the Google case, the district court again concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,096,189. The district court discounted this claim chart because it 'contains the exact same language as the claim charts previously rejected by the Federal Circuit [in the 2019 case], although Google Pixel 5 Smartphone appears in the far-left column instead of Apple.' But to the extent

that the chart includes the 'exact same language' as previously rejected charts, it is simply the language of the independent claims being mapped to. The key column describing the infringing nature of the accused products is not the same as the complaint held frivolous in the 2019 case. It attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner … We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed and request service of process. Our decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous."

## CONCLUSION

For the reasons stated above, Defendant's Case Management Statement should be dismissed.

Sincerely,

Date: January 17, 2023

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 17th day of January, 2023, a true and correct copy of the foregoing "Plaintiff's Reply in Support of Plaintiff's Motion to Strike Defendant's Untimely Case Management Statement", was served upon the following Defendant by priority "express" mail:

Joseph John Stevens
PATTERSON & SHERIDAN, LLP
50 West San Fernando Street, Suite 250
San Jose, CA 95113
Phone: (650) 384-4418
Fax: (650) 330-2314
Email: jstevens@pattersonsheridan.com

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-288-5605