UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>           Plaintiff,<br><br>   v.<br><br>QUALCOMM, INC.,<br><br>           Defendant. | Case No. 22-cv-03283-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Dkt. No. 6 |

## I. BACKGROUND

This case is one of several Plaintiff has filed in different districts over a period of years raising overlapping or materially identical claims. *See Golden v. Intel Corp.*, No. 22-cv-03828-NC, 2022 WL 17735388, at *4-5 (N.D. Cal. Nov. 22, 2022), Dkt. No. 31 at 4-5, 7-8 (order granting motion to dismiss without leave to amend and listing prior cases); *Golden v. Apple, Inc.*, No. 22-cv-04152-VC (N.D. Cal. Oct. 20, 2022), Dkt. No. 29 (dismissing complaint without leave to amend, and observing that "Golden has been pressing these frivolous claims (or some variation thereof) for nearly 10 years in multiple jurisdictions").

With one exception, every case of which the Court is aware in which a court has issued a ruling has been dismissed as frivolous, in either this district, the District of South Carolina, or the Federal Court of Claims. *Golden v. Apple Inc.*, No. 19-cv-02557-DCC, 2020 WL 415896, at *2–3 (D.S.C. Jan. 27, 2020), *aff'd*, 819 Fed. App'x. 930, 931 (Fed. Cir. 2020) (affirming dismissal "not on the basis of duplicity, but on the ground of frivolousness"); *Golden v. Apple Inc.*, No. 20-cv-02270-JD-KFM, 2021 WL 4260782, at *2–3 (D.S.C. Sept. 20, 2021), *aff'd*, No. 21-2160, 2022 WL 986984, at *1 (4th Cir. Mar. 31, 2022); *Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739, at *2–3 (D.S.C. Nov. 2, 2021), *aff'd*, No. 22-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022); *Golden v. Google, LLC*, No. 21-cv-00244-JD-KFM, 2021 WL 5083804,

at *3 (D.S.C. Nov. 2, 2021); *Golden v. Intel Corp.*, No. 22-03828-NC, 2022 WL 17735388, at *4–5; *Golden v. Apple, Inc.*, No. 22-cv-04152-VC.

In particular, the Court of Claims dismissed Plaintiff's case against the United States government, in which he alleged that the government "caused cell phone manufacturers," including Qualcomm, "to produce devices that infringe on one or more of his patents." *Golden v. United States*, 156 Fed. Cl. 623, 625 (2021). The District of South Carolina then dismissed a patent infringement lawsuit naming Qualcomm and fifteen other companies, and the Federal Circuit affirmed that dismissal "on the ground of frivolousness." *See* Dkt. No. 6-6; *Golden v. Apple Inc.*, No. 19-cv-02557, 2020 WL 415896 at *2–3; *Golden v. Apple Inc.*, 819 Fed. Appx. at 931. Six months later, Plaintiff filed another suit in the District of South Carolina against Qualcomm and other defendants, alleging violations of state and federal antitrust law, and that suit too was dismissed based on the Magistrate Judge's recommendation that the claims were "patently frivolous." *Golden v. Apple Inc.*, No. 20-cv-02270-BHH-KFM, 2020 WL 11624670, *4 (D.S.C. Sept. 11, 2020), *report and recommendation adopted by Golden v. Apple Inc.*, No. 20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021). Plaintiff filed yet another lawsuit in the District of South Carolina, which was dismissed as frivolous. *Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5890508, *5 (D.S.C. Feb. 5, 2021), *report and recommendation adopted by Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021). And shortly thereafter, Plaintiff filed another lawsuit in South Carolina naming Google as the sole defendant, but alleging that Google jointly infringed his patents with both Qualcomm and Apple. *Golden v. Google, LLC*, No. 21-cv-00244-JD-KFM, 2021 WL 5890440, *4 (D.S.C. Apr. 9, 2021), *report and recommendation adopted by Golden v. Google, LLC*, No. 21-cv-00244-JDK-FM, 2021 WL 5083804 (Nov. 2, 2021). This case was also dismissed with prejudice as frivolous, with the Magistrate Judge specifically noting that Plaintiff could not "circumvent prior rulings by this court that infringement allegations against Apple/Qualcomm are frivolous." *Golden v. Google, LLC*, 2021 WL 5890440 at *4 (D.S.C. Apr. 9, 2021).[1]

---

[1] The Federal Circuit affirmed the November 2, 2021 dismissal of the complaint against Apple, but reversed the April 9, 2021 dismissal of the complaint against Google. *Golden v. Apple*, 2022 WL 4103285 at *2 (Fed. Cir. 2022). As to the complaint against Google, the Federal Circuit found that the complaint included a claim chart that "attempts—whether successfully or not—to

2

The Court finds that the claims in this case are equally as frivolous as Plaintiff's many allegations against Qualcomm that preceded them. As other courts have observed, "[b]ecause Golden neither breaks his allegations down into counts, nor provides a numbering system, it is challenging to say exactly how many counts are at issue." *Golden v. Intel*, 2022 WL 17735388 at *3, n.1. The Court's challenge here is compounded because Plaintiff has attached nearly 1,200 pages of documents to the complaint. The Court need not, and will not, wade through the attachments to attempt to ferret out aspects of the claims not fairly and squarely addressed in the body of the 37-page complaint: Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

With these caveats, it appears Plaintiff is asserting three claims: (1) antitrust violations; (2) unjust enrichment; and (3) patent infringement. Complaint at 1 ("COMPLAINT FOR ANTITRUST LAW VIOLATIONS AND PATENT INFRINGEMENT").

## II.   MOTION TO DISMISS

### A.   Plaintiff fails to plausibly plead an antitrust claim.

The Complaint alleges that "[u]pon information and belief, Plaintiff believes Qualcomm has formed or created its monopoly for chipsets by 'tying' Plaintiff's CPUs to its wireless cellular modems." Compl. ¶ 52. The theory appears to be that "Qualcomm's 'hold out' strategy of 'no license, no chip' was used to force the co-conspirator OEMs to purchase Plaintiff's patented CPU that Qualcomm 'tied' to its modem." *Id.* ¶ 54. The alleged harm appears to be that "Qualcomm's anticompetitive practices has [sic] restrained Plaintiff from entering the market to collect royalties on his patented inventions." *Id.* ¶ 83. Plaintiff relies heavily throughout the complaint on the district court's findings in *FTC. v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. 2019), and attaches a copy of that decision to the complaint, without recognizing that the case was reversed and

---

map claim limitations to infringing product features, and it does so in a relatively straightforward manner." *Id.* The Federal Circuit remanded to allow the complaint to be filed and served, but noted that "[o]ur decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim," and it "express[ed] no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous." *Id.* In the present case, as described below, Plaintiff's allegations fail to meet this standard, and the issue comes before the Court on a fully-briefed motion to dismiss.

vacated by the Ninth Circuit. *See id.* ¶¶ 76-78; *cf. FTC v. Qualcomm Inc.*, 969 F.3d 974, 1001-1002 (9th Cir. 2020) (finding no antitrust violation based on "no license, no chips" policy because district court "failed to identify how the policy directly impacted Qualcomm's competitors or 'distorted the area of effective competition,'" and policy "involve[d] potential harms to Qualcomm's *customers*, not its competitors, and thus falls outside the relevant antitrust markets") (citations omitted; emphasis in original).

Plaintiff's antitrust claim is frivolous. At the outset, Plaintiff lacks antitrust standing. A party seeking to bring a private antitrust action must establish antitrust injury. *American Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1054 & n.3 (9th Cir. 1999); *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 110 n.5 (1986) (requiring antitrust injury to seek injunctive relief under the Clayton Act). To plead antitrust injury, Plaintiff must allege that he suffered the type of injury antitrust laws were designed to prevent and that he is a participant in the same market as the alleged wrongdoers. *Golden v. Intel*, 2022 WL 17735388 at *4 (citing *American Ad Mgmt.*, 190 F.3d at 1055, 1057). Plaintiff fails to allege that he is a participant in the same market as Qualcomm or that he suffered injury in that market, and does not even allege the contours of the claimed market. To the extent the claim is that he is "restrained" from "entering the market to collect royalties on his patented inventions," Compl. ¶ 83, that is fatally implausible: he is free to license his patents to whoever wants to license them, but this theory does not state a viable antitrust claim. To the extent Plaintiff's actual purported injury is patent infringement, the Court addresses that claim below.

**B.   Plaintiff fails to plausibly or adequately plead patent infringement.**

As in his prior cases, Plaintiff "fail[s] to include factual allegations beyond the identities of the defendant[], reference to the alleged infringing devices, and the alleged infringed-upon patents." *Golden v. Apple,* No. 20-cv-04353-JD-KFM, 2021 WL 5074739 at *2, *aff'd as to this holding*, No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022). The complaint lists two illustrative claims, without explaining what product made by Qualcomm supposedly infringes, or how. Compl. ¶¶ 86-88. Plaintiff references his complaint in *Golden v. United States* for the premise that Qualcomm "had an opportunity" to show that certain claims were invalid, but "failed

4

to appear." *Id.* ¶¶ 84-85. That is irrelevant, and does nothing to adequately put Defendant on notice of his theory of infringement. Nor does a claim chart regarding a GM product, *id.* ¶ 107, or a multi-hundred page claim chart concerning Samsung products, Dkt. No. 1-7, adequately state a claim.

Plaintiff also fails to adequately plead contributory or induced infringement. As for contributory infringement, Plaintiff fails to plead any of the elements of that offense: (1) selling a device capable of infringing the patent, which is not suitable for substantial non-infringing use; (2) with knowledge that the infringing device was especially adapted for use in an infringement of such patent; and (3) actual infringement by another. *Golden v. Intel*, 2022 WL 17735388 at *2. For example, Plaintiff fails to plead facts plausibly supporting a claim that the Snapdragon chipsets or Snapdragon ride platform do not have other noninfringing uses. *See Uniloc U.S.A., Inc. v. Logitech, Inc.*, No. 18-cv-01304, 2018 WL 6025597 (N.D. Cal. Nov. 17, 2018) (granting motion to dismiss where plaintiff "fail[ed] to provide factual underpinnings for its allegations that there are no substantial noninfringing uses of the accused devices"). Similarly, as to induced infringement, Plaintiff fails to allege facts plausibly supporting an inference that Qualcomm purposely induced another party to infringe any patent. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) ("For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.") (citation and internal quotation marks and brackets omitted).

### C. Plaintiff fails to plausibly plead unjust enrichment.

Because Plaintiff fails to state a claim for either direct or contributory infringement, he also fails to state a claim for unjust enrichment. *See Golden v. Intel*, 2022 WL 17735388 at *3.

### D. The complaint is dismissed as frivolous without leave to amend.

As noted above, Plaintiff's claims have almost uniformly been dismissed in jurisdictions around the nation, often without leave to amend. *See Golden v. Intel*, No. 22-cv-03828-NC, 2022 WL 17735388 (N.D. Cal, Nov. 22, 2022); *Golden v. Apple Inc.*, No. 19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), *aff'd*, 819 Fed. App'x. 930 (Fed. Cir. 2020) (affirming dismissal

5

"not on the basis of duplicity, but on the ground of frivolousness"); *Golden v. Apple Inc.*, No. 20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021), *aff'd*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022); *Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021), *aff'd*, No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022); *Golden v. Google, LLC*, No. 21-cv-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021); *Golden v. Apple*, 22-cv-04152-VC (N.D. Cal. Oct. 20, 2022).

The same result is warranted here: ultimately, Plaintiff has repeatedly shown that he is not capable of pleading these sprawling and repetitive claims against Qualcomm in a manner that satisfies the basic requirements of federal pleading, such that granting leave to amend under these unusual circumstances would be futile. In particular, given what has already been pled, including the complaint's very heavy reliance on the district court's reversed findings in *F.T.C. v. Qualcomm*, no amendment of the antitrust claim at the core of the complaint could cure the fundamental problem that Plaintiff does not have antitrust standing. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (finding that leave to amend is only warranted "if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint"). And Plaintiff's infringement claims against Qualcomm repeat, either directly or in substance, claims previously found more than once to be frivolous. Accordingly, this is the rare case in which dismissal without leave to amend is warranted on the first round motion to dismiss.

## III.  CONCLUSION

The motion to dismiss the complaint is **GRANTED WITHOUT LEAVE TO AMEND**. All pending motions, Dkt. Nos. 15, 22, 34, and 46, are denied as moot. The Clerk is directed to enter judgment against Plaintiff and in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated: 3/15/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge