1    Joseph John Stevens (CA Bar No. 242495)
     jstevens@pattersonsheridan.com
2    50 W. San Fernando Street, Suite 250
3    San Jose, CA 95113
     Tel: 650-384-4418
4    Fax: 650-330-2314

5    B. Todd Patterson (*pro hac vice*)
     tpatterson@pattersonsheridan.com
6    John A. Yates (*pro hac vice*)
     jyates@pattersonsheridan.com
7    Kyrie K. Cameron (*pro hac vice*)
     kcameron@pattersonsheridan.com
8    24 Greenway Plaza, Suite 1600
     Houston, Texas 77030
9    713-623-4844 | 713-623-4846
     *Attorneys for Defendant*
10   *Qualcomm Incorporated*
11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                        OAKLAND DIVISION

15

16   LARRY GOLDEN,                          Case No.: 4:22-cv-03283-HSG

17           *Pro Se* Plaintiff,            **DEFENDANT'S OPPOSITION TO
                                            PLAINTIFF'S MOTION FOR
18   vs.                                    RECONSIDERATION**
                                            [Filed concurrently:  Proposed Order; Proof of
19   QUALCOMM INC.,                         Service]

20           Defendant.                     Date:        Unnoticed by Plaintiff
21                                          Time:        Unnoticed by Plaintiff
                                            Courtroom:   Unnoticed by Plaintiff
22

23

24

25

26

27
     ───────────────────────────────────────────────
28   DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
     CASE NO.: 4:22-CV-03283-HSG

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Qualcomm Incorporated ("Qualcomm") hereby opposes Plaintiff's Motion for Reconsideration ("Motion") and later filed Memorandum of Law in Support of Plaintiff's Motion for Reconsideration ("Memorandum"). Nothing in Plaintiff's Motion nor Memorandum changes the fact that Plaintiff's claims are frivolous and not plausibly pleaded.

**I.      Plaintiff Fails to Establish Why His Claims Should be Reinstated**

Plaintiff's Motion and Memorandum in support thereof are merely an attempt to re-litigate arguments and to express Plaintiff's displeasure and disagreement with the outcome of this lawsuit rather than a real attempt to explain why this Court should reinstate his frivolous and deficient claims. Plaintiff's Motion for Reconsideration fails procedurally and substantively.

*First*, Plaintiff fails to identify any Rule under which his Motion is brought. Plaintiff's failure is unsurprising because the Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *See Evolutionary Intelligence, LLC v. Sprint Nextel Corp.,* No. 13-cv-04513-PJH, 2019 U.S. Dist. LEXIS 78882, at *3 (N.D. Cal. May 9, 2019). While a party can seek leave to file a motion for reconsideration of an **interlocutory order** under Local Rule 7.9, such reconsideration is inapplicable here since the Court entered Judgment in Qualcomm's favor.

*Second*, Plaintiff fails to identify or analyze any applicable test or rule that would warrant reinstating his frivolous claims. Instead, Plaintiff largely rehashes the same arguments that previously failed to persuade this Court—including failing to once again recognized that *FTC. v. Qualcomm* was overturned. *See* Dkt. 51, at 11-13. Repetition does not transform frivolous claims into non-frivolous ones. Furthermore, a motion for reconsideration is not an appropriate vehicle to re-litigate issues. *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (affirming dismissal of motion for reconsideration that was denied for reiterating previously raised arguments). Plaintiff's real basis for the motion is his disagreement with this Court's ruling—which is simply not a valid basis for a motion for reconsideration. *Lenk v. Monolithic Power Sys., Inc.*, No. 20-cv-08094-BLF (HSG), 2022 U.S. Dist. LEXIS 199668, at *2 (N.D. Cal. Nov. 2, 2022) (A "[p]laintiff may disagree with the Court's conclusions, but that is not a basis for reconsideration"). Plaintiff falls well short of meeting his burden to establish why his frivolous claims should be reinstated. The Motion

should be denied for this reason.

To the extent Plaintiff seeks to raise a new issue, any such arguments are waived. *Baker v. Walker*, No. 2:08-CV-01370-KJD-PAL, 2011 U.S. Dist. LEXIS 103798, at *3-4 (E.D. Cal. Sept. 13, 2011) (denying motion for reconsideration that contained arguments raised in prior briefing and new arguments that could have been raised earlier). Plaintiff has been given so many bites that the apple has long gone to seed.

Unfortunately, Plaintiff's displeasure with the outcome leads him to make scandalous and unsubstantiated allegations against a Federal Magistrate Judge and this Court that Qualcomm will not dignify by repeating here. Dkt. 51, at 2-3. A *pro se* litigant is given latitude, but is not immune to Rule 11. These allegations clearly cross the line. Plaintiff also poses irrelevant rhetorical questions and asks the Court to directly engage the scandalous allegations. Dkt. 51, at 2, 3, 5, 9, 10, 14. These questions (or any answers there to) cannot cure the deficiencies of the Complaint. Plaintiff's Motion and Memorandum are less about convincing the Court to reinstate his claims under an applicable standard than it is about trying to convince himself that the Court is part of the imagined conspiracy against him.

Plaintiff's Motion and Memorandum are simply an attempt to re-litigate issues presented to the Court and should be treated as such. To the extent the Court treats the motion under Rule 59(e), the Motion should be denied because Plaintiff failed to show an intervening change in the law, new evidence, a need to correct clear error, or why altering the judgment would prevent manifest injustice. *See Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). To the extent the Court treats this Motion under Rule 60(b), the Motion similarly fails to meet the applicable test outlined by the Rule. Plaintiff has failed to show "mistake, inadvertence, surprise or excusable neglect" or introduce newly discovered evidence. Fed. R. Civ. P. 60(b)(1)-(2). Nor does Plaintiff establish "fraud," that the judgment is void or satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3)-(6). Under any analysis, the Motion should be denied.

**II.      Conclusion**

Plaintiff has failed to establish any basis to reconsider his frivolous claims or why he adequately pleaded a claim.  The Court should treat this motion for what it is—an attempt to re-litigate arguments and express displeasure at the outcome—rather than a motion under Rule 59 or Rule 60.  Even under Rule 59 or 60, Plaintiff fails to allege any reason for reconsideration.  The Court should deny this Motion.

DATED: March 31, 2023                    Respectfully submitted,

                                         PATTERSON + SHERIDAN, LLP

                                         By: */s/ John A. Yates*
                                         _____
                                         John A. Yates (*pro hac vice*)
                                         jyates@pattersonsheridan.com
                                         B. Todd Patterson (*pro hac vice*)
                                         tpatterson@pattersonsheridan.com
                                         Kyrie K. Cameron (*pro hac vice*)
                                         kcameron@pattersonsheridan.com

                                         24 Greenway Plaza, Suite 1600
                                         Houston, Texas 77030
                                         713-623-4844 | 713-623-4846

                                         Joseph John Stevens (CA Bar No. 242495)
                                         jstevens@pattersonsheridan.com

                                         50 W. San Fernando Street, Suite 250
                                         San Jose, CA 95113
                                         Tel: 650-384-4418
                                         Fax: 650-330-2314

                                         *Attorneys for Defendant*
                                         *Qualcomm Incorporated*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
Case No.: 4:22-CV-03283-HSG